IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY
TALLAHASEE, FLORIDA

TIMOTHY ALAN CONNELL, DOC # T11890

    Petitioner,

VS.                              CASE NO.: 2022 CA000796

CENTURION OF FLORIDA. MEDICAL HEALTH CARE PROVIDERS; OFFICIAL AND INDIVIDUAL CAPACITY;
Former Florida State Prison Site Medical Director Gonzalas Espino, M.D. Individual capacity;
THOMAS COOPMAN; Individual capacity,
Physician Medical Doctor Assistant IBE; Individual capacity
    Respondents,

LEGAL MAIL
Provided to Florida State Prison on
5/12/22 for mailing by TD

PETITIONERS SWORN DECLARATION
28 U.S.C §§1746  42 U.S.C.S.
STATE § 1983 CIVIL RIGHTS COMPLAINT
TORT MEDICAL MALPRACTICE &
NEGLIGENCE FORM
"ENTITLEMENT TO RELIEF & DAMAGES"
REQUEST FOR DEMAND FOR JURY TRIAL

I,                    PARTIES!

PLAINTIFF PETITIONER!  Timothy Alan Connell   DOC # T11890
      Address:        Florida State Prison
                      Post office Box 800
                      Raiford, Florida  32083
Dep't of correct. # T11890

2022 MAY 12  AM 11:36

1 OF 114

Defendant(s) Respondents:

II.  Defendant:  Centurion of Florida Health Care Providers.
     Address:  Centurion of Florida
               1203 Governors Square Blvd.  Suite 600
               Tallahassee, Florida  32301
     Official Postion: Private Contractors Medical Health Care Providers
     Sued in their Official and Individual capacity

III.  Defendant:  Gonzalas Espino
      Address:  Florida State Prison
                Post office Box 800
                Raiford, Florida 32083
     Official Postion: Former site Medical Director Medical Doctor.
     Sued In his Individual Capacity.

IV.  Defendant:  Thomas Coopman
     Address:  Dade Correctional Institution
               19000 S.W. 377th Street
               Florida City, Florida  33034
     Official Postion: CAPtain Correctional officer
     Sued in his Individual capacity

V.  Defendant:  Physician Assistant IBE
    Address:  Florida State Prison
              Post office Box 800
              Raiford, Florida  32083
    Official Postion: Physician Assistant to Gonzalas Espino.
    Sued in her Individual capacity

(Previous Laws & other filings)

also dismissed for failure to prosecute.

1. Connell vs. Florida Department of Corrections, Case No.: 2021-CA1746 (voluntarily dismissed)

2. Connell vs. Centurion; Coopman, Espino; Case No.: 21-1939OCA01 (voluntarily dismissed)

3. Connell vs. Centurion; Coopman, Espino; Case No.: 1:21-CV-24136-AMC (voluntarily dismissed)

4. Connell vs. Centurion, Coopman, Espino; Case No. 3:22-CV-269-BJD-PDB filed march, 2022 still pending in United States District court, Middle Dist. Fla. Jacksonville Division.

5. Connell vs. Perez, Flores, Gonzalas, Case No.: 1:22-CV-21219-JEM, pending in Southern Dist. Miami Division, Excessive force Chemical agents, Excessive exposure to SPABurn 1st degree burns.

6. Connell vs. Poynter, CaseNo.: 8:19-CV-668-KKM-CPT, Dismissed by Judge for failure to State a claim I believe?

7. Connell vs. Dade C.I. officials for denial of protective measures. (Voluntarily dismissed)

8. Connell vs. Tate, 3:10-CV-221-J-20-20JRK, middle Dist. of Florida Jacksonville Florida Div. (Seattlement reached. 2012)

9. Connell vs. H.L. Corrasquillo, etal. 3:10-CV-005237-UAMH-JRK, Middle Dist. Jacksonville Division (2012 Seattlement reached.)

10. Connell vs. Gielow, 2012 U.S. Dist. N.D. Fla. Dismissed (don't remember why)

11. Connell vs. Tucker, 2012; 2011 U.S. Dist. Northern Dist. Lexis 129335 N.D. Fla. Nov. 8, 2011) (class action filed not accepted as class) voluntarily dismissed)

12. Connell vs. Swain, 3:10-CV-730-TJC-MCR, dismissed for failure to provide all previous lawsuits, failure to state a claim, (I believe) not sure.

✻ May have forgot one, this all I remember.

Plaintiff has not filed any frivolus claims, malious claims, only claims been dismissed is for failure to state a claim and voluntarily dismissed for wanton failure to prosecute. Plaintiff has filed a mandamus or two.

I hereby Certify under penalty of purjury that the following is true and correct under penalties of purjury 28.U.S.C. §1746 to the best of my knowledge and ability.

Sincerely Submitted   _____ # T11890

(INJURIES)

See medical Records attached, but the extent of injuries is not exhaustive, see Complete medical file and Ear, nose, throat specialist exam on 4/25/2022 at "RMC" Reginal medical center.

1. plaintiff sustained the following injuries to left ear, ear drum and surrounding area's, which caused the permanat damage and hearing lost.

A. Perforated, left tympanic ruptured membrane injury to left ear.

B. Chronic pain, head aches, blurred vision, dizzness.

C. Permeanat hearing lost in left ear.

D. Scheduled for surgery to repair tympanic membrane which according to doctors E.N.T. has a hole and needs patched to cover hole. Erosion, deteriating.

E. mental and Emotional durress, anxity, stress, Night mares and flash backs.

F. lost of monetary value of filing fees, postage, lien, legal copies.

G. Cost of rights, privileges,

H. Plaintiff has burning, stinging, ringing in left ear caused by Excessive force and Ear drops which exacerbated injury. Numbness in left fingers and back of rib cage.

Respectfully Submitted! _____ #T11890

3A CONTINUED SEE ALSO CLAIMS/FACTS
Attached, Exhibit(s).

## II. Basis for Jurisdiction        Continuation from Pg. 3 OF

**B.** Under 42 U.S.C. §1983, You May Sue State or local officials for the "deprivation of any rights, privileges, or immunities Secured by the Constitution and [Federal laws]" 42 U.S.C. §1983. If you are Suing under Section 1983, what federal Constitutional or Statutory right(s) do you claim is/are being violated by state or local official?
                See attached Claims for relief/causes of action. Pg. 5-34

**1.**                 INTRODUCTION COMPLAINT WITH JURY DEMAND

    This is a civil rights action filed by Timothy A. Connell, Doc# T11890, for damages and injunctive relief under 42 U.S.C. §1983, Alleging excessive force; denial, delay; imped; frustrate; intentionally delay, and or provide grossly negligent medical care, in Violation of the Eighth Amendment to the United States Constitution; Florida Constitution, Florida Administrative code; Florida Statues; The Plaintiff also alleges the torts of assault and battery and negligence under Florida tort law in which plaintiff invokes Supplemental jurisdiction over plaintiff's state law tort claims.

### JURISDICTION

1. The Court has jurisdiction over the plaintiff's Claims of federal Constitutional rights under 42 U.S.C. §§ 1331(1) and 1343, AND Florida Constitutional Violations

2. The Court has Supplemental jurisdiction over the plaintiff's State law tort claims under 28 U.S.C. §1367, for Medical Mal practice and Negligence which was the aproximate cause of Petitioner's pain & Suffering; Injuries.

### PARTIES

1. The Plaintiff, Timothy A. Connell, Doc# T11890 Was incarcerated at Dade Correctional Institution and later transferred to Florida State Prison Where he currently resides during the events described in this complaint.

## PARTIES CONTINUED

2. Defendant CENTURION MEDICAL FLORIDA HEALTH CARE PROVIDERS ETAL., Are Private Contractors upon information and or belief hired by the State of Florida & Subdepartment FLORIDA DEPARTMENT OF Corrections herein after. "CENTURION" & "FDOC" collectively during the events described in this complaint. CENTURION MEDICAL HEALTH CARE PROVIDERS, duty and obligation Contract is to provide medical care to prisoners such as plaintiff, and they are being Sued in their Individual & official Capacity.

3. Defendant Gonzalas Espino, is a medical Doctor and at the time described herein was the Florida State Prison site medical Director and is in Charge of the supervision and provision of providing inmates, Prisoners at Florida State Prison medical care and scheduling outside appointments, consultations outside the prison such as appointment to a Ear, Nose and throat specialist treatment or evaluation. He is sued in his Individual Capacity due to him being generally responsible for ensuring provision of medical care to plaintiff.

4. Defendant Thomas Coopman is a correctional officer Captain employed for Dade Correctional Institution and is/was responsible for the overall supervision of Inmate prisoner under his care at Dade Correctional Institution. He is being sued in his Individual Capacity.

5. All the named defendants have acted, and continue to act under Color of state law at all times relevant to this complaint.

6. Defendant Phycian Assistant IBE is employed for Centurion and Is in Charge of providing medical care to prisoner such as plaintiff, she is sued in her individual Capacity.

# CLAIMS FOR RELIEF

42. U.S.C. §1983, which provides:

> Every person who, under color of any statue, ordinance,
> regulation, custom, or usage, of any state or territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivations
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper proceeding
> for redress, except that in any action brought against a Judicial
> officer for an act or omission taken in such officer's judicial
> capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable. For the purpose of this section, any act
> of Congress applicable exclusively to the District of
> Columbia shall be considered to be a statute of the
> District of Columbia.

In plain English, this means that anyone whose rights under the
Constitution or federal statutes have been violated by state or local officials
can sue those officials under §1983. A plaintiff suing under §1983
must allege two "elements": "that some person has deprived
him of a federal rights" and that "the person who has deprived
him of that right acted under color of state or territorial law."

2. Rights, Privileges, or Immunities Secured by the Federal Law
   Section 1983 does not create any rights, It serves to enforce
   rights that already exist in the Constitution, or other provisions
   of Federal law. Federal statutes and regulations may be
   enforceable under §1983.

CAUSES OF ACTION / CLAIMS FOR RELIEF

A.   Defendants: CENTURION MEDICAL HEALTH CARE PROVIDERS

CAUSATION AND DIRECT PERSONAL INVOLVEMENT,

Defendants: Espino; Goodman; IBE, Acted under color of state laws:

1.   Defendants Centurion Medical Health care Providers is a
corporation; a private corporation for providing medical services
to prisoners such as plaintiff a Citizen, is being held liable
for their corporate policy, custom and practice and/or acts of
it's employees done pursuant to corporate policy, custom and
practice, Defendant Gonzalas Espino and physician Asst. IBE acts
and omissions while employed for Centurion Caused Aprox. of Injuries.

2.   Defendents Centurion medical Health care Providers are
Private Contractors employed by the Florida Department of
Corrections to provide medical care to plaintiff and was/is
acted under color of state law, at all times mentioned herein had
a Legal duty of due care, which they breached said duty but for Caused injuries.

3.   Defendants Centurion Medical Health Care Providers were,
"Generally, a Public employee privately contracted acts under
Color of State law' while acting in his official Capacity or
while exercising his responsibilities pursuant to state law;"
oweing petitioner due care, of care, custody and control; and safe Prison Conditions.

4.   Defendants Centurion Medical Health Care Providers while
acting under Color of state law in their discretionary duties
Subjected plaintiff to the deprivations of adequate- reasonable
Care, by their policy; custom or and practice of intentionally
delaying care; denying Consultations; and access to a specialist
such as Ear; Nose, and throat Specialist for treatment
Was delayed for aproximately 2¾ years for no justifyable
Penological Purpose. The delay; interference; Caused plaintiff
to suffer in pain unnecessarily in direct violation of
State/Federal STATUTES; Section 945.6037, Florida Statutes.
Procedure Number: 403.006, Procedure TITLE: SICK CALL PROCESS
AND EMERGENCIES, Responsible Authority: office of Health Services.

b. Persons, Defendant Centurion Medical Health Care Providers Causation and Personal Involvement:

Gonzalas Espino, M.D., Physician Assist. IBE, and Thomas Coopman Respondents:

1. This Court has jurisdiction over plaintiffs Claims of violations of Federal and State Constitutional rights, Federal Statutes, Florida Administrative Codes under 42 U.S.C. §§ 1331(a) and 1343.

2. The Court has supplemental jurisdiction over the plaintiffs State law tort Claims of Medical Malpractice & Negligence and assault & Battery Claims under 28 U.S.C. § 1367.

PARTIES:

3. The plaintiff a citizen of the United States, was incarcerated at Dade Correctional Institution & Florida State Prison, a Sub-department of the State of Florida during the events and deprivations described in this complaint.

4. Defendants Centurion Medical Health Care providers are Private Contractors, contracted by the State of Florida, and Subdepartment of The Florida Department of Corrections is directly responsible by Contract for ensuring provision of Medical care to prisoners, and citizens such as plaintiff Timothy Alan Connell DOC # T11890 year of birth 1983, and specifically for Providing plaintiff with adequate, reasonable medical care, such as care & treatment for said injuries resulting from misuse of force, Excessive Force resulting in ruptured-perforated tympanic Membrane, infections, surgery, and Specifically for scheduling and approval of Medical Appointments outside the prison such as "E.N.T." (Ear, Nose, and throat) Specialist, when a prisoner citizen such as plaintiff Connell, needs Specialized treatment or evaluation. Defendants Centurion are sued in their Official & Individual Capacities. Defendants Gonzalas Espino, M.D., Physician Assit, and Defendant Respondents are sued in their Individual capacities.

## CAUSES OF ACTIONS / CLAIMS FOR RELIEF CONTINUED:

ACA / CAC STANDARDS; 4-4346 AND 4-4403., Where additionally Violated by Respondents Centurion, Espino, IBE and coopman breach of duty; OWE Purpose: To establish guidelines for inmate access to health Care System and triage process, duty of care which they breached causeing Negligence, Malpractice and approximate but for caused serious injuries.

5. Defendants Centurion Medical Health Care Providers Violated plaintiffs Eighth Amendment Federal Constitutional Right under the United States Constitution when they subjected Plaintiff to the unnecessary wanton and infliction of unnecessary pain of the Cruel & and unusual punishment Clause; when for no penological, justifyable purpose by their policy, Custom, and/or practices, acts and omissions, failure to train, failure to protect, failure to intervene to plaintiffs serious medical needs of treatment and access to a specialized Ear, nose and throat specialist, delayed, intentionally denied, delayed Care, access to treatment when they Consistantly denied Consultations, referals to a Ear, nose, throat specialist when they refused to take reasonable steps necessary to abate and correct the inadequate gross care amounting to none, Defendants had actual knowledge of plaintiffs medical diagnosed perforated-ruptured tympainic membrane, by the various Numerous sick calls filed by plaintiff, by the numerous Informal, Formal Grievances, by the E-mails sent to Florida Department of Health; by the phone Calls made by family; they was put directly and indirectly on notice of plaintiffs serious medical needs, but they still failed to take reasonable steps neccessary to Correct the defencient treatment; deliberate indefference to plaintiffs serious medical needs Constituted Cruel and unusual Punishment under the Eighth Amendment and give rise to a Civil rights action under 42 USCS § 1983, regardless of whether

## CAUSES OF ACTION / CLAIMS FOR RELIEF CONTINUED:

the indifference was manifested by prison doctors in their response to the prisoners needs or by prison guards in intentionally denying or delaying access to medical care, or intentionally interfering with treatment once prescribed, their acts and omissions were the direct cause of petitioners pain, suffering and approximate cause of injuries.

6. The Cruel and unusual punishment Clause of the Eighth Amendment proscibes more than physically barbarous punishments; the Amendment embodies broad and idealistic Concepts of dignity, Civilized Standards, humanity, and decency, against which penal measures must be evaluated; Respondents violated said contract of due care, thus resulting into Medical Malpractice/Negligence

7. The Cruel and unusual punishment Clause of the Eighth Amendment is made applicable to the States by the Fourteenth Amendment, And Florida Constitution ARTICLE I, Declaration of Rights, Section 17, Section 2, Section 1, Section 9, Section 22, 26

8. Defendants Centurion Medical Health care providers by their acts and omissions policy, Custom and or practices Subjected plaintiff to deliberate indifference to his serious Medical needs, by their Medical Malpractice, and Negligence Caused punishments which are incompatible with evolving Standards of decency that Mark the progress of a maturing Society, or which involve the unnecessary and wanton infliction of pain, are repugnant to the Cruel and unusual punishment Clause of the Eighth Amendment, Art. I of the Florida Constitution and Florida Statutes; Florida Administrative Code, etc entitlement to relief.

9. The Cruel and Unusual punishment Clause of the Eighth Amendment proscribes punishments grossly disproportionate to the severity of the crime, and it imposes Substantive limits on what can be made Criminal and punished.; See also Art. I, Section 2, 17, 22, 26, Section 5 of the Florida Constitution.

## CAUSES OF ACTION CLAIMS FOR RELIEF:

10. Elementary principals of the cruel and unusual punishment clause of the Eighth Amendment establishs the government's obligation to provide medical care for those whom it is punishing by incarceration, ART I Declaration of Rights Florida Constitution is Invoked in Art. I., section 5, 17, 22, 26.

11. At common law, the public is required to care for the prisoners who cannot, by reason of the deprivation of his liberty, care for him self.

12. Defendants Centurion Medical Health Care providers, further violated Florida State Constitution Article I. Declaration Of Rights Section 2. Basic Rights, All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the right to enjoy life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property. No person shall be deprived of any right because of race, religion, national origin, or physical disability.  And;

13. Defendants Centurion, Thomas Coopman & Phycian Assistant IBE, and Florida State Medical Director Gonzalas Espine violated the Florida Constitution Article I. Section 17. Excessive punishments; which States
... Excessive Fines, cruel and unusual punishment, attainder, forfeiture of estate, indefinite imprisonment, and unreasonable detention of witnesses are forbidden. The prohibition against cruel or unusual punishment, and the prohibition against cruel and unusual punishment, shall be construed in conformity with decisions of the United States supreme Court which interpret the prohibition against cruel and unusual punishment provided in the Eighth Amendment to the United

## CAUSES OF ACTION CLAIMS FOR RELIEF:

States Constitution.

Article I, Section 21. Access to Courts; Florida Constitution:

The Courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.

Plaintiff petitioner request entitlement to relief pursuant to Article I, Section 26, Claimant's right to fair compensation, states:

(a) Article I, Section 26 is created to read "Claimant's right to fair compensation." In any medical liability claim involving a contingency fee, the claimant is entitled to receive no less than 70% of the first $250,000.00 in all damages received, by the claimant, exclusive of reasonable and customary costs, whether received by judgment, settlement, or otherwise, and regardless of the number of defendants, The claimant is entitled to 90% of all damages in excess of $250,000.00, exclusive of reasonable and customary costs and regardless of the number of defendants. This provision is self-executing and does not require implementing legislation.

A.                    SYNOPSIS  STATEMENT OF FACTS
                         CLAIMS FOR ENTITLEMENT OF TO RELIEF:
                         USE OF FORCE RULE MAKING AUTHORITY

1. Chapter 33-602.210., Florida Administrative Code;, 944.09 Florida Statue Law Implemented 776.012, 776.06, 843.04, 943.1717, 943.1735, 944.35, 945.025, 945.04, 975.05 F.S.;

DEFENDANT THOMAS COODMAN USED EXCESSIVE FORCE/CAUSED APROX. INJURIES

(1) Definitions.

(a) Controlled Conditions ~ Circumstances in which the inmate upon whom force would be used is secured in a cell, shower room, recreation enclosure, isolation management room, or similarly secure setting, and not causing, or posing a threat of, any harm to themselves or others.

(M) Institution — Any "State Correctional institution" as defined in Section 944.02, F.S., or "Private Correctional Facility" as defined in Section 944.710, F.S.

(S) Organized Use of Force — Any force that may be administered to control, escort, or geographically relocate an inmate, or to quell a disturbance in controlled conditions, when the application is not necessary to prevent a hazard to any person.

(t) Procedural Violation — A violation of any rule, procedure, or training that is not related to the type or amount of force used and is not criminal in nature.

(X) Reactionary Use of Force— Any force that must be administered quickly or immediately to compel the cessation of an inmate's violence or resistance to a lawful order.

(Y) Reasonable Force — Any force that is authorized, consistent with current training, and appropriate for the purpose of protecting oneself or another or for gaining an inmate's compliance to a lawful order.

USE OF FORCE RULES - STATEMENT OF FACTS / CLAIMS CONTINUED.

(2) Authorization to Use Force

(a) The following authorization to use force is subject to every other provision of this rule. Department staff, and staff of a Department Contractor who are responsible for supervising inmates, are authorized to apply force on an inmate [only] when they reasonably believe it to be necessary to:

1. Defend himself, herself, or others against imminent or already occurring unlawful force;

2. Prevent a person from escaping from an institution when the staff member reasonably believes that person is lawfully detained in such institution,

3. Gain custody of an escaped inmate,

4. Prevent damage to property,

5. Quell a disturbance,

6. Overcome an inmate's physical resistance to a lawful order,

7. Prevent an inmate from inflicting any self-injury or from attempting to commit suicide, or

8. Restrain an inmate to permit the lawful administration of medical treatment under the supervision of a physician or his or her designee when treatment is necessary to protect the inmate from self-injury or death, or to protect the health of others.

Defendant respondant Coopman punched petitioner (6) times causing permenant injuries. Defendant Respondent Thomas Coopman violated said rules, using Excessive force upon petitioner

CAUSES OF ACTION - STATEMENT OF FACTS - CLAIMS CONTINUED:

(b) Force is necessary [only] when it would be unreasonable to pursue other means of attempting to achieve one of the objectives listed in Paragraph (2)(a). Force is an option of last resort, to be used only after non-force options have been attempted and were ineffective or when the circumstances reasonably preclude attempting or continuing non-force alternatives to achieve one of the objectives listed in paragraph (2)(a).

(c) Any force used must be reasonable, lawful, consistent with current training, and of the minimum amount necessary to achieve one or more of the objectives listed in paragraph (2)(a).

(d) The custodial grasp is not a use of force.

(e) Verbal abuse alone is not a sufficient basis to authorize the use of force.

(3) Determination of Method of Force. If a Department Staff Member, Department Contractor Staff Member, or private correctional facility staff member determines that force should be used, he or she must determine which method of force to use or seek to use. The person pursuing the use of force should pursue any method of force that is lawful and that he or she reasonably believes, based on training and experience, is consistent with Department rules and is most appropriate under the circumstances.

(4) Use of Force - General and Miscellaneous Provisions.

(a) Many of the guidelines and restrictions for the use of force set forth in this rule pertain only to a specific method of force, and sometimes to only the reactionary or organized use of such a method. However, where applicable, the provisions of this subsection apply to the use of force generally.

CAUSES OF ACTION - STATEMENT OF FACTS · CLAIMS FOR RELIEF ·

(b) Miscellaneous Use of Force Protocol.

1. Any use of force shall cease whenever an inmate complies with lawful orders or ceases the behavior which justified the use of force.

2. Use of force shall not be applied for punishment. Physical restraints such as hand cuffs, leg irons, flex cuffs, and other such devices shall only be used for restraint purposes and not for punishment.

3. Inmates shall not be carried, dragged, or lifted by restraints devices.

4. On-duty correctional officers who observe another officer engaging or attempting to engage in excessive use of force against an inmate has a duty to intervene.

A. When such intervention is reasonable based on the toltality of the circumstances and the observing officer may intervene without jeopordizing his or her own health or safety, he/or she will intervene to end the excessive use of force or attempted excessive use of force.

b. When an officer's attempts to intervene fail to end the excessive use of force or attempted excessive use of force, the intervening officer will immediately notify the officer in charge and call for assistance from additional correctional officers.
Respondent Thomas Coopman used excessive force for no justifyable penological purpose

5. Hands-on force shall not be used if injury is less likely to occur by using chemical agents, specialty impact munitions, or EIDs.
Coopman used unnecessary force without need or provokation causing permanant injuries.

(c) Video Recording Protocol. Thomas Coopman violated all rules of use of force. Failed to video record, failed to obtain approval, failed to provide medical care or:

1. General.

STATEMENT OF FACTS   CLAIMS FOR RELIEF CONTINUED:

3. Video recordings of all use of force incidents shall continue uninterrupted from commencement of recording until the situation is stable and under control and the inmate is placed in a secure cell or transport vehicle for transfer.

4.   Post-Use of Force. Respondent failed to obtain medical care/evaluations: Coopman deprived Petitioner medical care.

3. Video recordings of post-use of force medical exams shall be conducted through a window or at a distance in such a manner so as to provide the maximum amount of privacy needed for the exam and so as to limit the disclosure of inmate protected health information to the minimum amount necessary. The fact that the footage is taken through a window or at a sufficient distance is to keep communication between the inmate and medical staff confidential and to ensure that only the minimum amount of protected health information, e.g., visible injuries or lack thereof, is disclosed. Inmates involved in an organized use of force shall be video recorded continually until they have been placed in a vehicle for transportation or in a secure cell. Respondents Coopman failed to follow any and all of these protocols violating petitioners due process rights. Cts sec.

(9.)  Post-Use of Force Protocol.

(a) Reporting.

1. The warden or designee shall be notified immediately of the use of reactionary use of force upon the conclusion of the event giving rise to the use of a reactionary use of force incident.

2. Any time force is used, the staff member initially using force shall complete a Report of Force Used, Form DC6-230.

(c) Medical Attention Following Use of Force.

17 OF 114

a. When an officer knows of, it is otherwise evident that an inmate is injured or otherwise requires medical attention following a use of force, the officer must administer first aid or seek medical assistance, provided doing so is reasonable based on the toltality of the circumstances and can be accomplished without jeopardizing the officer's own health or safety.

b. Appropriate medical treatment shall be provided immediately or, in case of a riot or other man-made or natural disaster, as soon as possible following resolution of the riot or disaster.

Upon information and belief Defendant Thomas Coopman did not obtain prior approval to use force on plaintiff, nor did he have lawful justification, nor did he follow the protocol, procedures and rules and regulations governen the use of force of inmates, Coopman used force maliously and sudistically to cause harm without need or provokation.

## I.     CAUSE OF ACTIONS · STATEMENT OF CLAIMS
### FACTUAL ALLEGATIONS!
### GROUNDS FOR RELIEF
### COUNT ONE: EXCESSIVE FORCE

PERSONAL DIRECT CAUSE OF PETITIONERS PERMANENT INJURY BY THOMAS COOPMAN!

1. On July 29, 2019 @ 4:00 AM aproximately Defendant COOPMAN, THOMAS used Excessive and unnecessary force on plaintiff by punching him in the stomach (5) five times and (1) one time in the left ear while plaintiff was handcuffed restrained behind his back, done without provokation, done maliously and sadistically to cause harm, inwhich but for his acts and omission caused harm the unnecessary wanton and infliction of pain and suffering done departing from professional norms and practices, prudent professional standards Shocking the consions of a mature society force was done without justification which certainly offended common standards of decency, which violated plaintiff's Eighth Amendant Federal Constitutional right subjecting him to cruel and unusual punishment Clause, ART I, Sec 17.

STATEMENT OF FACTS - CLAIMS FOR RELIEF CONTINUED:

For SAID Deprivations of Rights, Petitioner Request Prayer for as Relief.

2. On July 29, 2019 @ 4:00AM while at Dade. Correctional Institution. Plaintiff was voluntarying in the dinning hall. Plaintiff was not allowed therefore was sent to the Captains office. The Captain on duty this day was Defendant Captain Thomas Coopman.

3. Plaintiff was told to go to the captains office. Upon arrival, defendant Coopman confronted plaintiff threaten to beat his ass for disrespecting him being out of his assigned area. Plaintiff got scard and walked out of his office in fear he may try to harm plaintiff. Coopman is Approximately 6'5", 280 lbs, petitioner 5'6", 130 lbs posed no threat.

4. Shortly thereafter. Captain Coopman exited his office in which the medical classifycation and Captains office is all attached in the same building. Defendant aproched plaintiff sitting in the waiting area and told him to turn around and submit to handcuff restraints. Plaintiff complied. This was captured on Pelco video surveillance in the medical holding area. Petitioner complied and followed all orders and instructions.

5. Plaintiff was escorted to the medical area, infirmary area where officer Thomas and nurse Marcell and officer Lester was told to conduct a precontinement physical on plaintiff that he was going to confinement for unauthorized area.

6. After sitting in a chair along the wall directly in front of the nurses and officers station which the infirmary unit all three was located within plain view where plaintiff sit. Inmates in the infirmary was up watching the news, some resting. They witnessed the entire incident of excessive force.

7. Plaintiff stood and asked defendant Coopman, Thomas, Lester "Sir let me go back to my dorm or take me to confinement because these hand cuffs are very uncomfortable.

8. Defendant coopman came walking down the hall towards plaintiff Defendant coopman and sergeant Miranda followed behind captain Coopman. Coopman aproched plaintiff standing lunged towards him Plaintiff was grabbed by his shoulder and punched (5) five times in his abdominal stomach area. Plaintiff tighten his stomach Musles up while being uppercuted. Plaintiff told coopman "You hit like a bitch". As soon as plaintiff told coopman that, defendant coopman Swung with a right hook. Violently and Visously Strikeing plaintiff's left ear directly knocking him up against the glass officers station wall.

9. The Impact Knocked plaintiff nearly unconsious, Plaintiff was in a daze, dizzy and Immediately begun seeing Stars and had blurred Vision and seeing black spots, his left ear poped, and begun ringing. Plaintiff begun to feel a warm sensation inside his ear like fluid or blood. Plaintiff was in extreme pain and was bleeding internally leaking out of his ear unknowth to him at that time. Plaintiff was immediately escorted out of the back fire exit door, coopman and Miranda escorted plaintiff petitioner to Foxtrot confinement dormitory.

10. The entire time inmates in the infirmary, watched the entire incident. The entire time nurse marcell, officer Lester and officer Thomas and sergeant Miranda stood by while captain Thomas coopman assaulted and battered plaintiff, failing to intervene and failing to protect.

11. Plaintiff requested to see medical personell in which defendant coopman refused. Escorted him to Foxtrot dormitory along with sergeant Miranda!

12. Plaintiff was walked in side the back door fire exit and placed in the down stairs holding cell shower. Plaintiff instead walked up the stairs. and kicked a roll cart over in pain. angry that defendant coopman beat him. The cart was small and was used to wheel a Juice keg or trays to feed the inmate prisoners at meals.

CLAIMS FOR RELIEF

11. COUNT TWO: DENIAL OF MEDICAL CARE  CAUSE OF ACTIONS
                    FACTS CONTINUED   MEDICAL NEGLIGENCE/MALPRACTICE.

13. Plaintiff complied to go into a upstairs shower by an uninvolved officer. Plaintiff was still handcuffed behind his back with handcuff restraints. Coopman told sergeant Exellant working Foxtrot confinement unit not to take off the handcuffs and not to take plaintiff to medical, plaintiff petitioner inside of his left ear drum was ruptured upon belief and bleeding inside which was very painful.

14. Defendant Coopman Violated Chapter 33-602.210 FAC., which governs the use of Force of inmates, due to defendant Coopman Violating policy and procedures, protocols, directives when he used unnecessary and Excessive force upon plaintiff done maliously and sadistically to cause harm and not done in a good Faith effort to restore order or maintain discipline nor done for any other penological reasoning, done without need or provokacation which but for caused the approximate of his physicall mental and emotional injuries. Plaintiff pose no threat while handcuffed behind his back, while plaintiff is 5'6", 130 lbs. Defendant Coopman is aproximately 6'6", 280 lbs with a Muscular build. The force used was unnecessary which departed from prudent professional standards, practices Shocking the Consiuns of a mature society and done without justifycation which certainly offended Common Standards of decency. Defendant also violated Florida tort of assault & battery, and placed petitioner in a serious zone of Risk which caused permenant damage/Injuries.

15. Defendant further violated Chapter 33-208.002(8), FAC., which provides "No employee shall willingly or negligently treat an inmate in a cruel and inhumane manner.

16. Defendant Coopman further violated Chapter 33-208.4(A), FAC., which provides No administor, warden, officer in charge, supervisor, or other employers Shall knowingly permit any Subordinate, inmate or other person to, nor Shall he commit any act or engage in any conduct which would Violate

any State Statute, rule, directive, or policy Statement.

17. Defendant Coopman Further Violated Institution Operating procedure 403.006(5)(B)(2) "SICK call - Emergency Procedure which States "All Emergencies, Inmate Self declared or referred, must be evaluated immediately. Plaintiff after he was physically assaulted by defendant was denied, delayed, Intentionally interfered with medical care While he Was bleeding internally which could have Cause death, Caused perforated - ruptured tympanic membrane which now requires Surgery and Permanent hearing lost.

18. Defendant directly violated ACA/CAC Standards: 4-4346 And 4.4403, State/Federal Statutes: Section 945.6037, F.S. (Florida Statutes).

19. As A direct cause of the Excessive use of physical force by defendant Coopman plaintiff Sustained permanent hearing lost to his left ear. Further plaintiff Sustained a ruptured tympanic Membrane which was Perforated as a direct result, See Medical body Exam of injuries, E.N.T. Doctor Confirmed/diagnosed Injuries on April 25, 2022.

20. Further due to the injury Plaintiff has to undergo Surgery to patch the hole and approximate of damage Caused by defendants Coopman unlawful assault and battery excessive force.

21. Plaintiff Was left in a Shower handcuffed behind his back and delayed and denied medical care by defendant Thomas coopman.

22. The Shower is used by Security stuff as a make shift holding cell. The Shower is nolarger than 7 x 3 feet wide, no where to sit only a Shower head is in there. Locked behind bars for a door with a pad lock.

23. Plaintiff for hours from approximately 4:00AM until 6:00PM was left in the shower with no medical treatment, no toilet facility.

### CLAIMS FOR RELIEF CAUSE OF ACTION

III.   COUNT THREE: SANITATION AND PERSONAL HYGIENE

#### FACTS CONTINUED

24. While in shower plaintiff had to urinate, and defacate. Repeatedly Plaintiff asked to be placed in a cell to use the restroom to no avail. Eventually plaintiff passed out from dizzyness and shell and pain.

25. Plaintiff urinated and defacated on himself while in shower due to the deprivation of basic human needs such as shelter, toilet facility and medical care.

26. For hours while still in handcuffs captured on pelco video/audio fixed wing surveillance cameras plaintiff was denied medical care, was denied access to toilet paper, toilet facility and means to clean himself, petitioner was forced to piss & shit on himself. Shocking prison conditions and cruel conditions.

27. Defendant Coopman and his subordinates deprived plaintiff of his basic human necessities done with deliberate indifference to his serious medical needs, and basic human needs in direct violation of the cruel and unusual clause of the Eighth Amendment to the Federal United States and Florida Constitution, shocking the consious of a mature society, departing from professional norms, standards and practices, certainly offending common standards of decency.

28. After a while in handcuffs plaintiff was awaken by his classifycation officers Ms. Joseph and other inmates yelling loudly

29. Plaintiff informed Ms. Joseph of the incident that transpired and she smelled the urine and feceases and told security to

27 of 118

get plaintiff some help. Plaintiff's handcuffs were removed and he was allowed to take a shower. He still was denied medical care.

30. Aproximately 6:00 pm plaintiff was finnally removed from the Shower and placed in a cell all the way in the back of dorm with Inmate Kishaun Allen whom is a witness. Plaintiff continued to feel sick and dizzy and continued to request medical to no avail. Kishaun Allen DOC# J49539, is a witness.

31. Plaintiff immediately passed out, lost consiousness from the pain and concussion. Inmate Kishaun Allen begun kicking the cell door as to gain the attention of Security staff and started yelling "Man down!" repeatedly untill Security arrived due to plaintiff laying on ground internally bleeding.

32. Captain McCloud arrived with officer perez and plaintiff was dazed and was waken up by Allen and Captain McCloud, plaintiff was taken directly to medical.

33. Plaintiff was escorted to Medical and seen RN Nurse Martinez (See Exhibit A01A) and Medical Doctor F. Papillon M.D., MPH, CHO of Dade CI.

34. As a direct cause of the Excessive use of force plaintiff left tympainin membrane was puffy red, with bleeding, the bleeding had stoped. His ear was perforated.

35. Plaintiff was prescribed a proscription of Amoxicillan 500 millergrams X 5 days and Follow up this exam was conducted at 1820 and 1840 pm on July 29, 2019.
(See Exhibits A01A - A01B Attached.)

23 of 114

36. Plaintiff from July 29, 2019 Was in Extrem pain and after the cycle of Antibiotic's he still felt pain and his ear leaked brown puss. He submitted a sick call and Filed a Grievance to Medical, Plaintiff was seen 8/27/19 by nurse LPN A. Kennedy (See Exhibit A01A)

37. Plaintiff was seen for sick call on 09-04-2019 @ 1200 by nurse C. Ferrer, LPN at Dade C.I. Nurse Ferrer assesed plaintiff and observed possible perforated ear drum, proscribed IBUPROFEN 600 Mg, Doctor L. Ginart, Medical Doctor also examed plaintiff and do to he's observation and assessment refered plaintiff to a "E.N.T." (Ear, Nose and throat specialist) (See Exhibit "A01C attached A01D")

38. Exhibits A01C, A01D is a Consultation to see ear specialist for examination and treatment signed on 9-4-19. By medical Doctor L. Ginart and E. Jean Baptiste medical doctors physician Reginal Medical Center "RMC".

39. Subsequently plaintiff was transferred to Florida State Prison on 09-25-2019. Plaintiff Submitted a grievance on 08-10-2019 to the warden of Dade Correctional Institution (See Exhibit A001) Log# 1908-463-042. Titled "Staff abuse". Sick Call 10-06-19

40. While at Florida state Prison plaintiffs ear was in chronic pain and leaking brown cerum. Plaintiff submitted a sick call, Plaintiff also Filed a Formal Grievance on 10-21-2019 (See exhibit A002) attached.

41. Plaintiff was called to sick call on 10/23/2019 and seen by Defendant Gonzalas Espino Florida State Prison Site Medical Director.

## CLAIMS FOR RELIEF - CAUSE OF ACTION.

IV.   COUNT FOUR : DENIAL OF MEDICAL CARE : DELIBERERATE
                 INDIFFERENCE TO SERIOUS MEDICAL NEEDS
INTENTIAL INTERFERENCE, IMPEDMENT; DELAY; DENIAL; NEGLIGENCE, MALPRACTICE;

42. On 10-23-2019 Plaintiff Was Escorted to medical and Seen
by Defendant Gonzalas Espino. Upon exam, defendant was
hostile and agitated towards plaintiff He quickly looked in
Plaintiffs right and left ear and stated " Nothing is Wrong
With you" Defendant was asked can he ask him some
questions, Defendant Espino stated "you dont ask questions
I ask all questions, get out your dune." Defendant
Further stated "Stop Filing grievances and sick calls
hasselling the medical Department nothing is wrong with you."
goute un gaute... The exam lasted nolonger than (2) minutes.

43. This day on 10-23-2019 Defendant Gonzalas Espino,
Florida state Prison Site Medical Director Discontinued
plaintiffs Consultation / Request submitted by LPN.
C. Ferrer, Medical Doctor L. Ginart and E. Jean Baptiete
Medical Doctor Physician "RMC" Whom referred plaintiff
to an Ear Nose and throat specialist. 2 3/4 years ago
            See exhibits A0IDE and Response to
Grievance log # 1910-205-160. Exhibits A0ID & A0IE
      Medical Ear doctor has been intentionally delayed.

44. Defendant Gonzalas Espino Knew, had actual knowledge of plaintiffs
ruptured perforated tympanic Membrane due to direct evidence of written
doctors L. Ginart; and LPN C. Ferrer; Doctor Honorable Cheif Health
Officer; F. Papillion M.D., MHP, CHO., Dade Correctional Institution.
Examinations, referals, dianoses, : Chronological Records of health.

45. Defendant Espino Was deliberate indifferent to plaintiffs serious
Medical needs when he intentionally interfered with treatment
once proscribed by other medical care professionals, Espino owed
petitioner a legal duty of care and he breached the duty.

46. Defendant Espino displayed direct evidence of deliberate Indifference, the acts or statements of prison personnel directly demonstrate an indifferent or hostile attitude towards plaintiff's medical needs.

47. Denial or delay of access to treatment. Defendants acts and omissions included interference with access to medical personnell such as an "E.N.T." Ear, Nose, throat specialist, and failure of Medical personnell to deal with Plaintiffs perforated ear in a timely manner, Constituted Negligence, Malpractice, Deliberate Indifference to his medical needs.

48. Denial of access to medical personnell qualified to exercise Judgment about plaintiff chronic inffected, perforated ruptured tympanic membrane, defendant Espino lacked qualifications or training to denie, delay, interfer with Specialized expertise Such as a "E.N.T.," for no justifyable reasoning, due to delay, intentional interefereence Caused Petitioner pain and Suffering.

49. Plaintiff Continued to Suffer Chronic pain daily, head aches, ear aches, and brown Cerum drainage from ear. Plaintiff Repeatedly Submitted Sick Calls after Sick Call, all to no avail by respondent Gonzalas Espino violating Contract of due Care.

50. On 6-25-20 plaintiff was seen by RN K. Cribb at Florida State Prison and She observed "Ear drum appears to be perforated" "See Exhibit A01F" attached. Qoute - Unqoute Emphasis original, as documented.

51. Plaintiff was proscribed Ibuprofen for pain and refered to a Audiologist on 6-25-2020.

52. Defendant Gonzalas Espino falsified documents and reports of consultation report allegilly stating "No drum perforation" on 10-28-19; last exam no drum perforation on 5-20-20.

53. On 6-25-20 RN K. Cribb contradicted his lies and false reports and told the truth of her observations of Plaintiffs injury concurring with L. Ginart, M.D., F. Papillion, M.D. M.H.P., CHO. and C. Ferrer, LPP, whom all observed perforated left ruptured tympanic membrane irritation, swelling, cerum, dried blood etc. (See Exhibits attached)

54. Upon Audiologist testing conducted 9-15-20 the test came back with a 2% hearing lost, not limited to

55. Plaintiff was seen again several times on 7-14-20 defendant Espino documented on Exhibit A01H Old dark brown "stuff" maybe cerum seen in the posterum, interior of the drum and continued to hold his position that plaintiff ear was [not perforated] (See Exhibit A01H)

56. Plaintiff submitted several grievances due to the ongoing denial, delay in care, false documents etc. Negligence/malpractice, Deliberate Indifference; impediment to E.N.T.

57. Plaintiff was seen again by RN K. Cribb on 3/7/21. Care still delayed by Espino, Medical Director.

58. Seen again by defendant Espino on 5-20-20 inwhich he falsifies documents further to save face "Seen on 5-4-20 no drum perforation" and stated he further observed some dark brown cerum blocking the membrane but no perforation. Note: can't flush ear due to ruptured membrane "can't see no perforation", — bleeding (See EX. A01K)

59. Plaintiff continued to suffer from pain and hearing lost and was seen by A.M. McCabe RN along

With defendant Espino whom he told her "aint nothing
wrong right," she then co-signed and agreed with him
falsifying documents (See. EX. A01L)

60. Plaintiff continued to file grievances. Denied care.

61. On 4-2-21 Plaintiff was seen by Espino and
physician assistant IBE and proscribed Neomycin
and polymyxin B Sulfates and Hydrocortisone otic
Solution, USP. Physican Reference Desk states this medicine is
not allowed - prohibited for patients with perforated tympainia Membrane.

62. Defendant Espino knew, had actual knowledge that plaintiff
membrane was ruptured due to direct knowledge he documented
on Chronological record (see. EX. A01K) "Can't flush ear
out due to "ruptured membrane" But still was reckless disregard
and Proscribed ear drops prohibited - Negligent Care, Causing damage—

63. Upon information and belief Ear drops are prohibited for
patients Such as plaintiff with an obvious ruptured tympainc
membrane and documented perforation. (See EXHIBIT           )

64. Defendant Espino was further deliberate indifferent for
Proscribing Ear drops that Specifies on the Warning Clinical
Pharmacology. "Patients being treated with ear drops containing
Neomycin should be under Close clinical observation due to it's
acidity, which may cause burning and stinging. Neomycin and
Polymyxin B Sulfates and Hydrocortisone otic solution should not
be used in any patients with a perforated tympanic Membrane." Quote-Unquote
emphasis original of Pharmacology medication Physician Reference Desk).

65. Plaintiff was given these ear drops and following the
advice of doctors administered drops in his ear and immediately
felt stinging and burning and unbearable pain upon belief this medicine
Caused permenant hearing lost, erosion, deteriation and extreme pain.

66. From that day forward plaintiff ear damage was exacebated, on a painful level and his hearing begun to deteriiate further. Plaintiff now need surgery to repair hole and damage caused.

67. From 9-4-2019 until April 25, 2022 plaintiff was delayed, impeded, intentionally denied access to a Ear specialist by defendants Centurion Medical Health care providers, whom were put on Notice of plaintiff injury, ruptured perforated ear via, Countless sick calls, grievances etc, consultations X5 were denied, returned for alternative treatment. Plaintiff consults to E.N.T. was rejected by Centurion, and Espino for 2 ¾ years!

68. On March 28, 2022 plaintiff was refered and seen by physician Collins and assistant physican whom further noticed irriation perforation and refered plaintiff to "ENT" again. Petitioner was placed on Antibiotics (5.) Five times, which is also prohibited which causes Auto Immune disease

69. Finnally after 2 ¾ years plus on April 25, 2022 plaintiff was transported to Reginal Medical Center and seen by Ear specialist whom looked in plaintiffs left ear and said Immediately "You have a bunch of dry blood in your ear"

70. The Ear specialist placed plaintiffs ear under a microscope cleaned most of the dry blood out and looked further and stated " Yes your ear is perforated."

71. The Ear doctor stated we are going to conduct a hearing test on You and then Preform surgery to place a patch over the hole in Your ear".

72. Plaintiff was advised he would return in a few weeks. Plaintiff has exhausted all administrative remedies (see Exhibits)

29 of 114

NEGLIGENCE/MALPRACTICE
TORT OF ASSAULT & Battery

## · CLAIMS FOR RELIEF ·

Plaintiff's Eighth Amendment Clause of Cruel and unusual punishment was violated by Defendants Coopman, Centurion, and Gonzalas Espino of The U.S. Const.

**A. COUNT ONE : EXCESSIVE FORCE / FAILURE TO PROTECT**
Caused unnecessary wanton infliction of pain

1. Defendant Thomas Coopman owed Plaintiff a duty of care to be free from assault & Battery and Excessive Use of Force. Defendant Coopman used excessive Force on plaintiff when he punched him in the Stomach and in the ear, done Without need or provocation, plaintiff was handcuffed behind his back and pose no threat. Plaintiff was punched, physically assaulted by Coopman for the sole purpose of Causing harm, done recklessly with great disregard as to if a injury occured or not, defendant was physically assaulted for no legitiment penological purpose done malliously and sadistically the Force that was used by Coopman was not done in good Faith, plaintiff was not disobying any lawful order. Defendant Coopman Violated the rules and regulations, rules, procedures and protocols of Use of force when he failed to obtain prior arrival from the warden befor useing force, nor did he place plaintiff on video camcordor before using force, nor did he perform a post use of force physical inwhich after force plaintiff was not seen by medical untill aproximately 14 hours later, Plaintiff acts and omissions Caused the aproximate of his injuries

**B. COUNT : TWO DENIAL OF MEDICAL CARE / DELIBERATE INDIFFERENCE**
2. Due to defendants Coopman acts and omissions Caused the aproximate of plaintiffs physical injuries of ear pain, hearing lost, ruptured perforated tympainic membrane, by the deprivations of medical care. Subjected plaintiff to deliberate indifference to his obvious serious medical needs when he knew plaintiff was physically injuried when he was physically assaulted by Coopman and repeatedly asked for medical treatment. Defendant further deprived plaintiff of the Basic human needs such as Shelter, toilet paper, toilet facilities when he was placed in a shower with no toilet paper, no toilet to use the bathroom for hours and was forced to urinate, defacate on him self, the acts and omissions of defendant Coopman had no justifyable penological

purpose, plaintiff asked repeatedly for medical care, to use the rest room, access to toilet, toilet paper, access to medical to treat plaintiff was denied, delayed, intentially denied, Causing plaintiff to suffer with pain bleeding internally which but for could have cause death and did cause serious permeant injury, hearing lost, Defendant Coopman breached his duty of care, custody and control and plaintiff request said relief for his actions of compensatory, nominal and punitive damages, for but for the delay, intentionally caused unnessary wanton infliction of pain, departing from norm, practices, procedures,

3. COUNT THREE: SANITATION AND PERSONAL HYGIENE, shelter, Medical care.

Plaintiff was deprived of Basic human needs such as toilet facility, toilet paper, shelter and medical care which had no penological justifycation, purpose, which certainly offened common standards of decency shocking prison conditions, shocking the consious of a mature society, departing from prudent professional norms, practices and procedures, causing inhuman conditions, degrading conditions, forcing plaintiff to urinate defecate on himself in handcuffs had no legitament penological purpose, caused the unnessary wanton infliction of pain.

CENTURION DIRECT NEGLIGENT / MAL PRACTICE CARE

4. The actions of Defendant Centurion Medical Health Care Providers in promulgating a policy, custom, practice or Procedure of delaying access to an Ear, nose and throat specalist for 2¾ years when they was placed on notice by plaintiffs several-countless sick calls request, Grievances complaints to Florida Dep't of Health, family calling and E-Mails sent to medical quality assurance, Centurion medical Health Care providers were deliberate Indifferent to plaintiff serious medical needs when they intentionally delayed, impeded Frustrated access to Ear specacialist by returning

referals and Consultations submited by L. Ginart, F. papillion, C. Ferrer, K. cribb, Collins; when plaintiff was refered for a ear specialist by Doctors, Nurses, access to ear Specalist was delayed, interbered, intentionaly failing to be seen and cured for for years by a ear specialist, gross negligent care amounting to none, Defendants Centurion had a policy, practice and or custom of delaying Care, intentionally, directly - indirectly denieying Consultations, access to proper care tailored to plaintiff particular need.

5. Once Seen by Ear Specialist on April 25, 2022 after almost 3 years E.N.T. specialist Confirmed Plaintiff infact had a perforated ruptured tympanic membrane, injury and needed surgery and hearing lost, permeanat damage, Defendant Espino, by intentionally delaying Care, interfering with access to proper treatment.

## MEDICAL NEGLIGENCE / MALPRACTICE

6. Defendant Espino, IBE in proscribing Ear drops, neamycin Hydro cortisone done with deliberate inditerent, recklessly discregarding plaintiff health or well being when they actually knew these ear drops would cause permanat hearing lost, further damage when upon the warning on the lable specifically states "DO NOT GIVE TO PATIENTS WITH A perforated tympanic membrane, due to acidity, stinging burning, permant hearing lost, Defendant Espino was further deliberate Inditerent when he fasified documents, reporsts, medical records, covering up injury when he actually had knowledge of plaintiff physical injury but failed to take reasonable measures to abate it which Caused the approximate of hearing lost, pain, suffering

and permanat damage such as plaintiff now needs surgery to repair, fix, replace damaged ear.

7.    The acts and omissions of Centurion medical Health care providers by failing to act, failing to intervene, failing to act, to a known serious injury, serious medical need such as access to adequate medical care when they had actual knowledg via medical records, grievances, sick calls, E-mails, complaints filled with Department of health, lawsuit, Notice of Intent filed, Request for expert medical opinion, several referals and consultations submitted, they had have a policy, custom and practice of delaying care, denying care to a specialist when care was needed, by Centurion, Coopman's, and Espino recklessness disregard violated plaintiff Eighth Amentment to the Federal united States Constitution. Clause of Cruel and unusual punishment clause and violated Florida Constitution Article I section 17, and State and Federal Statutes. 944.09, 776.012 est esa ACA/CAC Standards 4-4346 - 4-4403  F.s. § 945.6037 Operating procedure 403.006 Sick call emergency protocols.

8.    But for defendants Centurion lack of due care, breach of duty and contract owed to plaintiff, and defendant Coopman using excessive force, Espino delaying, interfering when treatment once proscribed, by their acts and omissions caused the unnessary wanton infliction of pain and suffering violating the Eighth Amendment to the United States Constitution which for bids cruel and unusual punishment clause, departing from prudent professional standards, norms, practices, with out justifycation, nor without a penological purpose certainly offended

Common Standards of decency resulting in plaintiff permant injury was the but for aproximate cause of plaintiff physical mental and emotional Injuries, resulting in to assault and battery, gross negligence, deliberate Indifference Causing Injury, resulting in Medical Negligence, medical Malpractice, and was the aproximate Cause of Injuries. WHEREFORE as a direct result of defendants IBC, Centurion, Espino and Coopmans acts and Omissions in delaying Care, Excessive Force Cause the aproximate of injuries and plaintiff request Said relief, Pleader is Entitled to Said relief of Compensatory, punitive, nominal damages in this controversary.   Respectfully Submitted.

## RELIEF SOUGHT:

A. Pursuant to The Constitution of the State of Florida ARticle I, Section. 26 pleader is entitled to said relief for the Medical Negligency, Medical Malpractice, Excessive Force and deprivations of Shelter, toilet facility, and medical care, as for relief. Petitioner request Compensatory, punitive nominal damages

B. Award Compensatory damages in the following amounts:
1. Defendant Centurion in delaying Care, Negligence, interference, petitioner request Compensatory, punitive damages in amount of $75,000.00 for each violation, each claim, Jointly and severally against defendants:
2. Defendant Thomas Coopman for his Excessive use of Force and Causing petitioner permant damage, petitioner request $100,000.00 against him, punitive Compensatory nominal damages

C. Attorney's Fee's, Interest, Filing fee's, postage.
3. Defendant respondent Gonzalas Espino for panishment and deprivations medical Negligence, Malpractice and Emotional Physical Pain and suffering of $100,000.00 Jointly and severally

4. Defendant respondent physician assistant I.B.E, for following respondent in proscribing the wrong medicine eardrops causing sever pain, suffering, permanat hearing lost and damage award $5,000.00 dollars, for compensasatory, punitive damages.

5. Restore all lost gaintime credits therefore plaintiff can be released as soon as posible to him family since he has been incarcerated since he was (9) nine years old 1992.

6. Release petitioner to home detention.

7. Grant any other relief as it may appear that plaintiff is entitled to.

8. Transfer plaintiff close to home back to Zephrhills Correctional Institution.

Date: 5/2/2022

Respectfully Submitted: _Timothy Alan Connell_
Timothy Alan Connell
Doc# T11890
Florida state prison
Post Office Box 800
Raiford, Florida 32083.

## CERTIFICANT OF SERVICE

I HEREBY certify that a true and correct copy of the forgoing state § 1983 TORT state Action medical malpraction / Negligence was sent to the Honorable Clerk of Circuit Court 301 S. Monroe st. Tallahahassee, Fl. 32301 on this 2 day of May, 2022

Respectfully Submitted: Timothy A Connell

Timothy A. Connell
DOC # T18900
Florida State Prison
Post office Box 800
Raiford, Fl. 32083.

37 OF 114

E
X
H
I
B
I
T

A

EXHIBIT A 001- A012

A01A - A01M

38 OF 114

1st Case Visit to
medical at Dade C.I.
Injuries Documented

FLO

**DEPARTMENT OF CORREC...**
**OFFICE OF HEALTH SERVICES**
**DIAGRAM OF INJURY**

EXHIBIT A OIA



Date of occurrence __7/29/15__        Time of occurrence _____

Date injury assessed by medical __7/29/15__        Time injury assessed by medical __1820__

☐ No injury identified

Description of injury:

(L) TM puffy red— No active bleeding seen

F. Papillon, MD, MPH
SHO
Dade C.I.

Staff Signature _____

Inmate Name __Connell, Timothy__

DC# __T11090__        Race/Sex __W/M__

Date of Birth __12-29-83__

Institution __Dade C.I.__

This form is not to be amended, revised, or altered without
approval by the Director of Health Services- Administration.

Copies distribution:  White/Health Record   Canary/Inspector General   Pink/Warden or Asst. Warden

DC4-708 (Revised 10/07)

Incorporated by Reference in Rule 33-602.210, F.A.C.

39 OF 114

2nd Visit: Case 1:21-cv-BABC-AME  Document T-1  Entered on FLSD Docket 11/24/2021  Page 4 of 59
By Doctor L. Ginart refered to E.N.T.                    EXHIBIT A01C

**FLORIDA DEPARTMENT OF CORRECTIONS**
**Chronological Record of Health Care**

Allergies: Iodene, Seafood.

| DATE/TIME | |
|---|---|
| 8/29/19 1050 | seen by MH — M. Tamayo, M.H.P.   SEEN IN CONFINEMENT |
| 8/31/19 | Medication reviewed today  Z. Hernandez, RN   Dade C.I. |
| 9/4/19 1200 | Sick Call Referral  8/27/19 |

DOCTOR'S CLINIC
DATE: _____ TIME: _____
TEMP: ___ P ___ R ___ BP ___ WT ___

S: 36 y/o male with c/o of left ear pain after altercation where he received a blow, after an antibiotic cycle he does not feel improvement and ↓ hearing

O: General alert oriented NAD
VS: B/P 135/81 P 60 R 20 temp 98.4 Wt 133
Heent pupil reactive congruent vision
ear at normal no swelly left eardrum perforated.
Heart rd & rhythm
lung clear rex

A: Left Eardrum possible perforate post Trauma
Otalgia

P: ① Ibuprofen 600mg ＋ QO BID P/W #30 Co #4 for 10days
② ENT Referral  see DC4 702

Education Medication side effect. POA   Ginart, M.D.  Dade CI

Inmate Name: Connell Timothy
DC#: T11890    Race/Sex: BU/M
Date of Birth: Oct 29 1985
Institution:

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

DC4-701 (Effective 4/8/10)    Incorporated by Reference in Rule 33-602.210

40 OF 114

Case 1:21-cv-24136-AMC   Document 1-1   Entered on FLSD Docket 11/26/2021   Page 30 of 59

**FLORIDA DEPARTMENT OF CORRECTIONS**
OFFICE OF HEALTH SERVICES
CO___ RI/INFLUENZA SYMPTOMS PROTOCOL

EXHIBIT A01A

NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

| SUBJECTIVE: Date: 8/27/19 | Time: | Age: 35 | ☒ Sick Call ☐ EMID |

Allergies: _Iodine, Seafood_
Current Medications: _Lamictal_
Inhaler: ☒ No ☐ Yes → Rx: _N/A_
Medical Hx: ☐ Asthma ☐ COPD ☐ Smoker ☐ +TST ☐ Tonsils Removed ☐Other: _N/A_
Chief Complaint: _"My (L) ear drum is busted I can't hear out of it"_
How many days ago did symptoms first start? _1 month_  Onset of symptoms was: ☐ Gradual ☒ Sudden
   (The cold virus is contagious 1 day before symptoms and up to ~ 10 days after onset of sxs)
Was inmate in contact with someone with cold symptoms? ☒No ☐ Yes → Location: ☐ Dorm ☐ Work Assignment
   ☐ Class ☐ Chapel ☐ Medical Department ☐ Chow Hall ☐
   Other: _N/A_

Indicate pain level on scale of 0-10 on blank line next to symptom:
Current symptoms:
☐ Cough          ☐ Sore throat _N/A_
☐ Fever          ☐ Headache _N/A_
☐ Sinus pain _N/A_  ☐ Muscle aches _N/A_
☐ Itchy, watery eyes  ☒ Earache ___ ☒ Left ☐ Right ☐ Bilateral
☐ Hoarseness     ☐ Nasal symptoms → ☐ Runny nose ☐ Congestion
☐ SOB            ☐ Chest soreness with inspiration or cough _N/A_
☐ Sneezing       ☐ Fatigue, weakness
☐ Stiff neck (i.e., patient is unable to touch their chin to their chest)
☐ Difficulty swallowing due to throat swelling/constriction (NOT from pain)
Cough: ☐ Non-productive ☐ Productive→☐ Clear ☐ Yellow ☐ Green ☐ Grey ☐ Brown ☐ Bloody
If patient c/o sore throat, is fluid intake ☐ more than usual ☐ no change ☐ less than usual.

| OBJECTIVE: Temp: 97.0 Pulse: 66 Resp: 16 Blood Pressure: 136/84 O2 sat: 100 % Weight: 135 |
☐ 3 prev. weights w/dates 140 11/2/19 135 5/30/19 135.5 8/27/19
Blood sugar if patient is a diabetic: _N/A_
Does pt. appear to be SOB or in any respiratory distress? ☒ No ☐ Yes   Is audible wheezing noted? ☒ No ☐ Yes
If the answer is yes to either question, use "Respiratory/Shortness of Breath Protocol," DC4-683D, to assess the patient.
Ears: Complains of pain? ☐ No ☒ Yes → ☒ Left ☐ Right ☐ Both
Nose: ☐ Runny nose→ Discharge color: _N/A_      Nares → ☐ Inflamed, raw ☐ Crusted
Throat: ☐ Inflamed ☐ Pustules noted on throat  Patient able to open mouth wide open: ☒No ☐ Yes
Neck gland/s swollen: ☒ No ☐ Yes → ☐ Left ☐ Right ☐ Both

| FINDINGS REQUIRING IMMEDIATE CLINICIAN NOTIFICATION |
☐ Symptoms of influenza present
☐ Presence of cough for greater than 2 weeks WITH night sweats
☐ Unintentional significant weight loss (5%of body weight in 30 days, 7.5% in 60 days, or 10% in 180 days)
☐ Presence of stiff neck (inmate unable to touch chin to chest)
☐ Sensation of throat tightness/constriction and pt unable to swallow saliva (Note: many patients spit out their saliva
   because it hurts to swallow, NOT because of throat constriction)
☐ Patient unable to open mouth wide open
☐ Abscess noted upon throat exam
☐ Fever greater than 101°F (Fevers less than 101°F are common with adult URIs)
☐ Fever has occurred later in the illness, rather than in the beginning
☐ If only symptoms are sore throat and fever
☐ Severe ear pain
☐ Patient weak, lethargic, or just "looks ill" - - i.e., pt looks worse than someone with routine URI
☐ *Symptoms of dehydration due to decreased fluid intake due to sore throat pain; symptoms may include hypotension
   (BP less than 100/60), tachycardia (greater than 110), decreased urine output in the past 24 hrs, dry mucous membranes
   (mouth); skin tenting

A. Kennedy, LPN
Dade C.I.

INMATE NAME: _Connell, Timothy_
DC#: _T1890_  RACE: _B_  SEX: _M_    SIGNATURE AND STAMP/STATE title/position completing form
DATE OF BIRTH: _12-29-83_
INSTITUTION: _DCI_     RN OR CLINICIAN REVIEW:
DC4-683U (Revised 6/6/18)                Page 1 of 2
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

41 OF 114

*EXHIBIT A* ~~002~~ *001*

## PART B - RESPONSE

| CONNELL, TIMOTHY | T11890 | 1908-463-042 | DADE C.I. | F2105U |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Grievance has been received, reviewed, and a response is as follows:

Your request has been received in non-compliance with the Department of Corrections rules and regulations Chapter 33-103.014; Inmate Grievance Procedure.

In accordance with Chapter 33-103.014(1)(f) The inmate did not provide a valid reason for by-passing the previous levels of review as required or the reason provided is not acceptable.

The rule requires that you first submit your grievance at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of the informal grievance, nor have you provided a valid or acceptable reason for not following the rules.

No informal grievance was received from you for this particular issue. You must resubmit your request as an informal grievance by using form DC6-236 prior to submitting a formal grievance on form DC1-303.

You may resubmit your grievance in compliance with Chapter 33-103, Inmate Grievance Procedure, if upon receipt of this notification the filing is within time frames allowable.

Based on the above information, your grievance is RETURNED without action.

M. CORRALES, AW

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 08/12/2019 DATE |

Dade C.I.
Grievance Coordinator

AUG 12 2019

42 OF 114

*"STAFF ABUSE"*

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Assistant Warden
REC

AUG 1 2 2019

☐ Third Party Grievance Alleging Sexual Abuse   **1908-463-042**

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Connell, | Timothy | A. | TH890 | Dade C.I. |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

**PART A – Inmate Grievance**

I am By passing the informal Step due to the nature of this Complaint Pursuant to 33-103. FAC. In Suport I State the Following = on July 29th, 2019 @ 4:00 AM (aproximately) I was physically assaulted by Captain Coopman in medical, he punched me several times in the stomach and one time in the left ear bursting my ear drum. I can not hear out of my ear right now. It's been 17 days now and I am in constant pain and Can't hear.

Captain Coopman is in direct Violation of Florida Administrative Code 33-208. 002(8) which states in relevant part "no employee shall willingly or negligently treat an inmate in a cruel or inhumane manner. 33-208. 002(24) FAC states; that every employee has the responsibility to protect and safeguard the person of inmates. Rule 33-208(4)(A), FAC. states that no administrator, warden, officer in Charge, Supervisor, or other employens shall Knowingly permit any subordinate, inmate or other person to, nor shall he commit any act or engage in any conduct which would violate any State statute, rule, directive or policy statement. Procedure number 403.006 "Sick Call and Emergency procedure" 403.006(5)(B)(2) states emergency = ALL emergencies, inmate declared or referred, must be evaluated Grievant contends that after he was assaulted he was refused medical attention by Sgt Excellant whome Captain

| 8/10/2019 | see attached | Timothy A. Connell TH840 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C # |

* BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30 DAY EXTENSIONS ___ ☐, Do not

6. Do not
Signature

**1 OF 2**

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below). When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is notified by Chapter 33-103 for file a direct grievance he may address his grievance directly to the Secretary's Office. The Grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason, or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007(6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on _____   Institutional Mailing Log # _____

(Date)

_____   _____
(Received By)

DISTRIBUTION:   INSTITUTION/FACILITY      CENTRAL OFFICE
                INMATE (2 Copies)         INMATE
                INMATE'S FILE             INMATE'S FILE – INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                          CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)   Incorporated by Reference in Rule 33-103.006, F.A.C.

10 - A
SEC

"Staff abuse Continued

2 of 2

Thomas Coopman instructed Sgt. Exellant to not take me
to medical - a ploy utilized in attempt to cover up his
wrongful criminal acts. They are waiting to I heal up than
take me to medical so no injuries will be documented.
Furthermore rule 33-208.002 FAC states in part: each
employee shall make a full written report of any of the following
within 24 hours or upon reporting to work his next work day
or assigned shift, which ever is sooner: 33-208.002(4) FAC
knowledge of any violation of the law, rules, directives or
procedures of the department. Thomas Coopman nurse
Marcell and officer Thomas, officers lester and others failed
Rule 33-208.002(12) FAC provides that no employee
shall knowingly falsify records or reports. 33-208.002(19)
FAC provides that no employee shall knowingly submit
inaccurate or untruthful information for or on any D.O.C.
record, report or document. Thomas Coopman falsified
a disciplinary Report in attempt to deminish my
~~good~~ credibility and to cover up his wrongful ~~criminal~~
criminal acts. Nurse Marcell and officer Thomas whom
was present in medical when Thomas Coopman assaulted
me, also Sgt. Maranda was all present along
with officer lester all whom failed to protect
and intervene to this criminal act.

Rule 33-208.002(22) FAC provides that every employee
will comply with safety regulations and shall report
promptly to the apropriate supervisor any injury or
illness. All the above mentioned officials all failed
to follow these rules all attempts to cover up their
criminal acts.

Relief Sought = I wish to press criminal
charges for assaut and battery. See medical
body diagram for injuries. Disciplinary action on

"EXHIBIT A" 002

### PART B - RESPONSE

| CONNELL, TIMOTHY | T11890 | 1910-205-160 | FLORIDA STATE PRISON | B1317S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed. Review of your medical file shows that you were gained at FSP on 9/25/19 from Dade CI. You have submitted one sick call since on 10/6/19 and referred to the clinician for further review. You were seen by the clinician on 10/23/19 who assessed and evaluated you for complaint of left ear pain. The clinician noted eardrum intact (both ears), the clinician also noted that you would squeeze your nose and blow air, there was no perforation noted, no drainage or infection noted. The clinician noted no treatment indicated.

There is no evidence that you have voiced any further complaints through sick call since being seen on 10/23/19 by the clinician. Therefore if you are still experiencing medical issues and/or concerns you can access sick call to be evaluated and if medically indicated you will be referred for further evaluation.

GRIEVANCE IS HEREBY DENIED.

Should you elect to obtain further administrative review, you may do so by obtaining Form DC1-303, Request for Administrative Remedy or Appeal to the Bureau of Inmate Grievances, 501 South Calhoun Street, Tallahassee, FL, 32399-2500 within the specified time frame.

| | | |
|---|---|---|
| G. Espino, M.D. | J. McClellan | 11-4-19 |
| FSP Site Med. Dir. | | |
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

NOV 05 2019

23 OF 48

45 OF 114

Case 1:21-cv-24136-AMC   Document 1-1   Entered on FLSD Docket 11/24/2021   Page 22 of 59

"Medical Grievance"

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida, Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Connell, | Timothy | A. | T11890 | F.S.P. |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

Part A – Inmate Grievance

Grievant is by passing the Informal Grievance Stage due to the Medical nature of the complaint pursuant to 33-103. F.A.C. Which writer can Submit this complaint directly to the warden. Grievant request the following: Grievant was physically assaulted on July 29th, 2019 @ 11:00am inwhich his eardrum in his left ear was busted and he was scheduled to see an ear specialist nearly (3) Months ago and medical attention has been delayed. He asserts that he is in acute Chronic pain on a daily basis inwhich he has put in aproximately (7) sick calls to no avail... Even though he has been procribed amoxicilin for prevention of ear infection and motrin inwhich he never received. He is in pain daily and should not have to suffer with great delay in medical care... Grievants have submitted additionally aproximately (4) Sick calls since he has been here at F.S.P. complaining about rashes, itching, jock itch, burning on his inner thighs groin area and has not been seen yet. This is a direct violation of his Constitutional rights to "adequate Medical Care" Newman V. Alabama, 559 F.2d 283, 291 (5th Cir. 1978); accord Hoptowit V. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wolfish V. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds sub nom. Bell V. Wolfish, 441 U.S. 520, 99 S.ct. 1861 (1979) (1979); see also Langley V. Coughlin, 888 F.2d 252, 254 (2d cir. 1989) (officials must provide "reasonably necessary medical care.... which would be available to [the prisoner] if not incarcerated"). Courts have defined "adequate" medical services as "services at a level reasonably Commensurate with modern Medical Science and of a quality acceptable within prudent professional standards: Fernandez V. U.S. 941 F.2d 1488, 1493 (11th Cir. 1991); accord, U.S. V. DeCologero, 821 F.2d 39, 43 (1st Cir. 1987); Tillery V. Owens, 719 F. Supp. 1256, 1305 (W.D. Pa. 1989).

| 10/01/2019 | | 1910 20S 160 | Timothy A. Connell # T118 90 |
| DATE | | 1 OF 2 | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

CM     34 OF 48

☑ I Do Not;
# _____ Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

OCT 22 2019      Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____      _____
                              (Date)      Institutional Mailing Log #:

_____ (Received By)

DISTRIBUTION:     INSTITUTION/FACILITY        CENTRAL OFFICE
                  INMATE (2 Copies)           INMATE
                  INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
                  INSTITUTIONAL GRIEVANCE FILE CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE
DC1-303 (Effective 11/13)       Incorporated by Reference in Rule 33-103.006, F.A.C.

46 OF 114

"Medical Grievance Continued"

aff'd, 907 F. 2d 418 (3d Cir. 1990); Howard V. City of Columbus, 239 Ga. App. 399, 405-06, 541 S.E. 2d 51 (1999); see Barrett V. Coplan, 292 F. Supp. 2d 281, 285 (D.N.H. 2003) ("'Adequate Medical Care' requires treatment by qualified Medical personnel who provide Services that are of a quality acceptable when measured by prudent professional standards in the community, tailored to an inmates particular needs, and that are based on Medical Considerations." (citing De Cologero)).

And as "a level of health services reasonably designed to meet routine and emergency medical, dental and psychological or psychiatric care. Tillery V. Owens, 719 F. supp. at 1301; accord, Riddle V. Mondragon, 83 F. 3d 1197, 1203 (10th Cir. 1996); Ramos V. Lamm, 639 F. 2d 559, 574 (10th Cir. 1980).

Grievant is in pain daily and can't hear out of his left ear, and has head aches and light flashes with massive dizzyness.

Also he has submitted several Sick calls for medical treatment for heat rashes, itching, what ever jock itch between his leg's in which he is being denied adequate treatment to no avail.

Remedy Sought = he would like to see the Medical / ear Specialist as Soon as posible. He was Scheduled over 2½ months ago. Also he need's pain medications and medicine for the itching, rashes etc on his leg's.

Respectfully Sincerely Submitted,

Timothy Alan Connell
#111890

Thank You

QOE'2

Case 1:21-cv-24136-AMC   Document 1-1   Entered on FLSD Docket 11/24/2021 · Page 24 of 59

JUN 29 2020

"*EXHIBIT A 003*"

**PART B - RESPONSE**

| CONNELL, TIMOTHY | T11890 | 20-6-25519 | FLORIDA STATE PRISON | M1110S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

This grievance is not accepted as a grievance of reprisal.

Your request for administrative appeal is in non-compliance with Chapter 33-103, Inmate Grievance Procedure, which states, "each grievance must address only one issue or complaint." Your current request for administrative appeal addresses more than one issue and/or complaint.

Your issues involve complaints against staff and the grievance process. You also address more than one grievance and/or appeal. Each issue should be addressed separately and should be initiated at the informal level. Our records reflect that all formal grievances and appeals received from you have been responded to and returned to you.

Based on the foregoing information, your grievance appeal is being returned.

C. Neel

---

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

*C. Neel*
SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

07/23/2020
DATE

26 - OF 48

48 OF 114

"*EXHIBIT A 004*"

## PART B, RESPONSE

| CONNELL, TIMOTHY | T11890 | 1912-205-004 | FLORIDA STATE PRISON | B1317S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

Your request for administrative remedy was received at this office and it was carefully evaluated. The Department's investigation into your Request for Administrative Remedy revealed the following: You will be followed by onsite providers/clinicians while housed within the Florida Department of Corrections for your medical care, if at any time the provider/clinician determines that you need to be referred to a specialist a referral will be made at that time and processed through the appropriate review team for approval and scheduling.

If when you go to court and the judge determines an outside evaluation is warranted then a court order will be issued to have you evaluated by an outside party, but until such time you will continue to be seen by onsite medical staff and/or providers/clinicians for your medical care.

GRIEVANCE IS HEREBY DENIED.

Should you elect to obtain further administrative review, you may do so by obtaining Form DC1-303, Request for Administrative Remedy or Appeal to the Bureau of Inmate Grievances, 501 South Calhoun Street, Tallahassee, FL, 32399-2600 within the specified time frame.

| | | |
|---|---|---|
| G. Espino, M.D. FSP Site Med. Dir. | | 12.17.19 |
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

32 OF 48

DEC 17 2019

49 OF 114

**FLORIDA DEPARTMENT OF CORRECTIONS**

*"Medical Grievance"*   REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Connell,  Timothy  A. | T11890 | Florida State Prison Main Unit |
|---|---|---|
| Last  · First  ·  Middle Initial | DC Number | Institution |

• *Medical Grievance* •         Part A – Inmate Grievance      • *Centurion & F.D.O.C* •

Comes now this inmate, Timothy A. Connell, in proper person, pursuant to § 766.203(2),
Fla. Stat. & Rule 33-401.601-(6)(b), Fla. Admin. Code., & respectfully remedy the insti-
tution which sought Centurion, Medical Dept, & the Florida Dept of Corrections.
to provide him with an independent /non-departmental Medical Doctor evaluation
at no costs to him, or to charge the costs & place a lien onto his inmate account, because
he's an indigent inmate pursuant § 57.081, § 57.085, Fla. Stat, & 28 U.S.C. § 1915; for
the purpose of a medical expert opinion as required for medical malpractice & negligence
presuit litigation, investigation, & discovery.

• LEGAL CITES •

pursuant § 766.203(2), Fla. Stat. " Corroboration of reasonable grounds to initiate
medical negligence litigation shall be provided by the claimants submission of a
verified written medical expert opinion from a medical expert as defined in
§ 766.202(6), at the time the notice of intent to initiate litigation is mailed which
statement shall corroborate reasonable grounds to support the claims of medical neg-
ligence." pursuant rule 33-401.601(1)-(6)(b), Fla. Admin. Code " This rule is appli-
cable only to non-department provider consultations that are requested, initiated,
or scheduled by inmates, attorneys, or other inmate representatives. such medical con-
sultations shall be allowed only under the conditions set forth in this rule."(6)(b) "
"Requests for non-department provider consultations related to the services being provided
to the inmate by the department will not be approved. Considerations shall be limited to those
requests for the following purposes:(b) Evaluations for court procedures."

- RELIEF -

To be provided an independent medical expert & opinion, at the department/centurions expense, as required

Sunday, Dec 1st, 2019.    by Florida law.         Timothy A. Connell  T11890
DATE                                              SIGNATURE OF GRIEVANT AND D.C. #
                          1919  ROS  DOY

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

ONA                          33 - OF 48
                             INSTRUCTIONS

Signature
Do not agree.

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,
Florida Administrative Code.  When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

*When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by
Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office.  The grievance may be sealed in the envelope by the inmate and
processed postage free through routine institutional channels.  The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the
institution.  If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the
grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

DEC 02 2019       Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____       Institutional Mailing Log #: _____       _____
                          (Date)                                                                  (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY                  CENTRAL OFFICE
                 INMATE (2 Copies)                     INMATE
                 INMATE'S FILE                         INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE          CENTRAL OFFICE INMATE FILE
                                                       CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)              Incorporated by Reference in Rule 33-103.006, F.A.C.        AY Aruran

50 OF 114

*To: Medical Director Please* (EXHIBIT A 005)

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: 87
Team Number: _____
Institution: FSP Main Unit

| TO: (Check One) | ☐ Warden | ☐ Classification | ☑ Medical | ☐ Dental | *medical Director Alverez* |
|---|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other | |

| FROM: | Inmate Name Connell, Timothy | DC Number T11890 | Quarters J-1236 | Job Assignment N/A | Date 5/11/2020 |
|---|---|---|---|---|---|

**REQUEST** *To whome it may Concern* ☐ Check here if this is an informal grievance ☐

I've been Charged numerous times dating back to
July 29th, 2019 When my ear drum was ruptured
busted, and I still have pain in my left ear
which consist on hearing lost additionally
I Still Can barly hear and it's like
it's stopped up like my head is under
water. Need to be seen again if postble Please Thank You.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All
informal grievances will be responded to in writing. *God Bless. Gods Country —*

Inmate (Signature): *Timothy A Connell*   DC#: T11890   **RECEIVED**

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   DATE RECEIVED: MAY 1 2 2020

Health Service Administrator

This is a Sick call issue. Note all Inmate
non-emergent Encounters are subject to a copay
pre-existing issue due not exempt you from thale
being Charged

---

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): S. Alvarez, H.S.A.   Official (Signature): _____   Date: 5-21-20
FSP

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)   Incorporated by Reference in Rule 33-103.005, F.A.C.

34 OF 48

51 OF 114

**(EXHIBIT A 006)**

**,STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

O 7 Q

Mail Number: _____
Team Number: _07_
Institution: _FSP MAIN UNIT_

TO: (Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☑ Other

_Ms. Alverez_
_"Medical Director"_

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Timothy A. Connell | T11890 | J-1226-S | CM I | 6/8/2020 |

**REQUEST**                                    Check here if this is an informal grievance ☑

Maam; sorry to bother you but I would like to address an important medical issue
ring to your attention= on July 29th, 2019 @ 4:00am My left ear was struck with
closed fist while at Dade C.I. I was proscribed amoxicillin and ibrophen and
signed a form to see a ear doctor while at Dade C.I. Upon arrival here
I continued to suffer from ear ache now with fluid leaking out of my ear
from inside my ear. This is not fair. I cant go to a doctor myself
and must depend on you guys to help me. Please help Maam.
Maam, I have a ligitimate medical problem inwhich is detrimental to my
health and Ive filled out like (5) sick calls since Ive been here at F
and Iam receiving no treatment Maam by doctor espino, he in fact D
my appointment to see a ear doctor. Can I see another d
to get a second opinion. My ear is leaking fluid /puss Cant b
All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview
informal grievances will be responded to in writing. Thank you. Maam, Please.

Inmate (Signature): _Timothy Connell_                    DC#: _T11890_

to write this but what would you do if you're not se

DO NOT WRITE BELOW THIS LINE

**RESPONSE**  205-2006-0251                    **DATE RECEIVED:** JUN 09
FSP MEDICAL                                              FSP Grievance Office

RECEIVED JUN 09 2020

you have been evaluated by sick call and the clinician for
the above stated issue. With no Tx indicated. There
is no indication that you are being denied medical
care. You may not agree with treatment provided
but that does not mean you are not being provided
adequate care. Please be advised that an inmate does
not have the right to a provider of choice. If you are still
having issue please address it through sick call

The following pertains to informal grievances only!
ased on the above information, your grievance is _Denied_. (Returned, Denied, or Approved). If your informal grievance is denied,
ou have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): R. Singletary, DON | Official (Signature): _____ RN | Date: 6/11/20 |

riginal: Inmate (plus one copy)        FSP
C: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
his form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

formal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
ou may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
quired by Rule 33-103.005, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
ter than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

C6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

35 - of - 48

Case 1:21-cv-24136-AMC   Document 1-1   Entered on FLSD Docket 11/24/2021   Page 29 of 59

[EXHIBIT A 007]

"Medical Records"

## INMATE REQUEST

**DEPART[MENT]... [F]LORIDA [DEPARTMENT OF] CORRECTIONS**

• Presuit Investigation Notice of intent To
  initiate Litigation

Mail Number: ____
Team Number: __D-7__
Institution: ____ / FSP Main Unit

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☑ Other "Medical Records" |

| FROM: | Inmate Name: Timothy Alan Connell | DC Number: T11890 | Quarters: M-1108-S | Job Assignment: CM II | Date: 6/23/2020 |
|---|---|---|---|---|---|

### REQUEST                                              Check here if this is an informal grievance ☐

§ 766.204(1) Availability of Medical records for presuit investigation of Medical negligence claims, and defenses; penalty • ... States in specific part: copies of any Medical records relevant to any litigation of Medical negligence claim or defense shall be provided to claimant (me) or to the attorney thereof at a reasonable charge within (10) business days of request for copies, ~~except that an independent source~~ * It shall not be grounds to refuse copies of such medical records that are not yet completed [OR] that a medical bill is still owing. (2) failure to provide copies of such Medical records, or failure to make the charge for copies a reasonable charge, shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written Medical corroboration by the requesting party. * Please provide copies of Medical records to include but not limited to: (DC4-7010 10-4-19)(DC4-708 10-4-19)(DC4-7010 9-30-19)(DC4-708 9-30-19)(DC4-642A 12-3-19 fbb)(DC4-642 11-3-19)(DC4-642-11-5-19)(DC4-6420 10-29-19 fbb)(DC4-642A 10-29-19 fbb)(DC4-642 10-8-19)(DC4-642 10-8-19)(DC4-6420-10-4-19 fbb)(DC4-642 -10-4-19)(DC4-642-10-3-19)(DC4-642-9-30-19)(DC4-642 9-30-19-fbb)(DC4-6 9-30-19 + X5)
All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing. * Need all. See attached of a list # -25

Inmate (Signature): Timothy Alan Connell                                    DC#: T11890

Page _1_ of _2_

**DO NOT WRITE BELOW THIS LINE**

**RECEIVED**
JUN 26 2020
FSP MEDICAL RECORDS

### RESPONSE                                      DATE RECEIVED

you wrote an inmate request requesting copies out of your file. The request was received on 12-30-19 by Medical records. Medical records answered the request on 1-3-20 you will be scheduled for an appt. You did not state that it was for the litigation reason. You will need to provide proof that the funds have been withdrawn from your inmate trust fund account by submitting a copy of your trust fund account statement with an inmate request DC6-236.

[The following pertains to informal grievances only]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): J. Coxe | Official (Signature): _____ | Date: 6-30-20 |
|---|---|---|

Medical Records Clerk
FSP

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

FLORIDA DEPARTMENT OF CORRECTION
OFFICE OF HEALTH SERVICES

INMATE PAYMENT AGREEMENT FOR COPY OF
PROTECTED HEALTH INFORMATION

Date: 1·9·20

You have requested a copy of your _Sec billin 2.5 pages_____. The copy
will be provided to you at a cost of $.15 per page plus any administrative fees for a total dollar
amount of $___3.75___. Your inmate bank account can be billed for these
charges or a bill can be sent to your family requesting payment. Please check the box below to
let us know how you will pay for the copy:

Bill my inmate bank account            ☑
Send bill to my family                 ☐

If after 30 days payment has not been received, this request will be closed and you are required
to complete another request to obtain the requested copy(ies).

I have read and understand the 30-day time limit described above.

_____

_____
Inmate Signature

*This is a list of the Medical*
*documents I need please and*
*thank you. Sorry for*
*misunderstanding (apologies) no disrespect to you ma'am*
*I respect all woman. Sorry for the Bi-polar. Mentally ill a little*
*excuse me---*

Original:    Medical Record
Canary:      Inmate

*It's not my fault.*

This form is not to be amended, re[...]
without approval of the Deputy Dire[...]
Services Administration

Inmate Name _Connell Timothy____
DC# _T11870_____ Race/Sex_w/m_
Date of Birth _12·29·87_____
Institution _FSP_____

DC4-542A (12/03)

*37 of 48*

*Page 2 of 2*

*54 of 114*

MAILED/FILED
WITH AGENCY CLERK

APR 16 2021

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

J 1328
B1146S

| CONNELL, TIMOTHY | T11890 | 21-6-10717 | FLORIDA STATE PRISON | |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Note: This grievance is not accepted as a grievance of reprisal.

Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as required by rule or the reason you provided for by-passing that level of the grievance procedure is not acceptable.

You have not provided a formal grievance log number. Our records reflect that all medical related formal grievances received from you have been responded to and returned to you.

When making allegations of staff misconduct, provide all pertinent information such as names, dates, times, places and specific details.

Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.

Based on the foregoing information, your appeal is returned without action.

C. Neel

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | oct 14 2021 DATE |

" INMATE GRIEVANCE 36-AMC   Document 1 STATE OF FLORIDASD Docket 11/24/2021   Page 32 of 59

## INMATE REQUEST

DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _07_
Institution: _FSPMU_

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Timothy A. Connell | DC Number T11890 | Quarters B-1116-S | Job Assignment CM-1 | Date 4/1/21 |

**REQUEST**                    Check here if this is an informal grievance ☑

I am being charged over 100 of dollars in direct violation of sick call procedure Institution operating procedure 403.006 which states in relevant part once you fill out a sick call for the same complaint more than (3) times the issue is supose to be referred to a clinician and dealt with than all at one time. Please reimburse me for sick call on 3/18/21 and 3/21/21 and or refer me to a ear specialist or Immediately I will file a mandamous/and litigate. Since 7/29/2019 I submitted over 20 sick calls for acute/chronic ear pain left Tampduin membrane perforation and was refered to G. Espino M.D. and Ear, Nose throat specialist several times then the order Discontinued for no reasoning and charged $5 everytime for the same issue and nothing is being done my ear has a hole in it and need further treatment that a sick call nurse or doctor at F.S.P. Cant provide. Please

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing. Place all of monies back into my account.

Inmate (Signature): C-C                    DC#: T11890

RECEIVED                    RECEIVED

APR 05 2021

**RESPONSE** 205-2104-0012        DATE RECEIVED: APR 01 2021  FSP Grievance Office

Health Service Administrator
FSP

You were seen by the clinician and an consult for ENT was completed

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Denied_ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)

| Official (Print Name): R. Singletary, DON | Official (Signature): R Single RN1 | Date: 4/6/21 |

Original: Inmate (plus one copy)        FSP
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Case 1:21-cv-24136-JAL    Document 1-1    Entered on FLSD Docket 11/24/2021    Page 33 of 59

*INFORMAL GRIEVANCE*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

INMATE REQUEST    *"Chief Health officer"*

Mail Number: _____
Team Number: _07_
Institution: __FSPMU__

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☑ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Timothy A. Connell | T11890 | K-1255 | CM | 5/13/21 |

**REQUEST**          Check here if this is an informal grievance ☐

I've submitted over 25 Sick call request for acute/chronic ear pain, fluid leaking out of my left ear from a physical altercation on 7/29/2019 @ 4:pm and have been delayed, impeded and frustrated access to adequate Medical care, this is in direct Violation of Institution Operating procedure 403.006 "Sick call- emergency process" In which my reaccuring issue I've been Charged numerous times to no availibility no treatment rendered. # Please Reimburse my Monies or have me Seen by a E.N.T. I've been refered to A E.N.T. four different times since July 29, 2019 and the referals for no penological reasoning has been delayed, impeded, and frustrated. I Suffer daily and I am losing my hearing and have brown fluid leaking out of my ear. Please let me be Seen as Soon as posible by An E.N.T. Thank you. God Bless.

All requests will be handled in one of the following ways: 1) Written Information or    2) Personal Interview. All informal grievances will be responded to in writing.

Inmate Signature: *Timothy A. Connell*          DC#: T11890

RECEIVED                    DO NOT WRITE BELOW THIS LINE                    RECEIVED

MAY 1 7 2021                                                    MAY 1 4 2021

**RESPONSE** 205-2105-0345          DATE RECEIVED FSP Grievance Office
Health Service Administrator
FSP

A new Cnsult for ENT was completed and Submitted 4/2/21. and is Pinding Approval

[The following pertains to informal grievances only:]
Based on the above information, your grievance is __Denied__          (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.005, F.A.C.

| Official (Print Name): R. Singletary, RN FSP | Official (Signature): _____ | Date: 5/18/21 |
|---|---|---|

Original: Inmate (plus one copy)          FSP
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)          Incorporated by Reference in Rule 33-103.005, F.A.C.

57 OF 114

Case 1:21-cv-24436-AMC   Document 1-1   Entered on FLSD Docket 11/24/2021   Page 34 of 59

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: _____07_____
Institution: _____FSP M.U.____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☑ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Timothy A. Connell | DC Number<br>711890 | Quarters | Job Assignment | Date<br>7/10/21 |
|---|---|---|---|---|---|

REQUEST Check here if this is an informal grievance ☑

I was scheduled to see a Car Specialist and I was refused my call out the other day.

Please be advised that I never refused any Callouts.

Can you please Re schedule the Call out.

My ear is in Constant Pain and leaking fluids

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature) _____            DC#: 711890

**RECEIVED**
**JUL 14 2021**
FSP MEDICAL RECORDS

**RECEIVED**
**JUL 12 2021**
FSP Grievance Office

RESPONSE 205-2107-0277      DATE RECEIVED:

your consult was denied and sent back for alternative treatment plan. you were seen by the clinician on 6/16/21 and treated with Antibiotics you were scheduled for a follow up on 6/30/21 which you refused If you are still having concerns address it through sick call

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Denied_ (Returned, Denied or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)

Official (Print Name): R. Singletary, DON      Official (Signature): _____   Date: 7/14/21
FSP

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in 103.005, F.A.C.

58 OF 114

**(EXHIBIT A 00B)**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

070

Mail Number: _____
Team Number: 67
Institution: FSP Main Unit

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☑ Other |
|---|---|---|---|---|

"Medical Records"

| FROM: | Inmate Name Timothy A. Connell | DC Number T11890 | Quarters A4409-S | Job Assignment CM1K | Date 7/9/2020 |
|---|---|---|---|---|---|

**REQUEST** I am requesting Medical records pursuant    Check here if this is an informal grievance ☑

to § 766.203(2), Fla. Stat. & Rule 33-401.601.(2)(b), Fla. Admin. Code, & respectfully remedy the institution which sought Gentmicin, medical dept, & the Fla. Dep't of Correction to provide him with an independent/ non-departmental medical doctor evaluation, at no cost to him & to charge the costs & place a lien onto his inmate account, because he's an indigent inmate pursuant to § 57.081, § 57.085, Fla. Stat, & 28 U.S.C. § 1915, for the purpose of a medical expert opinion as required for medical malpractice & negligence presuit litigation, investigation & discovery. • LEGAL CITES• Pursuant § 766.203.(2) Fla. Stat, "corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert as defined in § 766.202.(6), at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claims of medical negligence". Pursuant rule 33-401.601(1)-(2)(b), Fla. Admin. Code " This rule is applicable only to non-department provider consultation that are requested, initiated, or scheduled by inmates, attorneys, or

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____    DC#: T11890

RECEIVED JUL 14 2020

**DO NOT WRITE BELOW THIS LINE**

RESPONSE MEDICAL-2007-0250    DATE RECEIVED: JUL 10 2020

RECEIVED

FSP Grievance Office

Please be advised that this office can not corroborate your allegations against health care staff. you also do not have right to a provider of choice.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **Denied**. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): R. Singletary, DON | Official (Signature): RSien | Date: 7/10/20 |
|---|---|---|

Original: Inmate (plus one copy)    FSP
CC: Retained by official responding or If the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)    Incorporated by Reference in Rule 33-103.005, F.A.C.

38 OF 48

59 OF 114

other inmate representatives. Such medical consultations shall be allowed only under the condition set forth in this rule. "(2)(b)" "Requests for non-department provider consultations related to the services being provided to the inmate by the department will be approved. Considerations shall be limited to those request or the following purposes: (b) _Evaluations for Court procedures_"

-Relief-

To be provided an independent medical expert & opinion at the the Dep't / Centurions expense as required by Florida Law.

39 of 48

60 of 114

( EXHIBIT A 009 )

**PART B - RESPONSE**

| CONNELL, TIMOTHY | T11890 | 2007-205-192 | FLORIDA STATE PRISON | M1110S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

Your request for administrative remedy is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure.  Chapter 33-103.002 defines an emergency grievance as grievances of those matters which if disposed of according to the regular timeframes would subject the inmate to substantial risk of personal injury or cause other serious and irreparable harm to the inmate. Your issue does not appear to meet that definition.

Upon receipt of this response, if you are within the allowable timeframes for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.

Based on the foregoing information, your grievance is returned without action.

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 8-3-20 |
|---|---|---|
| | | DATE |

E.L. TOLEDO, M.D.
MEDICAL DIRECTOR/CHO
UNION CI

40 OF 48

61 OF 114

*"Delay in Medical Care"*

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse          *"Emergency"*

TO: ☑ Warden        ☐ Assistant Warden        ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Connell, Timothy A. | 711890 | F.S.P. |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**

Sir I Spoke with you Mr. Davis when you did your rounds on Thursday and told you about my ear and you said you was going to Check into the matter.

I've submitted Several Sick Calls and Grievances and Still no treatment - my ear hurts and Clogged with dried blood Can you please get me Seen By ear doctor as Soon as possible Doctor here Espino is refusing me and pain meds or treatment and keeps Say I got wax in ear when it's dried up blood and perforated Ear.

See attached Grievances

Please & Thank

God Bless you Sir

Please help me

I am hurting/ Can't hear Shit!

| 7/27/2020 | Cc   711890 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

2003 305 192

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___

ONA                    9L OF 48                    # _____ Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

JUL 2 7 2020

Submitted by the inmate on: _____        Institutional Mailing Log #: _____        _____
                              (Date)                                                              (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)                    Incorporated by Reference in Rule 33-103.006, F.A.C.

62 OF 114

Case 1:MAILED/FILED-AMO   Document 1-1   Entered on FLSD Docket 11/24/2021   Page 40 of 59

(*EXHIBIT A D11*)

WITH AGENCY CLERK

**JUL 2 2 2020**

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| CONNELL, TIMOTHY | T11890 | 20-6-25442 | FLORIDA STATE PRISON | M1110S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

This grievance is not accepted as a grievance of an emergency nature by Health Services, Central Office, Tallahassee.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure.  The rule requires that you first submit your grievance at the appropriate level at the institution.  You have not done so or you have not provided this office with a copy of that grievance, nor have you provided a valid or acceptable reason for not following the rules.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your appeal is returned without action.

A. JOHNS

*A. Johns*

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

*1 OF 4*

*43  OF 48*

*63 OF 114*

Case 1:21-cv-24136-AMC   Document 1-1   Entered on FLSD Docket RECEIVED   Page 41 of 59

FLORIDA DEPARTMENT OF CORRECTIONS

*EMERGENCY GRIEVANCE* "REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL"

JUL 17 2020

"MEDICAL GRIEVANCE"
Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO:  ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Connell | Timothy | A. | T11890 | Florida State Prison |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**     20-6-25442

This Complaint is being Submitted due to the Serious Emergency nature of my complaint thus, the "Informal Grievance" stage is being by passed and proceeding to the Secretary FDOC due to the bias, inadequate abuse of discretion and abuse of power. In Support I State as follows: (1) On July 29, 2019 a 4:00am I was psychically assaulted by captain Thomas Coopaman at Dade Correctional Institution. (2). I was initially denied medical treatment, I was seen by several doctor's and nurses since. At Dade the doctor noted that my left ear was perforated and draining fluids from a ruptured ear dram, I was prescribed amoxicillin to prevent infection, and procrined IBU, and was refered to a ENT specialist on 9/4/19. Upon arrival to FSP. I was seen by Doctor Espino whome fabitied documents and reports and Discontinued my ENT referal for no reason allegilly he noted no perturation in my ear etc. I've submitted aproximately (10) sick calls and been Seen by him aproximate 3 times and keeps falsifying medical records saying nothing is wrong ※ on 6/26/2020 I submitted another sick call for acute ear pain draining puss fluid's and was finnally seen by nurse that did her Job and did not lie and attempt to cover up my injury. She looked in my ear and said "yes your ear is definately messed up" She noted my ear drum or what ever has a hole in my ear and leaking fluids. I've been Charged aproximately 10 times about $50.00 for Sick calls that I never once received any treatment for this Should be a crime. It's not fair that I should have to suffer and go through all this pain and frustration for what??

| 7/7/2020 | Just provide me proper | Timothy A. Connell T11890 |
|---|---|---|
| DATE | Care as a human Just like us all. Please help Please. | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

2 of 4    44 of 48    ☐ # 1   Do not.

Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the Institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the Institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the Institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____
(Date)

Institutional Mailing Log #: _____

_____ (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

64 OF 114

*(EXHIBIT DIO)*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _07_
Institution:  FSP Main Unit

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☑ Other _Singletary_ |  MS. |
|---|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Timothy A. Connell | 771890 | M-1110 | CM | 8/24/2020 |

**REQUEST**                              Check here if this is an informal grievance ☐

Ma'am on June 26th, 2020 I signed Consent to See ear, nose, throat Specialist, due to COVID 19 there is been a delay I am aware. Am I still Scheduled to See the ENT??

Now Ma'am I done filled out Several Sick calls and never got any pain Medication, My ear hurts, My whole left Side of my face hurts, and Stopped up ear I can't hear good and please Can you put me in to see a doctor. Please + Thankyou. I am begging You For help – this is Crazy been in pain For over a Year. Senseless

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All
informal grievances will be responded to in writing.  Please help me ma'am –

Inmate (Signature): _____                DC#:  771890

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                         DATE RECEIVED:  8/28/20

Per record review, you still have a pending appt. also, per record review you refused sickcall nurse on 8-4-20 about your ear pain, you may access sick-cull at your discretion

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): K. Smith, MA | Official (Signature): _____ | Date: 8/30/20 |
|---|---|---|

42 OF 48

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

3rd Visit Case 1:21-cv-23636 Consult Document 1-1 Entered on FLSD Docket 11/24/2021 Page 5 of 59
Transferred to FSP 3rd time consult discontinued by Gonzalas Espino for 2 reasons

COT...      A DEPARTMENT OF CORRE...      "EXHIBIT A D D"
            ...TION REQUEST/CONSULTA...

| Type of Service: E N T | FROM Institution: DADE C.I. | DA... REQUEST: 9/4/19 |
|---|---|---|
| Reason(s) for consultation: <br> Evaluate and recommend diagnostic plan_____ <br> Evaluate and recommend treatment plan_____ <br> Other (specify): _____ | Acuity of consultation: <br> Emergency _____ <br> Urgent _____ <br> Routine ✓ | DATE APPOINTMENT MADE: <br><br> Staff Signature: |
| Visit Type - Initial ☑ Follow-up ☐ <br> Follow-up consults require justification <br> *Optometry/Ophthalmology -- attach DC4-702A | | APPOINTMENT DATE: |

Condition is (check one): ☑ Acute Trauma      ☐ Acute Illness      ☐ Chronic
History of present illness (include onset, presentation, progress, therapy): 
36 y/o male with medical history of repeat total insult
with left tympanic membrane rupture post trauma
C/O pain and abnormal auditory perception

Physical findings:

Diagnostic findings (explain laboratory, x-ray, or other test findings):

DC consult
10-28-19 no drainning
again no perforation

G. Espino, M.D.
FSP Spe Med. Clr.
NOV 04 2019

Other pertinent information:

Provisional diagnosis: Left Post Trauma Tympanic membrane rupture

Health Care Provider Signature/Stamp: L. Ginart, M.D. 9/4/19      11/25/19
Dade CI

CHO/Designee Approval Signature/Stamp: E. Jean Baptiste, MD Physician RWC

AUTHORIZATION FOR SPECIALTY EVALUATION

I, the undersigned, have had explained to me and understand that I require _____
which cannot be accomplished at _____
I also understand that should hospitalization and/or surgery be necessary, a separate consent form will be signed prior to such hospitalization and/or surgery. I therefore consent to be referred to a reception and medical center, or such other health care facility as may be appropriate for the reason(s) stated, and consent to undergo health care services as may be necessary to evaluate my health status.

Signature of Patient: ✗ Timothy Connell      Date: 9/4/2019

Signature of Witness: _____      Date: _____

IT IS ABSOLUTELY NECESSARY THAT INMATES ARE NOT MADE AWARE OF ANY SCHEDULING INFORMATION PENDING ANY APPOINTMENT OUTSIDE THE INSTITUTION

Inmate Name Connell Timothy
DCH# T11890      Race/Sex _____ /M_____
Date of Birth 12/29/83
EOS DATE: _____

DC4-702 (Revised 2/23/18) Page 1 of 2
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

66 OF 114

## CONSULTANT'S REPORT

**NO PROCEDURE(S) MAY BE PERFORMED WITHOUT PRIOR APPROVAL BY THE REGIONAL MEDICAL DIRECTOR or UTILIZATION MANAGEMENT.**

Additional History:

Findings:

Recommendations:

Consultant Signature/Stamp: _____   Date: _____

**IT IS ABSOLUTELY NECESSARY THAT INMATES ARE NOT MADE AWARE OF ANY SCHEDULING INFORMATION PENDING ANY APPOINTMENT OUTSIDE THE INSTITUTION.**

Inmate Name _____   USE ADDITIONAL SHEET(S) AS NECESSARY
DC# _____ Race/Sex ____ / M __
Date of Birth _____
Institution _____ DADE C.I._____
EOS DATE: _____

DC4-702 (Revised 2/13/18) Page 2 of 2

This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

67 OF 114

*4th visit to Doctor ESP/AMC Document for / Effecting BTSD later contradicted by Nurses/Doctors.
Falsified documents lied saying no perforated ear drum*

FLORIDA DEPARTMENT OF CORRECTIONS
Chronological Record of Health Care                "*EXHIBIT A01E*"

| | |
|---|---|
| Allergies: | Seafood, Iodine |
| DATE/TIME | |
| 12/4/20 | MD CLINIC:   SCRL   EMRL   (FU)   OTRL |
| DEC 14 2020 | DIAGNOSIS: Hearing test results (Noted) |
| 8/2 | BP: 107/67  HR: 50  T: 98⁴  RR: 18  WT: 124 |

Hearing Test — Not qualified
for Hearing Aid

noted
12/14/20
C0919
FUPRN
RO/KU

R. Singletary, DON
FSP

Otoscope Exam A.U.

A.D. (R) ear — clear to drum

A.S. (L) canal obs c cerum
drum intact

(1) may have Debrox otic drops
to (L) ear prn

F/u as needed

*G. Bapina, M.D.
FSP Site Med. Dir.*

| | |
|---|---|
| Inmate Name | Cernell, Timothy |
| DC# | T/1290   Race/Sex W/M |
| Date of Birth | 12/29/1983 |
| Institution | FSP MAIN |

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E- Education

DC4-701 (Effective 4/8/10)     Incorporated by Reference in Rule 33-602.210

*Th. visit sick calls Nurse confronted for action (in effect CSP presented rebutting Espino's assessments)*

## FLORIDA DEPARTMENT OF CORRECTIONS
### Chronological Record of Health Care

*" EXHIBIT A01F "*

Allergies: Seafood, Iodine

| DATE/TIME | |
|---|---|
| 6·25·20 1000 | S: "Can't hear out of (L) ear, earache" |
| | O: Ear epidrum appears preforated. |
| | A 98.3, 74/96, 181·69, 100% |
| | preforated |
| | P: NOMita for pain, forward Chart to MA, Schedule appointment. |
| | E diet exercise hydration, medication Compliance |
| | K. Gribb, RN FSP |

Inmate Name _Connelly, Timothy_
DC# _T11890_   Race/Sex _W/M_
Date of Birth _12·29·1983_
Institution _Florida State Prison   MU_

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

DC4-701 (Effective 4/8/10)    Incorporated by Reference In Rule 33-602.210

7th Circuit Judge just blamed DOC for document never entered into DC Designee 1-24-2020 quote 9 Espino to save face

## FLORIDA DEPARTMENT OF CORRECTIONS
*Specialty* CONSULTATION REQUEST/CONSULTANT'S REPORT   "EXHIBIT A016"

| Specialty Service: Audiology | Sending Institution: FSPW | Date of Request: JUN 25 2020 |
|---|---|---|

**Reason(s) for consultation:**
Evaluate and recommend diagnostic plan ✓
Evaluate and recommend treatment plan ___
Other (specify): ___

**Acuity:**
Emergency
Urgent
(Routine)

Visit Type:
Initial
Follow-Up
Post Op

Date Appointment Made: 10-30-2020
Staff Signature: M. Luna
Appointment Date: 7-9-2020
Authorization #: NA

Follow-up consults require justification
*Optometry/Ophthalmology – attach DC4-702A

Condition is (check one): ☐ Acute Trauma   ☐ Acute Illness   ☐ Chronic

**History of present illness (include onset, presentation, progress):**
History of Ear Trauma 9/4/19 From Dade C.I. (Ruptured drum) Last Exam 10-28-19 – No Drum Perforate

**Physical findings:**
Exam (5-20-20) No Drum perforation

**Diagnostic results (laboratory, x-ray, or other tests):**
Needs Audiogist evaluation

**Failed prior therapy:**
(L) ear still not able to "Hear"

**Provisional diagnosis:** (L) Hearing loss 2° Trauma 9/4/19
G. Espino, M.D.
FSP Site Mad. Dir.

Health Care Provider Signature/Stamp: ___   Date JUN 25 2020

CHO/Designee Approval Signature/Stamp: ___

## AUTHORIZATION FOR SPECIALTY EVALUATION
I, the undersigned, have had explained to me and understand that I require ___
which cannot be accomplished at ___
I also understand that should hospitalization and/or surgery be necessary, a separate consent form will be signed prior to such hospitalization and/or surgery. I therefore consent to be referred to a reception and medical center, or such other health care facility as may be appropriate for the reason(s) stated, and consent to undergo health care services as may be necessary to evaluate my health status.

Signature of Patient: Timothy Alan Connell   Date: 6/26/2020

Signature of Witness: ___   Date: ___

## IT IS ABSOLUTELY NECESSARY THAT INMATES ARE NOT MADE AWARE OF ANY SCHEDULING INFORMATION PENDING ANY APPOINTMENT OUTSIDE THE INSTITUTION

Inmate Name: Connell, Timothy
DC#: T11890   Race/Sex: W/M
Date of Birth: 12-29-83
EOS DATE: ___

Alternative Treatment Plan:

DC4-702 (Revised 9/12/19) Page 1 of 2
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.



70 OF 114

## CONSULTANT'S REPORT

**NO PROCEDURE(S) MAY BE PERFORMED WITHOUT PRIOR APPROVAL BY THE REGIONAL MEDICAL DIRECTOR or UTILIZATION MANAGEMENT.**

Additional History:

Findings:

Recommendations:

Consultant Signature/Stamp:_____  Date:_____

**IT IS ABSOLUTELY NECESSARY THAT INMATES ARE NOT MADE AWARE OF ANY SCHEDULING INFORMATION PENDING ANY APPOINTMENT OUTSIDE THE INSTITUTION**

Inmate Name _____
DC#_____ Race/Sex _____
Date of Birth _____
Institution _____
EOS DATE: _____
DC4-702 (Revised 9/12/19) Page 2 of 2

Consultant Recommendations Reviewed: Date _____
Clinician Name & Stamp _____
Recommendations Ordered _____
_____
Date Submitted to U.M. _____
Date/s Scheduled _____ Completed Yes ____ No ____
See DC4-701 for Alternative Treatment Plan Yes ____ No ____

This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

71 OF 114

*8th visit again / Espino lies / falsifies document diagnosis attatchment so denied. Impeded Frustrated.*

132   27   74  2/13  10/01

**FLORIDA DEPARTMENT OF CORRECTIONS**
**Chronological Record of Health Care** *("EXHIBIT A01H"*

Allergies: Codiene                          H/o Drug Paragraph

| DATE/TIME | |
|---|---|
| 2-14-20 | MD CLINIC:  (SCRL)   EMRL   FU   OTRL |
| JUL 14 2020 | DIAGNOSIS: ® ear drum pain ??  Ⓢ |
| 0715 | BP: 124 / 80  HR: 78   T: 97.6  RR: 16   WT: (132) |

Ⓞ Old injury to Ⓛ ear 2019

Noted
7/14/20
0930

R. Singletary, DON

Otoscopic exam

Ⓛ & Ⓡ drums intact no drainage

FSP

Ⓛ — Old dark brown stuff — may be
cerumen seen @ the posterior/inferior sulcus
of the drum / Ⓛ drum is not perforated

Ⓐ NO Drum perforation A.U. / no signs of
infection

Ⓟ NO Tx indicated

G. Espino, M.D.
FSP Site Med. Dir.

| 7/15/20 1052 | S- llf# 205-2007-0250 Rec 7/10/20 Ans 7/10/20 |
|---|---|
| | O- Grieving medical negligence / request specialist |
| | A- Claims ø cooberated / Audiology exam sch |
| | P- Denied |
| | RCM |

R. Singletary, DON

7-17-20   Seen by MH   FSP
0835

Inmate Name Connell, Timothy
DC# T11890      Race/Sex W/M
Date of Birth 12-29-1983
Institution   FSP MAIN

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E- Education

DC4-701 (Effective 4/8/10)       Incorporated by Reference In Rule 33-602.210

Case 1:21-cv-24136-AMC   Document 1-1   Entered on FLSD Docket 11/24/2021   Page 124 of 59

*The medical file is not exhausted and not limited to attached Exhibits.*

## FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care    *"EXHIBIT A01 I"*

Allergies: Iodine, Seafood.

| DATE/TIME | |
|---|---|
| 03172 1 13:00 | S: CSC: "Am i Schedule for ENT" "Earache, can barely hear" "Numbness ® hand/finger" "No longer recieving tylepfall zoloft due to hoarding" — causing flashbacks night sweats" O: 130/86, 82, 18, 98⁴ 100%. Ears: Nwnl refer to clinician for exam. hearing testing Completed 9/2020 - does not qualify for hearing aids. Hand careful v 2 Seconds full rom. Strong pulse present. A: alteration in comfort, at risk hearing Impairement. P: Refer to clinician, refer to psych. E: No appoint for ENT. diet hydration, exercise ——— K. Cribb, RN |

Inmate Name Connelly Timothy
DC# T11890    Race/Sex W/M
Date of Birth 12.29.83
Institution Fsp main.

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

DC4-701 (Effective 4/8/10)    Incorporated by Reference in Rule 33-602.210

*Ear test shows hearing lost damage approximate of injuries but not limited to.*

# AUDICC

## Hearing Test Report

115 W 27th Street, 8th Floor, New York, NY 10001
855-971-0451 | contact@audicus.com

*"EXHIBIT A01J"*

Patient Name & Identifier #: Timothy Connell T11890
Patient Age: 36
Unique Hearing Test ID: HR-2009-142025
Patient Location: Florida State Prison Main Unit
Date of Test: 9/15/2020

Hearing Test Results:

| Side | 500 Hz | 1000 Hz | 2000 Hz | 4000 Hz | 8000 Hz | PTA | Qualified | Status |
|------|--------|---------|---------|---------|---------|-----|-----------|--------|
| Left Ear | 40 dB | 35 dB | 25 dB | 45 dB | 50 dB | 38 | H1 | Test Completed |
| Right Ear | 30 dB | 25 dB | 20 dB | 30 dB | 30 dB | 29 | | Test Completed |

Reviewed By: Marianne Cramer, AuD        Date Review: 9/15/2020 3:47 PM

*Marianne Cramer*

Testing Notes: These results show hearing discrepancies between each ear.

Based on the current clinical evaluation, pt does not qualify for hearing aids.

Testing Requirements:
- Device volume is set to 50%
- Audicus equipment is being used with each patient
- Patient is being tested in a reasonably quiet space

*Assessment outputs listed above will be used to program a hearing aid to the specific patient's hearing curve, it's the responsibility of the test administrator to conduct the assessment with the testing requirements. The Audicus hearing test assessment is based on meeting the above testing requirements to ensure a controlled environment. When the assessment is administered under these testing requirements, (1) the comfort interval for falling within equivalent hearing loss ranges (ie. World Health Organization (WHO) standards) as stated above is 90% and (2) the comfort interval for falling within +/-1 of the WHO hearing loss bracket is 100%; the variability can be addressed by providing multiple adjustments of +/-10 dB via the volume button on the device.*

G. Espino, M.D.
FSP Site Med. Dir.

DEC 08 2020

*The following results are based on the assessment of the Audicus Online Hearing Test

*1st Visit to medical hours later after incident*

EXHIBIT A01B

## FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

**Allergies:**

**DATE/TIME**

7/29/19
1840

I) S/P L Ear Trauma S/P Allerg
from a Security — c/o V Hearg
L ear — Denies bleeding
Reportedly got hit in the
ear c̄ a fist
On Exam the Membrane in
the Left ear is puffy Red
s̄ active active bleeding
seen — Denies ear pain at this time
will Prophylax c̄ Amoxicillin 500n
PO uid x 5 d-n and
FU Prn

F. Papillon, MD, MPH
CHC
Dade C.I.

**Inmate Name** Connell Timothy
**DC#** 111890
**Date of Birth** 12/29/1985
**Institution** _____ **Race/Sex** _____
_____ **Dade C.I.**

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

Case 1:21-cv-24136-AMC  Document 1-1  Entered on FLSD Docket 11/24/2021  Page 74 of 59

STk Visit to 24136 AMC of perforation / infection etc.
Espino contradicts FU

## DEPARTMENT OF CORRECTION
## Chronological Record of Health Care (EXHIBIT A DIK)

56 133

| Allergies: | Seafood, Iodine | 16/27 |

| DATE/TIME | | 12/3 9/17 | BUN 21.6 |
| 5-20-20 | MD CLINIC:  SCRL   EMRL   FU  OTRL | Diagnosis: Hearing Loss (L)  Trauma 1-29-19 | 114-155 ideal w |
| MAY 20 2020 | | | |
| 0758 | BP: 118/72  HR: 59  T: 98.0  RR: 20  WT: 134.0 | | |

(From Date 01 9-4-19)

⊛ Last exam 10-28-19 — No Drum Perforation

c/o (5-4-20) pain + hearing loss "can barely hear, like "underwater"

Ⓞ Exam
(L) ear — Drum intact — areas of cerumen obstruction
— some dark brown cerumen blocking in
front of Tympanic membrane

Note: can't flush (L) ear due to H/O "ruptures membrane
+ bleeding
— can't see any perforation

Ⓐ  Possible cerumen obstruction

Ⓟ  No Tx @ this time / other ear Normal

G. Espino, M.D.
FSP Site Med, Dir.

Orders Noted
Date: 5-20-20
Time: 10:00

D. Tehoke, LPN
FSP

INCIDENTAL NOTE:
DATE: 5-20-20  TIME: 1005
INMATE REQUEST REC'D: 5-13-20
ANSWERED: 5-20-20

S. Alvarez, H.S.A.
FSP

| Inmate Name | Connell, Timothy |
| DC# | I 11890  Race/Sex  W/M |
| Date of Birth | 12/29/83 |
| Institution | FSP MAIN |

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

DC4-701 (Effective 4/8/10)     Incorporated by Reference In Rule 33-602.210

*6th Visit with Espin TR. Nurse Medical False*

## FLORIDA DEPARTMENT OF CORRECTIONS
### Chronological Record of Health Care   *"EXHIBIT A 01 L"*

Allergies: Seafood, Sardine

| DATE/TIME | |
|---|---|
| 6/9/2020 1/20 | S: I/M put in Emergnt sick call stating "Left ear is leaking some fluid" |
| | O: 131/81 T 98.7 O2 98% P 55 R 18 |
| | A: Both ear drums visualized. NO S/S of any drainage, NO cerium, NO infection. Normal Tympanic Membranes |
| | P: No treatment indicated at this time |
| | E: Do not put any objects in the ear to clean them. PRN to clinic if symptoms return |
| | A. M. McCabe RN<br>Florida State Prison |
| 6-11-20 1120 | S: I/M# 005-2006-0251 Rec 6-9-20 Ans 6-11-20 |
| | O: S/C Treatment T g/s@o 6/9/20 No Tx indicated |
| | A: Seen |
| | P: Denied |
| | RS RN   R. Singletary, DON |
| 6-22-20 1019 | Seen by MH PSR   J.M. MA<br>MH PRO<br>PSR MH |
| 6-22-20 1045 | SEEN IN MENTAL HEALTH |

Inmate Name Connell, Timothy
DC# T11890   Race/Sex W/M
Date of Birth 12-29-83
Institution Florida State Prison MU

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

DC4-701 (Effective 4/8/10)        Incorporated by Reference in Rule 33-602.210

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
**INMATE SICK-CALL REQUEST**                    *EXHIBIT A01M*

Date: *4.2.21*                     Time: *6:00 AM*

Inmate Name: *Connell, Timothy*        DC#: *T11890*

Housing assignment: *B-1116*           Job assignment: _____

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.)  ☐ Yes  ☑ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)  ☐ Yes  ☑ No
If so, why: _____

Problem:

☐   Pass/pass renewal          *Neomycin & Polymyxin B Sulfate & Hydrocortisone*

☑   Medication renewal          *Otic Solution, USP (sterile) proscribed is prohibited*
                                  *according to the **WARNINGS**: Neomycin can induce permanent*
☑   Need information (explain): *sensorineural hearing loss due to cochlear damage. Farther the*

☐   Problem with ADA/Disability equipment or supplies (explain the problem): _____

_____

☐   Mental Health          *WARNINGS Elaborates in relevant part Quote:*

☐   Dental          *"....Patients being treated with eardrops Containing Neomycin*
                     *should be under close clinical observation. Due to the acidity, which may*
☐   Medical (explain): *Cause burning and stinging. Neomycin & Polymyxin B Sulfates and*
*Hydrocortisone otic Solution should not be used in any Patients with a PERFORATE*
*TYMPANIC MEMBRANE"... Unquote.   It should be noted that upon Information*
*and/or belief that me the patient has such injury a Perforated Tympanic*
When did problem/symptoms start? *Membrane, and according to the Clinical Pharacology WARNINGS*
*this medicine is prohibited and will administer permanent sensorineural hearing loss.*
*Note: I used this as Proscribed one time and immediate burning, stinging, Needle NUMBNESS*

| To be completed by Triage Nurse: | |
|---|---|
| Triaged by: (Print name and licensure) _____ on (Date) _____ | *arrived. and each* |
| Assigned Triage Level:  ☐ Routine   ☐ Urgent   ☐ Emergent | *excruciating pain* |
| Date patient assessed by nurse: _____ Signature/Stamp of Nurse Completing Sick Call: _____ | *I have not slep* |

Inmate Name *Connell, Timothy*                      Distribution: Original—Nursing Supervisor      *all night since*
DC# *T11890*              Race/Sex *w/M*       Pink—Inmate (special housing only-otherwise      *and have a bad*
Date of Birth *12-29-1983*                           destroy copy)                                 *head ache.*
Institution *B.S.P. Main unit.*      This form is not to be amended, revised, or altered
                                     without approval of the Chief of Health Services      *Please fix this erroneous*
                                     Administration.                                        *Prescription. Thank you.*

3.                 * Time Line *           Delayed TX? S.O.S.

1. July 29th, 2019 @ 4:00 AM Captain Thomas Coopman
   at Dade Correctional Inst. Punched me Timothy Connell
   DC# T11890 in the stomach 5X and 1X in my left
   ear in the Medical Dept and busted/ruptured my left
   ear and my ear immediately went to ringing and
   like air was let out like a car tire and began
   bleeding inside, the hearing was lost and since the ear
   was stopped up and leaking fluids, aint been the same since.

2. I seen Doctor Pabbillon at Dude C.I. he noticed internal
   bleeding. and noted no active bleeding, but red puffy swelling and
   perfuration, he procribed me amoxicillin and a follow
   up exam, for prevention of infection

   was seen several times through sick call at Dade,
   and Doctor Ginart M.D. seen me noticed "Perfuration"
   and refered me to ENT specialist, on 9-4-2019, also
   procribed Motrin 600 Mg I never received KOP.

   upon arival at F.S.P. on 9/25/2019 doctor
   Espino "Discontinued" my "ENT" specialist referal
   and falsity wrote documented no perfuration, no draining
   ect D/C Consultation To ENT. For no reason or
                              To Cover up Injury!??
5. Signed up sick call several more times acute
   pain, lost of hearing no treatment provided.
                              48 of 48
1. Seen again, By a nurse and doctor Espino, whom
                         said face that nothing

78 OF 114

wrong with my ear, no perfuration, draining noted etc. Cover up?? mis diagnosis?? Don't know perplexed confused, angery, let down, hurt, discouraged no treatment no Justice.

7. Again Submitted grievance See log # 1910-205-~~200~~ 160, See, log # 205-2006-0257 and other request grievance all attached. was Denied again.

3. on 6/10/2020 was Seen by Doctor espino? and he denied anything wrong with ear. ???!!?

9. Again on 6/26/2020 finnally Seen by another nurse "RN Cribbs whome looked at my ear and Immediately stated "Yes your ear is definately Perfurated and has a hole with fluid draining" She documented it on medical file and advised She would Converse with DOH and later that day 6/26/2020 I signed a form to Consent to ENT Specailist again this time. Co-Signed By Doctor espino. wow there is a God!

Relief Sought = "Life Savior" Thank you

need Immediate treatment, it's been a long delay, Pain Suffering hearing lost acute Pain chronic on going ~~No OFuse~~ delayed for what.?!! why do I have to suffer I am no child molester ~ murder, I never hurted any body my whole life only

79 OF 114

**DEPARTMENT OF CORRECTIONS**

INMATE REQUEST  "*INFORMAL GRIEVANCE*"  *Medical Grievance*

Team Number: _____
Institution: F.S.D. M U

TO: (Check One)
[✓] Warden [ ] Classification [ ] Medical [ ] Dental " **EXHIBIT A 012** "
[ ] Asst. Warden [ ] Security [ ] Mental Health [ ] Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Timothy A. Connell | T11890 | C-1109-5 | CM | 4/30/21 |

REQUEST      Check here if this is an informal grievance [✓]

This grievance is in regards to the Continuous deprivation of adequate Medical care.
1). Since July 29, 2019 I've been impeded, delayed and denied treatment to my left ear inwhich is perforated upon information and belief. (Denied E.N.T.)

2) I've submitted several sick calls and been charged numerous times in direct violation of Institution Operating Procedure 403.006 sick call - Emergency protocol to no availability — I am no receiving any treatment.

3) Since 9/4/2019 I've been refered to a E.N.T. (3) three times and have not attended to me yet.

4) I am in chronic acute pain - Relief Sought: Refer to E.NT.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED

Inmate (Signature) _____   DC#: T11890   RECEIVED

MAY 06 2021                DO NOT WRITE BELOW THIS LINE        MAY 04 2021

Health Services Administrator  _____  DATE RECEIVED: _____
FSP          2105-2105-0102            FSP Grievance Office

Your referred to ENT by the clinician and the consult was not approved. If you are still experiencing problems access sick call.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Denied_ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): R. Singletary, DON | Official (Signature): RSIGEN | Date: 5/6/21 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

"INFORMAL GRIEVANCE" Document STATE OF FLORIDA FLSD Docket 11/24/2018 Page 46 of 59   "EXHIBIT A"

**INMATE REQUEST**
"Chief Health officer"

Mail Number: _____
Team Number: _07_
Institution: _FSPMU_

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

| TO: (Check One) | ☐ Warden | ☐ Classification | ☑ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other _____ |

| FROM: | Inmate Name _Timothy A. Connell_ | DC Number _T11890_ | Quarters _K-1225s_ | Job Assignment _CM_ | Date _5/13/21_ |
|---|---|---|---|---|---|

REQUEST.                                          Check here if this is an informal grievance ☐

I've submitted over 25 sick call request for acute/chronic ear pain, fluid
leaking out of my left ear from a physical altercation on 7/29/2019 @ 4:am
and have been delayed, impeded and frustrated access to adequate
medical care, this is in direct violation of Institution operating procedure
403.006 "sick call- emergency process" in which my reoccurring issue I've been
charged numerous times to no availability no treatment rendered. *
Please Reimburse my monies or have me seen by a E.N.T.
I've been refered to A E.N.T. four different times since July
29, 2019 and the referals for no prealogical reasoning has been delayed,
impeded, and frustrated. I suffer daily and I am losing my
hearing and have brown fluid leaking out of my ear. Please
let me be seen as soon as posible by an E.N.T. Thank you.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All
informal grievances will be responded to in writing.   God Bless.

RECEIVED Inmate (Signature) _Timothy A. Connell_                    DC#: _T11890_           RECEIVED

MAY 17 2021                  DO NOT WRITE BELOW THIS LINE              MAY 14 2021
Health Service Administrator
FSP
RESPONSE 205-2105-0345 DATE RECEIVED FSP Grievance Office

A new Cnsult for ENT was completed and
submitted 4/2/21. and is pending approval

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Denied_ . (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): _R.Singletary, RN_   FSP | Official (Signature): _____ | Date: _5/18/21_ |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)
                              Incorporated by Reference in Rule 33-103.005, F.A.C.

81 OF 114

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
# INMATE SICK-CALL REQUEST

Date: _July 19th, 2021_          Time: _2:50pm_

Inmate Name: _Connell, Timothy_     DC# _T11890_

Housing assignment: _____     Job assignment: _____

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.) ☐ Yes ☐ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)   ☐ Yes ☐ No
If so, why: _____

Problem:

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain): _____

☐   Problem with ADA/Disability equipment or supplies (explain the problem): _____

☐   Mental Health

☐   Dental

☑   Medical (explain): _I have constant chronic acute pain in my_
_left temporal membrane which upon information and belief is_
_causing brain serum fluids blocking my learning to hear conversation to which I have constant headaches, this list is not exh..._

When did problem/symptoms start? _____
_____

---

To be completed by Triage Nurse:

Triaged by: (Print name and licensure) _____
Assigned Triage Level:  ☐ Routine   ☐ Urgent   ☐ Em
Date patient assessed by nurse: _____ Signature/Stamp

Inmate Name _Connell, Timothy_
DC# _T11890_                        Race/Sex _w/m_
Date of Birth _12-04-1993_
Institution _E.C.I._

_82 OF 114_

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
# INMATE SICK-CALL REQUEST

Date: _Oct 0021 8th_          Time: _____

Inmate Name: _Connell, Timothy_      DC#: _T118940_

Housing assignment: _E3 101/13_      Job assignment: _____

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.)  ☐ Yes ☐ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)  ☐ Yes ☐ No
If so, why: _____

Problem:

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain): _____

☐   Problem with ADA/Disability equipment or supplies (explain the problem): _____

☑   Mental Health _____

☐   Dental

☑   Medical (explain): _____
_____
_____

When did problem/symptoms start? _____
_____

| To be completed by Triage Nurse: |
| Triaged by: (Print name and licensure) _____ on (Date) _____ |
| Assigned Triage Level: ☐ Routine   ☐ Urgent   ☐ Emergent |
| Date patient assessed by nurse: _____ Signature/Stamp of Nurse Completing Sick Call: |

Inmate Name _Connell Tim_

DC# _T11890_     Race/Sex _w/M_

Date of Birth _12-29-1983_

Institution _E se main_

Distribution: Original---Nursing Supervisor
Pink---Inmate (special housing only-otherwise
destroy copy)
This form is not to be amended, revised, or altered
without approval of the Chief of Health Services
Administration.

DC4-698A (Revised 4/20)     Incorporated by Reference in Rule 33-402.101, F.A.C.

83 OF 114

RIDA DEPARTMENT OF CORRECTION
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

.e: _August 4th, 2020_                    Time: _@ 6:00 AM_

Inmate Name: _Connell, Timothy_     DC#: _T11890_

Housing assignment: _M-1110-5_     Job assignment: _CM II_

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.) ☐Yes ☐ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)  ☐Yes ☐ No
If so, why:_____

Problem:

☐     Pass/pass renewal

☐     Medication renewal

☐     Need information (explain):_____

☐     Problem with ADA/Disability equipment or supplies (explain the problem): _____

_____

☐     Mental Health

☐     Dental

☑     Medical (explain): ① _I have athlets feet on My left foot itching bad with red rashes._

② _Ear stoped up painful / Cant hear left ear_

When did problem/symptoms start? ① _Week ago_

② _7/29/2019 @ 4:00AM_

To be completed by Triage Nurse:
Triaged by: (Print name and licensure) _____  on(Date) _8.6.20_
Assigned Triage Level: ☐ Routine  ☐ Urgent  ☐ Emergent
Date patient assessed by nurse: _8.6.20_ Signature/Stamp of Nurse Completing Sick Call: _____

Inmate Name _Connell, Timothy_
DC# _T11890_                Race/Sex _W/M_
Date of Birth _12-29-1983_
Institution _F.S.D._

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only,otherwise destroy copy)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

DC4-698A (Revised 4/20)          Incorporated by Reference in Rule 33-402.101, F.A.C.

_84 OF 114_

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: _June 8th, 2020_                    Time: _@ 6:00am_

Inmate Name: _Timothy Alan Connell_    DC#: _T11890_

Housing assignment: _J-1226-S_         Job assignment: _CM_

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.) ☐Yes ☑No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.) ☑Yes ☐No
If so, why: _illiterate / can't read / write._

Problem:

                                    "_Medical Emergency_"   _Urgent!_

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain): _____

☐   Problem with ADA/Disability equipment or supplies (explain the problem): _____

☐   Mental Health

☐   Dental

☑   Medical (explain): _My left ear is leaking some fluid, brown puss type,_
_My ear is clogged and has constant ear ache._

When did problem/symptoms start? _July 29th, 2020_

| To be completed by Triage Nurse: | |
|---|---|
| Triaged by: (Print name and licensure) _M. McCabe RN_ _Florida State Prison_ | on (Date) _6/9_ |
| Assigned Triage Level: ☐ Routine   ☐ Urgent   ☑ Emergent | |
| Date patient assessed by nurse: _6/9_   Signature/Stamp of Nurse Completing Sick Call _M. McCabe RN_ _Florida State Prison_ | |

Inmate Name _Timothy A. Connell_
DC# _T11890_                    Race/Sex _w/m_
Date of Birth _12-29-1983_
Institution _F.S.P._

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

DC4-698A (Revised 4/20)        Incorporated by Reference in Rule 33-402.101, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: 12-7-2020   12/8/2020   Time: @ 8:00 AM

Inmate Name: Connell, Timothy A.   DC#: 111890

Housing assignment: FB-1208-5   Job assignment: CM

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.) ☐ Yes ☐ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.) ☐ Yes ☐ No
If so, why: _____

Problem:

☐ Pass/pass renewal

☐ Medication renewal    I was scheduled two different times to see a Ear, Nose,
throat specialist (opthomologist) on 9-4-2019 @ 6-26-2020 and have

☑ Need information (explain): not see any one yet... Can you please provide me with any information
as to when (aproximately) please. I can't hear good out my left ear it's in pain and has been

☑ Problem with ADA/Disability equipment or supplies (explain the problem):
Need earing aid, or other treatment. Need to see somebody
My ear is messed up.

☐ Mental Health
Sorry for the hassle. But I have

☐ Dental

☑ Medical (explain): Chronic acute pain in left ear as a result of physical assault.
Ear is stopped up and leaking fluids at times, I have been seen for this a bunch of
times, and keep getting charged a co-pay in violation of Institution operating procedure
403.006 Sick call protocol states the issue suppose to be dealt with initially the first
When did problem/symptoms start? time but Iam being impeded from reasonable medical care. Iam not blaming any one. I just
need help thats all and can't go to a doctor myself or I would. Can I please see
the doctor please ? thank you - I really do Got a legitimate medical condition.

| To be completed by Triage Nurse: | |
|---|---|
| Triaged by: (Print name and licensure) M.Powell RN RSD-III   on (Date) 12-8-20 | Thank you. |
| Assigned Triage Level: ☑ Routine   ☐ Urgent   ☐ Emergent | All lives Matter |
| Date patient assessed by nurse: 12-9-20   Signature/Stamp of Nurse Completing Sick Call: V Starunges | |

Inmate Name Connell, Timothy A.

DC# 111890   Race/Sex W/M

Date of Birth 12-29-1983

Institution Florida State Prison Main Unit

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise
destroy copy).

This form is not to be amended, revised, or altered
without approval of the Chief of Health Services
Administration.

DC4-698A (Revised 4/20)       Incorporated by Reference in Rule 33-402.101, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: _June 26th, 2020_      Time: _@ 8:30 AM_

Inmate Name: _Timothy Alan Connell_    DC#: _T11890_

Housing assignment: _M-1108-S_    Job assignment: _CM 11_

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.) ☐ Yes ☑ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.) ☑ Yes ☐ No
If so, why: _illiterate_

Problem:

☐    Pass/pass renewal

☐    Medication renewal

☐    Need information (explain): _____

☑    Problem with ADA/Disability equipment or supplies (explain the problem): _"Need hearing aid"_
_in left ear._

☐    Mental Health

☐    Dental

☑    Medical (explain): _I can't hear that good out of my left ear_
_and like 95% of my hearing is gone._
_have ear ache and /ear stopped up_

When did problem/symptoms start? _July 29th, 2019 @ 4:00 AM_

| | |
|---|---|
| To be completed by Triage Nurse: | |
| Triaged by: (Print name and licensure) _____ on (Date) _6.25.20_ | |
| Assigned Triage Level: ☐ Routine  ☐ Urgent  ☐ Emergent | |
| Date patient assessed by nurse _6-25-20_ Signature/Stamp of Nurse Completing Sick Call | |

Inmate Name _Timothy Alan Connell_     Distribution: Original—Nursing Supervisor
DC# _T11890_    Race/Sex _w/m_     Pink—Inmate (special housing only-otherwise
Date of Birth _12-29-1983_          destroy copy)
Institution _Florida State Prison_     This form is not to be amended, revised, or altered
without approval of the Chief of Health Services
Administration.

87 OF 114

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
# INMATE SICK-CALL REQUEST

Date: _Aug 25th, 2019_          Time: _a) 3: 20PM_

Inmate Name: _Cornell, Timothy_     DC#: _T11890_

Housing assignment: _F-2105_

Job assignment: _Confinement_

Problem: _"This is my 4th Sick Call and have not been seen"_

☐ Pass/pass renewal

☐ Medication renewal     _"_

☐ Need information (explain): _Medical Emergency!"_
Date Recieved: AUG 27 2019 Sx/Stamp: ✗

Date Triaged by RN: AUG 27 2019  RN Sx/Stamp:
☐ Mental Health     Traige Level (Circle 1)
                    1-Emergent    2-Urgent    3-Routine     _ATUERO RN DCI_

☐ Dental     _MY_      Date Seen: 8/27/19 by Sx/Stamp: _A Kennedy, LPN Kennedy, LPN DCI_

☑ Medical (explain): _Eardrum is busted 1/2 way out of my left Ear and I am in constant Pain._
_I am being denied my medical attention by Security and medical Staff too._

Date Recieved: 8-28-19 Sx/Stamp: ✗ K McCar RN Dade
Date Triaged by RN: 8-28-19  RN Sx/Stamp: OAD
Traige Level (Circle 1)
1-Emergent    2-Urgent    3-Routine

When did problem/symptoms start?      Date Seen:  by Sx/Stamp:
_July 29th, 2019_

Inmate Name _Cornell, Timothy_
DC# _T11890_          Race/Sex _W/M_
Date of Birth _12-29-1983_
Institution _Dade Correct. Inst._

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval by the Office Health Services-Administration

DC4-698A (Revised 6/11/08)          Incorporated by Reference in Rule 33-402.101, F.A.C.

88 0F 114

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
# INMATE SICK-CALL REQUEST

Date: 5/13/21                    Time: 8 AM

Inmate Name: Connell, Timothy      DC#: T11590

Housing assignment: K-1225          Job assignment: _____

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.) ☐Yes ☐No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.) ☐Yes ☐No
If so, why: _____

Problem:

☐ Pass/pass renewal

☐ Medication renewal

☑ Need information (explain): was scheduled 4x to see E.N.T. b/c...

☐ Problem with ADA/Disability equipment or supplies (explain the problem): _____

☐ Mental Health

☐ Dental

☑ Medical (explain): Chronic/severe ear pain, leaking brown fluid. Tympanic...

When did problem/symptoms start? 7/29/19

---

**To be completed by Triage Nurse:**
Triaged by: (Print name and licensure) _____ on (Date) _____
Assigned Triage Level: ☐ Routine   ☐ Urgent   ☐ Emergent
Date patient assessed by nurse: ____ Signature/Stamp of Nurse Completing Sick Call:

Inmate Name: Connell, Timothy
DC#: T11590        Race/Sex: W/M
Date of Birth: 12-29-1983
Institution: F.S.P.

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
# INMATE SICK-CALL REQUEST

Date: _____   Time: _____

Inmate Name: _____   DC#: _____

Housing assignment: _____   Job assignment: _____

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.)  ☐ Yes  ☐ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)  ☐ Yes  ☐ No
If so, why: _____

Problem:

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain): _____

☐   Problem with ADA/Disability equipment or supplies (explain the problem): _____

☐   Mental Health

☐   Dental

☐   Medical (explain): _____

When did problem/symptoms start? _____

---

To be completed by Triage Nurse:
Triaged by: (Print name and licensure) _____ on (Date) _____
Assigned Triage Level:  ☐ Routine   ☐ Urgent   ☐ Emergent
Date patient assessed by nurse: _____   Signature/Stamp of Nurse Completing Sick Call: _____

Inmate Name _____
DC# _____   Race/Sex _____
Date of Birth _____
Institution _____

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

DC4-698A (Revised 4/20)          Incorporated by Reference in Rule 33-402.101, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
## INMATE SICK-CALL REQUEST

Date: _C·28·2021_      Time: _8:00 AM_

Inmate Name: _Connell Timothy_      DC#: _711390_

Housing assignment: _C·1111·5_      Job assignment: _____

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.)  ☐ Yes  ☑ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)  ☐ Yes  ☐ No
If so, why: _____

Problem:

☐    Pass/pass renewal

☐    Medication renewal

☐    Need information (explain): _____

☑    Problem with ADA/Disability equipment or supplies (explain the problem): _need hearing aid_ _____

☐    Mental Health

☐    Dental

☑    Medical (explain): _____

When did problem/symptoms start? _July 29, 2019 @ 9:00 AM_ _____

---

To be completed by Triage Nurse:

Triaged by: (Print name and licensure) _____ on (Date) _____

Assigned Triage Level:  ☐ Routine   ☐ Urgent   ☐ Emergent

Date patient assessed by nurse: _____ Signature/Stamp of Nurse Completing Sick Call _____

Inmate Name _Connell Timothy_

DC# _711390_    Race/Sex _B/M_

Date of Birth _12·29·1983_

Institution _F.S.P.  Main Unit_

Distribution:  Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

DC4-698A (Revised 4/20)      Incorporated by Reference in Rule 33-402.101, F.A.C.

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
# INMATE SICK-CALL REQUEST

Date: 3/28/21      Time: @ 6:00 AM

Inmate Name: Connell, Timothy      DC#: T11890

Housing assignment: B-116 S      Job assignment: ____

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.) ☐Yes ☑No
If so, what type: ____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.) ☐Yes ☑No
If so, why: ____

Problem:

☐      Pass/pass renewal

☐      Medication renewal

☐      Need information (explain): ____

☑      Problem with ADA/Disability equipment or supplies (explain the problem): _need hearing aid my hearing has got worse since not having it_ _half year_.

☑      Mental Health _my file is relevant to_

☐      Dental

☑      Medical (explain): _I was seen for sick call for infected left eardrum puncture and changed numerous times for the same recurring issue and was advised by sick call nurse I would be put in to see a doctor as of today I've still have not seen doctor and ear is clogged,_

When did problem/symptoms start? _a year ago, My hearing is getting_ _worse. I can no longer hear out of my ears that_ _are affected_

| To be completed by Triage Nurse: |
|---|
| Triaged by: (Print name and licensure) ____ on (Date) ____ |
| Assigned Triage Level: ☐ Routine ☐ Urgent ☐ Emergent |
| Date patient assessed by nurse: ____ Signature/Stamp of Nurse Completing Sick Call: ____ |

Inmate Name Connell, Timothy        Distribution: Original—Nursing Supervisor
DC# T11890   Race/Sex W/M        Pink—Inmate (special housing only-otherwise
Date of Birth 12-24-1983        destroy copy)
Institution F.S.P.        This form is not to be amended, revised, or altered
without approval of the Chief of Health Services
Administration.

DC4-698A (Revised 4/20)      Incorporated by Reference in Rule 33-402.101, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: _3-16-2021_                           Time: _8:00 PM_

Inmate Name: _Connell, Timothy A._      DC#: _T 11890_

Housing assignment: _B-1116-S_      Job assignment: _CM1 DC_

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.)  ☐ Yes  ☑ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)  ☐ Yes  ☑ No
If so, why:_____

Problem:

☐   Pass/pass renewal

☐   Medication renewal

☑   Need information (explain): _Am I still scheduled to see E.N.T. I was refered (2) times 9/14/2019 / @ 6/26/2020?, Ear aches, can barely hear etc._

☐   Problem with ADA/Disability equipment or supplies (explain the problem): _____

_____

☑   Mental Health _I am having numbness in my right hand / finger tips_

☐   Dental _it's scary. Also,_

☑   Medical (explain): _I have not been receiving my Zoloft and trileotal as proscribed by Doctors and need it, I've been having flash backs, panic attacks and nightmares, cold sweats and can't sleep. I was wrote a D.R for pills found in my locker a cell I moved in and I guess the nurse_

When did problem/symptoms start? _got my meds D/C which is not my fault cause the pills were not mine. / Also my left ear is in pain and aches and waiting for over / 20 months/ to see a Ear Doctor specialist._

| To be completed by Triage Nurse: | |
|---|---|
| Triaged by: (Print name and licensure) | _K. Cribb, RN_ on (Date) _031721_ |
| Assigned Triage Level:  ☐ Routine    ☐ Urgent    ☐ Emergent | |
| Date patient assessed by nurse: _031721_ | Signature/Stamp of Nurse Completing Sick Call: _K. Cribb, RN_ |

Inmate Name _Connell, Timothy_
DC# _711890_     Race/Sex _W/M_
Date of Birth _12-29-1983_
Institution _F.S.P. Main Unit._

Distribution:  Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

DC4-698A (Revised 4/20)          Incorporated by Reference in Rule 33-402.101, F.A.C.

# Neomycin and Polymyxin B Sulfates and Hydrocortisone Otic Solution, USP
(Sterile)

Rx only

**FOR USE IN EARS ONLY**

"EXHIBIT A010"

**DESCRIPTION:**
Neomycin and Polymyxin B Sulfates and Hydrocortisone Otic Solution, USP is a sterile antibacterial and anti-inflammatory solution for otic use.

Each mL contains: ACTIVES: Neomycin Sulfate equivalent to 3.5 mg neomycin base, polymyxin B sulfate equivalent to 10,000 polymyxin B units, and hydrocortisone 10 mg (1%). INACTIVES: Propylene Glycol, Hydrochloric Acid, Potassium Metabisulfite, Cupric Sulfate, Glycerin, Purified Water. The pH range is 2.0 to 4.5.

Neomycin sulfate is the sulfate salt of neomycin B and C, which are produced by the growth of *Streptomyces fradiae* Waksman (Fam. Streptomycetaceae). It has a potency equivalent of not less than 600 micrograms of neomycin standard per milligram, calculated on an anhydrous basis. The structural formulae are:



Neomycin B ($R_1 = H$, $R_2 = CH_2NH_2$)
Neomycin C ($R_1 = CH_2NH_2$, $R_2 = H$)

Polymyxin B sulfate is the sulfate salt of polymyxin $B_1$ and $B_2$, which are produced by the growth of *Bacillus polymyxa* (Prazmowski) Migula (Fam. Bacillaceae). It has a potency of not less than 6,500 polymyxin B units per milligram, calculated on an anhydrous basis. The structural formulae are:



Polymyxin $B_1$ (R=(+)-6-methyloctanoyl)
Polymyxin $B_2$ (R=6-methylheptanoyl)
DAB = $\alpha,\gamma$-diaminobutyric acid

Hydrocortisone, 11β, 17, 21-trihydroxypregn-4-ene-3,20-dione, is an anti-inflammatory hormone. Its structural formula is:



$C_{21}H_{30}O_5$   Mol. Wt. 362.46

**CLINICAL PHARMACOLOGY:**
Corticoids suppress the inflammatory response to a variety of agents and they may delay healing. Since corticoids may inhibit the body's defense mechanism against infection, a concomitant antimicrobial drug may be used when this inhibition is considered to be clinically significant in a particular case.

The anti-infective components in the combination are included to provide action against specific organisms susceptible to them. Neomycin sulfate and polymyxin B sulfate together are considered active against the following microorganisms: *Staphylococcus aureus, Escherichia coli, Haemophilus influenzae, Klebsiella-Enterobacter* species, *Neisseria* species, and *Pseudomonas aeruginosa*. This product does not provide adequate coverage against *Serratia marcescens* and streptococci, including *Streptococcus pneumoniae*.

The relative potency of corticosteroids depends on the molecular structure, concentration, and release from the vehicle.

**INDICATIONS AND USAGE:**
For the treatment of superficial bacterial infections of the external auditory canal caused by organisms susceptible to the action of the antibiotics.

**CONTRAINDICATIONS:**
This product is contraindicated in those individuals who have shown hypersensitivity to any of its components. This product should not be used if the external auditory canal disorder is suspected or known to be due to cutaneous viral infection (for example, herpes simplex virus or varicella zoster virus).

**WARNINGS:**
Neomycin can induce permanent sensorineural hearing loss due to cochlear damage, mainly destruction of hair cells in the organ of Corti. The risk of ototoxicity is greater with prolonged use; therefore, duration of therapy should be limited to 10 consecutive days (see PRECAUTIONS - General).

Patients being treated with eardrops containing neomycin should be under close clinical observation. Due to the acidity, which may cause burning and stinging, Neomycin and Polymyxin B Sulfates and Hydrocortisone Otic Solution should not be used in any patient with a perforated tympanic membrane.

Neomycin sulfate may cause cutaneous sensitization. A precise incidence of hypersensitivity reactions (primarily skin rash) due to topical neomycin is not known. Discontinue this product promptly if sensitization or irritation occurs.

When using neomycin-containing products to control secondary infection in the chronic dermatoses, such as chronic otitis externa or stasis dermatitis, it should be borne in mind that the skin in these conditions is more liable than is normal skin to become sensitized to many substances, including neomycin. The manifestation of sensitization to neomycin is usually a low-grade reddening with swelling, dry scaling and itching; it may be manifested simply as a failure to heal. Periodic examination for such signs is advisable, and the patient should be told to discontinue the product if they are observed. These symptoms regress quickly on withdrawing the medication. Neomycin-containing applications should be avoided for the patient thereafter.

Contains potassium metabisulfite, a sulfite that may cause allergic-type reactions including anaphylactic symptoms and life-threatening or less severe asthmatic episodes in certain susceptible people. The overall prevalence of sulfite sensitivity in the general population is unknown and probably low. Sulfite sensitivity is seen more frequently in asthmatic than in nonasthmatic people.

**PRECAUTIONS:**
General
As with other antibiotic preparations, prolonged use may result in overgrowth of nonsusceptible organisms, including fungi.

If the infection is not improved after 1 week, cultures and susceptibility tests should be repeated to verify the identity of the organism and to determine whether therapy should be changed.

Treatment should not be continued for longer than 10 days.

← Ear drops
Not allowed
for Perforated ear.

94 OF 114

Mammalian fat Patients: Avoid contaminating bottle tip with material from the ear, fingers or other sources. This solution is necessary that the sterility of the drops is to be preserved.

If transcitation or irritation occurs, discontinue use immediately and contact your physician.

Do not use in the eyes.

**Laboratory Tests:** Systemic effects of excessive levels of hydrocortisone may include a reduction in the number of circulating eosinophils and a decrease in urinary excretion of 17-hydroxycorticosteroids.

**Carcinogenesis, Mutagenesis, Impairment of Fertility:** Long-term studies in animals (rats, rabbits, mice) showed no evidence of carcinogenicity, attributable to oral administration of corticosteroids.

**Pregnancy:** Teratogenic effects: Pregnancy Category C: Corticosteroids have been shown to be teratogenic in rabbits when applied topically at concentrations of 0.5% on days 6 to 18 of gestation and in mice when applied topically at a concentration of 15% on days 10 to 13 of gestation. There are no adequate and well-controlled studies in pregnant women. Corticosteroids should be used during pregnancy only if the potential benefit justifies the potential risk to the fetus.

**Nursing Mothers:** Hydrocortisone appears in human milk following oral administration of the drug. Since systemic absorption of hydrocortisone may occur when applied topically, caution should be exercised when Neomycin and Polymyxin B Sulfates and Hydrocortisone Otic Solution is used by a nursing women.

**Pediatric Use:** The safety and effectiveness of Neomycin and Polymyxin B Sulfates and Hydrocortisone Otic Solution in otitis externa have been established in the pediatric age group 2 years to 18 years of age. There is inadequate data to establish safety and effectiveness in otitis externa for pediatric patients under 2 years of age.

**Geriatric Use:** Clinical studies of Neomycin and Polymyxin B Sulfates and Hydrocortisone Otic Solution did not include sufficient numbers of subjects aged 65 and over to determine whether they respond differently from younger subjects. Other reported clinical experience has not identified differences in responses between the elderly and younger patients.

**ADVERSE REACTIONS:**
Neomycin occasionally causes skin sensitization. Ototoxicity and nephrotoxicity have also been reported (see WARNINGS). Adverse reactions have occurred with topical use of antibiotic combinations including neomycin and polymyxin B. Exact incidence figures are not available since no denominator of treated patients is available. The reaction occurring most often is allergic sensitization. In one clinical study, using a 20% neomycin patch, neomycin-induced allergic skin reactions occurred in two of 2,175 (0.09%) individuals in the general population. In another study, the incidence was found to be approximately 1%.

The following local adverse reactions have been reported with topical corticosteroids, especially under occlusive dressings: burning, itching, irritation, dryness, folliculitis, hypertrichosis, acneiform eruptions, hypopigmentation, perioral dermatitis, allergic contact dermatitis, maceration of the skin, secondary infection, skin atrophy, striae, and miliaria. Stinging and burning have been reported when this product has gained access to the middle ear.

To report SUSPECTED ADVERSE REACTIONS, contact Bausch + Lomb, a division of Valeant Pharmaceuticals North America LLC, at 1-800-321-4576 or FDA at 1-800-FDA-1088 or www.fda.gov/medwatch.

**DOSAGE AND ADMINISTRATION:**
Therapy with this product should be limited to 10 consecutive days. The external auditory canal should be thoroughly cleansed and dried with a sterile cotton applicator.

For adults, four drops of the solution should be instilled into the affected ear 3 or 4 times daily. For infants and children, three drops are suggested because of the smaller capacity of the ear canal.

The patient should lie with the affected ear upward and then the drops should be instilled. This position should be maintained for 5 minutes to facilitate penetration of the drops into the ear canal.

Repeat, if necessary, for the opposite ear.

If preferred, a cotton wick may be inserted into the canal and then the cotton may be saturated with the solution. This wick should be kept moist by adding further solution every 4 hours. The wick should be replaced at least once every 24 hours.

**HOW SUPPLIED:**
Neomycin and Polymyxin B Sulfates and Hydrocortisone Otic Solution, USP is supplied in a white plastic dropper bottle in the following size:
10 mL - NDC 24208-631-10

Storage: Store between 15°-25°C (59°-77°F).

Rx only

Securely tighten cap between uses.

| DO NOT USE IF IMPRINTED NECKBAND IS NOT INTACT. |
|---|

KEEP OUT OF REACH OF CHILDREN.

**REFERENCES:**
1. Jones AW, Ahluwalia G, Boldin M. Otorrhea Otic Solution for Treatment of Otitis Externa in Children and Adults. Arch Otolaryngol Head Neck Surg. 1997; 123: 1193-1200.
2. Linden JJ, Wagman AM. Contact dermatitis to neomycin sulfate. JAMA 1979; 242: 1276-1278.
3. Prystowsky SD, Allen AM, Smith RW, Nonemura JH, Odom RB, Akers WA. Allergic contact hypersensitivity to nickel, neomycin, ethylenediamine, and benzocaine: relationships between age, sex, history of exposure, and reactivity to standard patch tests and use tests in a general population. Arch Dermatol 1979; 115:959-962.

Bausch + Lomb, a division of
Valeant Pharmaceuticals North America LLC
Bridgewater, NJ 08807 USA
©Bausch & Lomb Incorporated

Revised August 2018

9 5   OF 114

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## INMATE REQUEST

Mail Number: _____
Team Number: _____ 09
Institution: _____ FSP

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☑ Other | Doctor Collins |
|---|---|---|---|---|---|

| FROM: | Inmate Name Timothy A. Connell | DC Number T11890 | Quarters K-1131-S | Job Assignment | Date 3/22/2022 |
|---|---|---|---|---|---|

**REQUEST**                                          Check here if this is an informal grievance ☐

Sir, is antibiotics bad for you to continue to procribe them to me? Reason I am asking is because Ive been placed on Antibiotics (6) times since (2019). Autoimmune disease(s)? Need Probiotics?

Also Sir you informed me that I was going to see a E.N.T. and sign a consultation form consent? I never received one.

I need to speak with you please.

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _____          DC#: T11890

─────────── **DO NOT WRITE BELOW THIS LINE** ───────────

## RESPONSE                                DATE RECEIVED: 3/24/22

Your consult has been routed and pending an appt date.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): K Smith LPN 1991 (Coordinator) | Official (Signature): _____ | Date: 3/27/22 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

• Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

96 OF 8114

*"Informal Grievance"*

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _F.S.P. M.U._

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Connell, Timothy | DC Number T11890 | Quarters B·H88-S | Job Assignment | Date 7/14/22 |
|---|---|---|---|---|---|

**REQUEST**                                      Check here if this is an informal grievance ☑

I have a perforated left tympanic membrane which is ruptured. I've filled out several, countless sick calls all to no avail. Thus I am submitting this Informal Grievance to remedy this serious issue of deprivation of adequate medical treatment. In support I state the following: 1. on July 29, 2019 @ 4am I was punched with a closed fist in my left ear which is leaking fluids now still. It's not ear wax. I've filled out several sick calls and receive the run around. Pursuant to Procedural Number 403.006 which governors sick call process and emergencies. States in part: (4) sick call (3) Based on the evaluation of the problems nursing staff will make a clinician referral (b) every attempt should be made to address the inmate's complaint/s by the staff at the <u>initial</u> sick call encounter (i.e., the day the DC4-698A is triaged). This ensures: 1. A significant illness issues is identified (that may not have been recognized based on the

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

1 OF 2                                T11890

DO NOT WRITE BELOW THIS LINE                          RECEIVED

**RESPONSE** 205-2202-0518   DATE RECEIVED:   FEB 15 2022

You were seen in sick call on 2/15/22 & prescribed antibiotics. You were seen again in sick call on 2/24/22 and advised to complete your antibiotic treatment. If symptoms persist after you have completed your antibiotic treatment you may submit another sick call.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Denied_. (Returned, Denied or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): M. Caurel | Date: 3/01/2022 |
|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

RECEIVED
FEB 21 2022
FSP MEDICAL

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 6/12)                    97 OF 114
Incorporated by Reference in Rule 33-103.005, F.A.C.

inmates written complaint) and addressed in a timely manner; and

2. a back log of sick call request doesn't occur.

It should be noted that Grievant has submitted aproximately (50) sick calls on this same reoccuring issue. In direct violation of this procedure. And charged over $500. Do you think someone would continue to give their $ away like this if the issue was not serious?

I have been seen several times and refered to an E.N.T. aproximate (4) times and all consultations have been denied and returned for Alternative treatment? What Alternative treatment? I am receiving no treatment at all. Inburprophon - stop playing to mess up my stomach lining? This is a crime.

This is direct violation of my 8th amendment constitutional Rights and acts and ommisions of deliberate indifference.

I will pursue civil litigation against any and all people participating in the delay, impediment and frustrating of my access to proper care.

They abused me security, now medical who ever is attempting to cover this up or are you.

I will not go away. Yes it's been since July 29, 2019 I am still complaining because the problem still exists. duh-

I will pursue this whole heartedly and frankly tired of the injustice. For those whom have nothing to do with this, this don't have nothing to do with you and apologise for their [inconveince].

Thank you - C-G

98 OF 114

2 of 2

## PART B - RESPONSE

| CONNELL, TIMOTHY | T11890 | 2203-205-272 | FLORIDA STATE PRISON | K1131S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed. Review of your medical file shows that the clinician saw you on 03/21/2022 for a sick call referral for your complaint of left ear pain. At that visit, the clinician evaluated you and a referral to ENT was written.

Further review of your medical file shows that your referral to ENT is pending approval. If approved, you will be referred to the specialist for further evaluation.

Please note that it is the responsibility of your current health care staff to determine the appropriate treatment regimen for the condition you are experiencing, including specialty consults, medication prescriptions, diagnostic testing, lab work, or passes based on medical justification. You may not agree with the treatment regimen and you have the right to refuse treatment at any time, but that does not mean that you are not being provided adequate care.

If you are experiencing medical issues and/or concerns prior to your appointment, you can access sick call to be evaluated, and if medically indicated you will be referred for further evaluation.

GRIEVANCE IS HEREBY DENIED.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by paragraphs 33-103.007(3)(a) and (b), F.A.C., and forwarding your complaint to the Bureau of Policy Management and Inmate Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

| Alvia I. Varona MD CCHP | | 4-1-2 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

APR 0 4 2022

99 OF 114

*Medical Grievance*

*C/c Myfile*

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Connell, Timothy A. | TII890 | Florida State Prison M.U. |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**

**• SYNOPSIS •**

This administrative remedy is submitted in pursuant with 33-103. Fac. in which petitioner submits this challenging the continuum on going controversary concerning breach of duty and lack of due care by Centurion Medical Health care providers; in support writer states as followed: **GROUND ONE: DELIBERATE INDIFFERENCE TO MEDICAL NEEDS)** Lack of due care; breach of duty; False allegation(s); falsifying reports (examp(s):

A. Petitioner was physically assaulted on 7-24-2019 @ 4:00 AM (aprox.) at Dade Correctional Institution; in which but for the physical assault sustained the aprox of injuries.

B. Petitioner since has been delayed; interfered; impeded, intentionally frustrated access to care once proscribed by Medical doctor(s) in which he was referred to an ear, nose and throat specialist at Dade Correctional Institution & at Florida State Prison on several different occassions). On 9-14-2019 by doctor Binart M.D. and on probation 6-25-2020; by doctor Gonzalas Espino? and by Doctor or PHYSICIAN assist. practioner Collins on or around 2021 and now again on 3-21-2022 again by Collins and P.A. and accused of false allegations etc——

C. Petitioner was also administered Neomycin ear drops which is prohibited by medical which exacerbated said injury already preexisting.

Today on March 21st, 2022 @ 10:00am approximately petitioner was seen by Collins and a physician assistant whome concluded: The P.A. looked in both ears and noticed irratation in left ear; Collins seen same, and Collins accussed writer of sticking things in his ear in which petitioner informed him that: under no circumstances has he stuck anything in his ear(s), Collins stated there is/was friction in my ear caused by sticking rubbing the inside; I informed him that is possibly from the Neomycin Hydrocortisone optic solution sterele solution which is prohibited and

| 3/21/2022 | 1 OF 2 2203 | Timothy Alan Connell TII890 |
|---|---|---|
| DATE | 205 272 | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

onm    100 OF 114    0 / 1   DO NOT.
# / Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, he is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

MAR 2 2 2022

Submitted by the inmate on: _____ (Date)   Institutional Mailing Log #: _____   _____ (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY      CENTRAL OFFICE
                INMATE (2 Copies)         INMATE
                INMATE'S FILE             INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                          CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)        Incorporated by Reference in Rule 33-103.006, F.A.C.

Medical Continued 2          2 of 2

Contains acid, and other elements; substances; that but for Caused or has Caused further damage.

D. Petitioner was also accused of allowing water to get into his ear and sticking things in his ear inwhich petitioner refutes and asks "have you seen me put water in my ear? NO have you stuck anything in my ear no? they keep sticking the tool inside my ear in and out, in and out.

E. Under no Circumstances have I alowed water, or Stuck anything in my ear under no Circumstance(s) othere that a q-tip to Clean the outside of my ear.

These Allegations of Sticking things in my ear is a play tactic, strategy utilized by Security/Centurion Medical health Care Providers to deminish my Charactor attributes and credibility a Smoke Schreen used to attempt to cover up the extent of injurie(s) the aproximate of injuries to downplay injury, and also to place blame on petitioner alleging basically that I injured my self as to prevent liability on their behalf which is a custom, policy, practice, Classic examples of Curruption; malingering; reverse phycology; and reversing blame as to throw the blame off of them the real Prepertrators of the deprivation(s) lack of due care, breach of duty etc all ploys utilized to cover up these atrocities etc.

Relief requested:

Petitioner request a through and impartial investigation into this matter and request he be examed and Seen by a professional health care provider(s) whom is Qualified in Such injury of ears, nose, throat and that he be provided with proper due care tailored to his particular needs.          Timothy A. Cornell #T11890

MAILED/FILED
WITH AGENCY CLERK

APR 1 3 2022

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| CONNELL, TIMOTHY | T11890 | 22-6-08669 | FLORIDA STATE PRISON | K1131S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Varona on 3/11/22 appropriately addresses the issue you presented.

Records reviewed indicate that you were seen by the provider on 3/21/22 to address your concern.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing, including specialty consults.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

102 OF 114

*Medical Grievance*

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

MAR 2 4 2022

Bureau of Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Connell, Timothy A. | T11890 | Florida State Prison M.U. |
|---|---|---|
| Last     First     Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**                    22-6-08669

This Administrative Remedy / Appeal is Pursuant to 33.103. F.A.C. is a timely appeal to attached Medical Grievance at the Institutional Level. Writer does not agree with the response he received and in support states the following in support for relief: Grievance log # 2202-205-205 See attachements.

1. Writer Was physically assaulted at Dade C.I. By Captain Thomas Coopman on 7/29/2019 @ 4:00 AM, in which Writer was Subjected to excessive force and sustained a perforated tympanic ruptured membrane as documented lengthily in his medical file. Writer has Copies of said medical documents also the Federal Court does too.

In the response provided by an unknown doctor Alvia Varona-Cantellops, M.D. Whom Write has never seen conversed with Nor was every examed before responded with said "False" allegations. Saying Writer was seen on 2/15/2022 for ear pain and procribed "Artibiotics for redness/Inflammation "due to you sticking paper in your ear" quote unquote. This statement is false in regards to me allegily sticking paper in my ear.

Also it further falsifies more claims stating in relevent part " Further review of your file shows at no time have I been diagnosed with a perforated ear nor have I been refered to a ear specialist all lies!

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
## INMATE SICK-CALL REQUEST

Date: _4-20-22_     Time: @ 6:00 AM

Inmate Name: _Connell, Timothy_     DC#: _T11890_

Housing assignment: _B-1214_     Job assignment: _____

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.)  ☐ Yes  ☑ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)  ☐ Yes  ☑ No
If so, why: _____

Problem:

☐  Pass/pass renewal

☐  Medication renewal

☑  Need information (explain): _I was scheduled to see a E.N.T. has my consultation been aproved? note: I wish to go I.M. Not refusing [NO] Call Outs FYI. Incase_

☐  Problem with ADA/Disability equipment or supplies (explain the problem): _security lies as usual._

☐  Mental Health

☐  Dental

☑  Medical (explain): _I have Chronic Ear Pain inside my ear, Jaw, facial area, hand numbness and back of rib cage numb on and off. Having dizzness. and blured vision, Chronic head aches_

When did problem/symptoms start? _I need to see Someone as soon as possible please. Something is terribly wrong with my body ear hurts bad. Only been waiting to see E.N.T. Since 7/29_

TO BE COMPLETED BY TRIAGE NURSE:
Date/Time received: _____
Triaged by: (Print name and licensure) _____ on (Date/Time) _____
Assigned Triage Level:  ☐ Routine   ☐ Urgent   ☐ Emergent
Date patient assessed by nurse: _____ Signature/Stamp of Nurse Completing Sick Call: _____

Inmate Name _Timothy Brown Connell_
DC# _T11890_     Race/Sex _w/M_
Date of Birth _12-29-1983_
Institution _F.S.P. M.U._

Distribution:   Original – File on R side of outpatient record in date order
Pink – Inmate (special housing only – otherwise destroy)

This form is not to be amended, revised, or altered without approval of the
Chief of Health Services Administration.

_104 OF 114_

DC4-698A (Effective 05/21)     (Revised 6/21)     Incorporated by Reference in Rule 33-402.101, F.A.C.

EXHIBIT A-01N



RECEIVED

JUL 1.5 2019

FSP M/U LIBRARY

MARK S. INCH
SECRETARY

PROCEDURE NUMBER:  403.006

PROCEDURE TITLE:  SICK CALL PROCESS AND EMERGENCIES

RESPONSIBLE AUTHORITY: OFFICE OF HEALTH SERVICES

EFFECTIVE DATE  JULY 10, 2019

INITIAL ISSUE DATE:  APRIL 18, 2001

SUPERSEDES:  NONE

RELEVANT DC FORMS:  DC2-813, DC4-650B, DC4-683 SERIES, DC4-698A, DC4-698B, DC4-698C, DC4-701, DC4-711A, DC4-714E, DC4-781M, DC6-236

ACA/CAC STANDARDS:  4-4346 AND 4-4403

STATE/FEDERAL STATUTES: SECTION 945.6037, F.S.

FLORIDA ADMINISTRATIVE CODE: NONE

---

Procedure 403.006

PURPOSE:  To establish guidelines for inmate access to the health care system and triage process.

DEFINITIONS:

(1) Clinician, where used herein, refers to clinical staff (Physician, Physician's Assistant, or Advanced Practice Registered Nurse) providing direct patient care.

(2) Covered Inmate, where used herein, refers to any deaf/hard of hearing inmate (D/HOH), blind/visually impaired/disabled inmate (IVD), or inmate with a mobility impairment/disability (IMD) with a physical impairment/disability that substantially limits the inmate's hearing, seeing, or ability to move as defined in the Americans with Disabilities Act, 42 U.S.C. § 12102.

(3) Emergency, where used herein, refers to any condition which, lacking timely intervention, would subject the inmate to substantial risk of personal injury, or cause other serious degradation of the inmate's health status. A health care staff member will make this decision after an evaluation is conducted.

(4) OTC, where used herein, refers to any over-the-counter drug or medication that can be sold legally without a doctor's prescription, or over-the-counter drugs.

(5) Self-declared Emergency, where used herein, refers to a situation in which the inmate identifies the problem as an emergency. The self-declared emergency may be a medical, dental, or mental health problem.

(6) Sick Call, where used herein, refers to the process by which an inmate requests access to non-emergency health care.

(7) Special Housing, where used herein, refers to administrative confinement, disciplinary confinement, protective management, and close management units.

(8) Triage, where used herein, refers to a process of determining the urgency of a health problem and appropriate intervention.

---

SPECIFIC PROCEDURES:  Prior to conducting all screenings and evaluations, the inmate will be provided reasonable accommodations or auxiliary aid or service based on her/his disability as identified by the inmate or observed by the health care staff.

(1) ACCESS:

(a) Sick call provides access for requested medical attention for non-urgent health needs. During the initial institutional health services orientation, information will be provided to inmates regarding available hours and access to sick call for both emergency and non-emergency health care needs. Sick call sign up times and sick call hours will be posted in the medical area and inmate dormitories. FDC will utilize reasonable efforts to remind vision impaired inmates of necessary events, such as sick call sign up times.

2

105 OF 114

Procedure 403.006

(i) When an LPN assists with sick call or an emergency, their completed Nursing Protocol or SOAPE note (if no applicable Protocol is available) is to be reviewed and cosigned by a RN or clinician before the end of the shift. If no RN or clinician is scheduled on the LPN's shift, an RN or clinician on the next shift is responsible for reviewing and cosigning the LPN's assessment. The LPN's patient assessment is to be reviewed for timeliness of patient assessment, patient assessment thoroughness, and appropriateness of patient disposition. Findings of concern should be addressed by issuing a "call out" for the patient for additional evaluation.

(j) Inmates will be charged a co-payment fee for each sick call visit in accordance with "Co-Payment Requirements for Inmate Medical Encounter," Procedure 401.010, and section 945.6037, F.S.

(k) If FDC refers a covered inmate for a medical visit to assess the need for an accommodation, aid, or service, no medical co-pay is to be charged to the covered inmate. No charges shall be assessed to the referred covered inmate for accommodations, aids, or services, including batteries to use the accommodation device, that are or have been previously approved by FDC.

(l) Inmate initiated sick call visit for assessment of decline in vision, hearing, or mobility will be charged a medical co-pay and referred to the Impaired Inmate Nurse (IIN) if appropriate.

(5) SPECIAL HOUSING:

(a) Inmates in special housing shall have access to sick call seven days a week.

(b) An inmate in special housing will use a DC4-698A to sign-up for sick call. After filling out the form, the inmate will:
1. keep the pink copy; and
2. give the white copy to nursing staff during special housing rounds.

(c) Nursing staff will initial and date the white copy upon receipt.

(d) Confinement inmates requesting sick call will be added daily to the DC4-698C. Refer to section (1)(e) of this procedure for instructions on assigning a triage level and on completing the log appropriately.

(e) A list of inmates who have requested sick call will be provided to security staff, using the DC4-698B.

(f) Inmates who cannot make a written sick call request, due to language, impairment, or educational barriers, may access health care by verbal request with the assistance of an interpreter as necessary. Nursing staff conducting daily special housing rounds will place the name of any inmate unable to complete a written request on a DC4-698B to ensure the inmate will be scheduled.

(g) Copies of the DC4-698B (for special housing only) will be maintained in a file by the Nursing Supervisor or Health Services Administrator for six months and then discarded. Copies of the DC4-698A will be maintained in the same manner as open population.

(h) The following conditions/problems may be addressed at the cell front (vital signs are still required) at the discretion of the nurse; however, any of these conditions that fail to respond to two courses of treatment with OTC medication or that require access to sick call two consecutive times will require an expanded assessment outside the cell or referral to the Physician:
1. headache without visual changes;
2. insect bites;
3. blisters;
4. calluses/corns;
5. simple rash;
6. jock itch;
7. sinus;
8. sore throat; and/or
9. mild sunburn.

(i) Nurses will not perform sick call at the cell front nor in the cell except in an emergency or when addressing the health problems identified in section (5)(h) of this procedure. Vital signs are still required for these complaints. Inmates with vital signs outside the normal parameters will be assessed outside of the cell. Health care staff performing sick call should have the inmate's record at the time the inmate is evaluated. If the record is not available the inmate shall still be evaluated for his/her complaint.

(j) Complicated or special procedures will continue to be performed in the health services department, as the clinician deems necessary. However, when possible, a room in the special housing unit will be identified and equipped with appropriate equipment and supplies to allow for sick call and examinations (both nursing and clinician) to be held. If no area can be established for these purposes, inmates will be seen in the health services department.

(k) If any changes in an inmate's medical condition are identified (e.g., new diagnosis) that would affect the use of chemical restraint agents or electronic immobilization devices, a new "Risk Assessment for the Use of Chemical Restraint Agents and Electronic Immobilization Devices," DC4-650B, must be completed by healthcare staff and provided to security staff replacing the previous DC4-650B.

(6) EMERGENCIES:

(a) A health care provider will make the decision regarding whether a medical complaint constitutes an emergency, self-declared or otherwise, after an assessment.

(b) Medical emergencies shall be responded to in accordance with this procedure and "Medical Emergency Care Plan and Guidelines," HSB 15.03.22.

106 OF 114

Procedure 403.006

1. Medical emergencies, inmate declared or referred, are to take immediate precedence over all routine activities in the medical department including narcotic count, medication administration, sick call inmates, etc.

2. All emergencies, inmate-declared or referred, must be evaluated. All findings will be documented on the appropriate DC4-683 series protocol form, and placed in the inmate's medical record. Staff will document on the DC4-701 if there is no form to match the inmate's complaint. The documentation will include whether or not the complaint/condition is a true emergency.

(c) Nurses are to notify the on call clinician for those inmates who present twice with the same complaint (continued or worsening symptoms, within a 24-hour period) after regular business hours when no clinician is on site to evaluate the inmate.

(d) All inmate emergency encounters, whether inmate-declared or referral, shall be documented on the "Emergency Nursing Log," DC4-781M.

(e) If health care staff determines that the problem/event was not an emergency, the inmate will not be treated, and s/he will be referred to the next sick call if necessary.
   1. Appropriate education to prevent the problem from exacerbating is not considered treatment and will be provided.
   2. A co-payment fee will be charged for the current visit, and an additional co-payment fee will be assessed if the inmate presents at the subsequent sick call.

(f) If the health care provider determines the complaint/condition is a true emergency, no co-payment fee will be charged.

(g) An event or situation can also be declared an emergency by other Departmental staff or another inmate.

*David T. O'Donnell*

_____
Chief of Staff

9

107 · OF · 114

**PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| CONNELL, TIMOTHY | T11890 | 22-6-08669 | FLORIDA STATE PRISON | K1131S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07 (MEDICAL)

| 3/17/22 | 22-6-08669 |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

108 OF 114

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT

for the

In The Second Judicial Circuit In Leon County
Florida.

Timothy A. Connell Doc # T11890

_____
*Plaintiff/Petitioner*                    )
                                          )
Centurion medical Healthcare Providers et al.   )        Civil Action No.
_____          )
*Defendant/Respondent*                    )
Thomas coopman,                           )
Gonzalas Espino, Physician Assi, IBE

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: Florida State Prison
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.  I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.*  If I am employed, my employer's name and address are:


My gross pay or wages are:  $ _____0_____ , and my take-home pay or wages are:  $ _____0_____ per
(*specify pay period*) _____0_____

3. *Other Income.* In the past 12 months, I have received income from the following sources (*check all that apply*):

(a) Business, profession, or other self-employment        ☐ Yes        ☑ No
(b) Rent payments, interest, or dividends                 ☐ Yes        ☑ No
(c) Pension, annuity, or life insurance payments          ☐ Yes        ☑ No
(d) Disability, or worker's compensation payments         ☐ Yes        ☑ No
(e) Gifts, or inheritances                                ☐ Yes        ☑ No
(f) Any other sources   Family  See account statement     ☑ Yes        ☐ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

109 OF 114

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____N/A_____ .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

N/A

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

N/A

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

N/A

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

I have lien on account from Federal
State prison litigation. I'm indigent.

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: __5/2/2022__

_Timothy A. Connell # 711890_
Applicant's signature

_Timothy Alan Connell # 711890_
Printed name

110 OF 114

```
IBSR140 (74)                    FLORIDA DEPARTMENT OF CORRECTIONS           04/19/22
                                  TRUST FUND ACCOUNT STATEMENT              09:38:37
                                 FOR: 10/19/2021 - 04/19/2022              PAGE   1

ACCT NAME: CONNELL, TIMOTHY A.        ACCT#: ██████
     BED: B████S                       TYPE: INMATE TRUST
  PO BOX:
```

BEGINNING BALANCE 10/19/21        $0.45

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 10/31/21 | 112 | JPAY DEPOSIT | 136477559 | 000 | AMATO, HOLLY | + | $200.00 | $200.45 |
| 11/02/21 | 071 | LIEN PAYMENT | 103121112155 | 000 | | - | $40.00 | $160.45 |
| | | FED PRISON LITI - 03/28/2019 | 819CV668 | | | | | |
| 11/02/21 | 071 | LIEN PAYMENT | 103121112155 | 000 | | - | $5.00 | $155.45 |
| | | MEDICAL CO-PAY - 09/22/2021 | 0920211345CS | | | | | |
| 11/10/21 | 035 | CANTEEN SALES | 20520211109 | 000 | | - | $18.89 | $136.56 |
| 11/12/21 | 174 | JPAY DEPOSIT | 136897544 | 000 | AMATO, HOLLY | + | $200.00 | $336.56 |
| 11/12/21 | 175 | LIEN PAYMENT | 111221174036 | 000 | | - | $40.00 | $296.56 |
| | | FED PRISON LITI - 03/28/2019 | 819CV668 | | | | | |
| 11/15/21 | 141 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.19 | $296.37 |
| 11/17/21 | 031 | CANTEEN SALES | 20520211116 | 000 | | - | $15.26 | $281.11 |
| 11/17/21 | 284 | LEGAL POSTAGE W | 2021111601 | 000 | | - | $10.35 | $270.76 |
| 11/22/21 | 141 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.15 | $270.61 |
| 11/23/21 | 035 | CANTEEN SALES | 20520211122 | 000 | | - | $6.28 | $264.33 |
| 11/29/21 | 141 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.06 | $264.27 |
| 11/29/21 | 204 | LEGAL POSTAGE W | 2021112301 | 000 | | - | $1.56 | $262.71 |
| 12/01/21 | 035 | CANTEEN SALES | 20520211130 | 000 | | -( | $6.28) | $268.99 |
| 12/03/21 | 126 | INDIVIDUAL CHEC | 0757766 | 000 | JOANE L. BROWN | - | $150.00 | $118.99 |
| 12/10/21 | 279 | INDIVIDUAL CHEC | 0720074 | 000 | JOHN GESHWENDER | -( | $150.00) | $268.99 |
| 12/14/21 | 202 | LEGAL POSTAGE W | 2021121301 | 000 | | - | $1.36 | $267.63 |
| 12/15/21 | 035 | CANTEEN SALES | 20520211214 | 000 | | - | $14.23 | $253.40 |
| 12/16/21 | 269 | LEGAL POSTAGE W | 2021121601 | 000 | | - | $0.53 | $252.87 |
| 12/16/21 | 269 | LEGAL POSTAGE W | 2021121602 | 000 | | - | $0.53 | $252.34 |
| 12/20/21 | 139 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.14 | $252.20 |
| 12/21/21 | 035 | CANTEEN SALES | 20520211220 | 000 | | - | $35.35 | $216.85 |
| 12/21/21 | 116 | INDIVIDUAL CHEC | 0759906 | 000 | JOANE L BROWN | - | $200.00 | $16.85 |
| 12/27/21 | 139 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.35 | $16.50 |
| 12/28/21 | 035 | CANTEEN SALES | 20520211227 | 000 | | - | $14.98 | $1.52 |
| 01/03/22 | 139 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.15 | $1.37 |
| 01/05/22 | 035 | CANTEEN SALES | 20520220104 | 000 | | - | $1.12 | $0.25 |
| 01/10/22 | 137 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.01 | $0.24 |
| 01/13/22 | 033 | CANTEEN SALES | 20520220112 | 000 | | - | $0.18 | $0.06 |
| 01/15/22 | 033 | CANTEEN SALES | 20520220114 | 000 | | -( | $0.18) | $0.24 |
| 01/31/22 | 237 | JPAY DEPOSIT | 139550763 | 000 | BROWN, JOANE L. | + | $100.00 | $100.24 |
| 01/31/22 | 238 | LIEN PAYMENT | 013122237541 | 000 | | - | $100.00 | $0.24 |
| | | ST. PRISON LITI - 12/07/2021 | 2124136CIVCA | | | | | |
| 02/07/22 | 196 | LIEN PAYMENT | 2022020201 | 000 | | - | $0.24 | $0.00 |
| | | LEGAL POSTAGE W - 02/07/2022 | 2022020201 | | | | | |
| 02/17/22 | 124 | LIEN PAYMENT | 013122238837 | 000 | | -( | $100.00) | $100.00 |
| | | ST. PRISON LITI - 12/07/2021 | 2124136CIVCA | | | | | |
| 02/25/22 | 119 | LEGAL POSTAGE W | 2022022201 | 000 | | - | $0.53 | $99.47 |
| 02/25/22 | 119 | LEGAL POSTAGE W | 2022022202 | 000 | | - | $0.53 | $98.94 |
| 03/02/22 | 035 | CANTEEN SALES | 20520220301 | 000 | | - | $21.24 | $77.70 |

111 OF 114

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| **DIVISION**<br>☑ CIVIL<br>☑ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | **CASE NUMBER:** 3:22-CV-269 BJD-PDB<br><br>**JUDGE** Brian J. Davis |
|---|---|---|

| PLAINTIFF<br><br>Timothy Alan Connell | VS. DEFENDANT  Physician IBE<br>G. Espino, M.D.,<br>Thomas Loopman;   et al.<br>Centurion Medical Care Providers. | CLOCK IN |
|---|---|---|

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001 - $50,000
☐ $50,001 - $75,000
☐ $75,001 - $100,000
☑ over $100,000.00

FILED BY _____ D.C.

NOV 22 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**
☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence - other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic Tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability - commercial
   ☐ Premises liability - residential
☐ Products liability
☐ Real property/Mortgage foreclosure
   ☐ Commercial foreclosure
   ☐ Homestead residential foreclosure
   ☐ Non-homestead residential foreclosure
   ☐ Other real property actions
☐ Professional malpractice
   ☐ Malpractice - business
   ☑ Malpractice - medical
   ☐ Malpractice - other professional

☑ Other
   ☐ Antitrust/Trade regulation
   ☐ Business transactions
   ☐ Constitution challenge-statute or ordinance
   ☑ Constitution challenge-proposed amendment
   ☐ Corporate trust
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

**COUNTY CIVIL**
☐ Civil
☐ Real property/Mortgage foreclosure
☐ Replevins
☐ Evictions
   ☐ Residential Evictions
   ☐ Non-residential Evictions
☐ Other civil (non-monetary)

Clerk's web address: www.miami-dadeclerk.com

113 OF 114

# COMPLEX BUSINESS COURT

**REMEDIES SOUGHT** (check all that apply):
☑ Monetary;
☑ Non-monetary declaratory or injunctive relief;
☑ Punitive

**NUMBER OF CAUSES OF ACTION:** [    ]
(specify) *39 Throat, (Excessive force), (Deprivation of Medical care), (Deprivation of basic human needs such as Medical, Shelter, toilet facilities etc. Denial medical care, delay, intentionally delay, interference.*

**IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☑ No

**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☐ No
☑ Yes If "Yes", list all related cases by name, case number, and court.
*See: Full list of all lawsuits filed on section § 1983 Form.*

**IS JURY TRIAL DEMANDED IN COMPLAINT?**
☑ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature *Timothy Alan Connell*
Attorney or party    Florida Bar # _____ (Bar #, if attorney)

*Timothy Alan Connell*    Date 4/27/2022
(type or print name)

CLK/CT 96 Rev. 10/20    Clerk's web address: www.miami-dadeclerk.com

*114 OF 114*

MR. Timothy Alan Connell Doc# T11890

Florida State Prison
Postoffice Box 800

Raiford, Florida 32083

LEGAL MAI



EXPECTED DELIVERY DAY: 05/06/22

USPS TRACKING® #

9505 5166 3086 2123 1248 10

"Legal Mail"

Mailed From A State
Correctional Institution



US POSTAGE PITNEY BOWES

ZIP 32083  $ 009.25⁰
02 4W
0000385900 MAY. 03. 2022





UNITED STATES
POSTAL SERVICE®

1006          32301

U.S. POSTAGE PAID
PM 2-Day
RAIFORD, FL
32083
MAY 03, 22
AMOUNT

$0.00
R2306Y152030-02

HONORABLE CLERK OF C____

SECOND JUDICIAL CIRCU__

IN AND FOR LEON COUNTY

301 SOUTH MONROE STREET.

TALLAHASSEE, FLORIDA

32301

LEGAL MAIL
Provided to Florida State Prison on
for mailing by