UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY ALAN CONNELL,

    Plaintiff,

v.                                                    Case No.  3:23-cv-152-BJD-SJH

CENTURION MEDICAL and
GONZALAS ESPINO,

    Defendants.

**ORDER**

Plaintiff, Timothy Alan Connell, an inmate in the custody of the Florida Department of Corrections (FDOC), initiated this action in Florida's Second Judicial Circuit Court in and for Leon County, Florida, by filing a pro se Civil Rights Complaint (Doc. 1-1; Doc. 13) under 42 U.S.C. § 1983 against four Defendants – Centurion Medical Health Care (Centurion); Dade Correctional Institution Captain Thomas Coopman; Florida State Prison (FSP) Medical Director Gonzales Espino; and medical assistant Ibe. Centurion removed the action to the United States District Court for the Northern District of Florida. *See* Doc. 2. Thereafter, the Honorable Allen Winsor, United States District Judge, severed and dismissed without prejudice Plaintiff's claims against Defendant Coopman, and transferred this action and the remaining claims

against Defendants Centurion, Espino, and Ibe to this Court. *See* Doc. 8. On March 18, 2024, the Court granted Plaintiff's request to dismiss without prejudice his claims against Defendant Ibe. *See* Doc. 40. In his Complaint, Plaintiff is now proceeding on allegations that Centurion and Espino acted deliberately indifferent to his severe ear injury, violating his rights under the Eighth Amendment, as well as a state law tort claim for medical malpractice and negligence. *See generally* Doc. 13.

Before the Court are Centurion's and Espino's motions to dismiss (Doc. 35; Doc. 44), which Plaintiff opposes (Doc. 46; Doc. 53); Plaintiff's motion to incorporate all oppositions filed in No. 3:22-cv-269-BJD-PDB, extend the time to oppose the motions to dismiss, and request for leave to file an amended complaint (Doc. 47), with a proposed amended complaint (Doc. 47-2); Plaintiff's motion to comply with Florida's mandatory presuit conditions for filing a medical malpractice claim (Doc. 48); and Plaintiff's motion for expert testimony and stay of litigation (Doc. 50).

As to Plaintiff's request to file an amended complaint, he contends his current allegations in his Complaint might not state a plausible claim for relief against Centurion. Doc. 47 at 2. Thus, according to Plaintiff, he wishes to amend his Complaint to add Ricky D. Dixon in his official capacity as the Secretary of the FDOC as a defendant and expand on his allegations that the FDOC and/or Centurion's policy to delay medical care caused his ear injury to

2

deteriorate. *Id.* Defendants have not filed an opposition to the request to amend, and the time for doing so has expired.

Federal Rule of Civil Procedure 15(a)(2) provides, in relevant part, that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Notably, the Eleventh Circuit Court of Appeals "has accepted a policy of liberal amendment." *United States for Use & Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 983 (11th Cir. 1987) (citing *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519 (11th Cir. 1985); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981)); *Rudolph v. Arthur Anderson & Co.*, 800 F.2d 1040, 1041-42 (11th Cir. 1986) (noting that Rule 15's direction that leave to amend "shall be freely given when justice so requires" is a "mandate [that] is to be heeded"). To that end, because Plaintiff has not previously amended his Complaint, Defendants do not oppose his request, and upon consideration of his proposed amended complaint and his reasons for requesting leave to amend, the Court will permit the amendment. Thus, Defendants' motions to dismiss are rendered moot. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes a previously filed complaint"); *Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (noting that the filing of an amended complaint rendered moot the defendants' summary judgment).

3

As to Plaintiff's motion to comply with Florida's presuit conditions for filing a medical malpractice claim (Doc. 48) and motion for expert testimony and stay of litigation (Doc. 50), it appears Plaintiff filed those motions in response to Espino's argument that the medical malpractice and negligence claims raised in the Complaint should be dismissed (*see* Doc. 44 at 20-22). However, construing these pro se motions (Doc. 48; Doc. 50) liberally along with Plaintiff's proposed amended complaint (Doc. 47-2),[1] the Court concludes that Plaintiff intends to now pursue only § 1983 deliberate indifference claims in this action. *See* Doc. 48 at 12 ("State malpractice procedural requirements do not apply to constitutional civil rights claims in federal court. . . . 'Notice of Claim' requirement for suits against state agencies or officials d[o] not apply to § 1983 suits . . . . because it [is] in conflict with the purposes of § 1983."). And the cases Plaintiff cites in his motion (Doc. 48) confirm Plaintiff seeks to only pursue constitutional claims of deliberate indifference. *Id.* (citing *Faulkingham v. Penobscot Cnty. Jail*, 350 F. Supp. 2d 285 (D. Me. 2004) (finding that the plaintiff's filings show his claim is one of deliberate indifference under the Eighth Amendment rather than a claim seeking damages for a state cause of action); *Cordray v. Cnty. of Lincoln*, 320 F. Supp.

---

[1] The Court notes that in his proposed amended complaint, Plaintiff makes a passing reference to "negligence and malpractice" (Doc. 47-2 at 4); however, the remainder of Plaintiff's allegations clearly show he is strictly pursuing Eighth Amendment deliberate indifference claims.

4

2d 1171 (D.N.M. 2004) (noting that the plaintiff did not allege negligence but instead claimed deliberate indifference under the Eighth Amendment, and thus the procedures of the state's medical malpractice act did not apply)). As such, because the Court has permitted Plaintiff to amend his Complaint and considering Plaintiff's representations, Plaintiff's motion to comply with Florida's presuit conditions for filing a medical malpractice claim (Doc. 48) and motion for expert testimony and stay of litigation (Doc. 50) are due to be denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's motion (Doc. 47) is **GRANTED only to the extent** that Plaintiff may amend his Complaint. The Court directs the **Clerk** to docket the proposed amended complaint (Doc. 47-2) as the Amended Complaint filed as of the date of this Order.

2. To expedite the service of process in this case and conserve judicial resources, the Court will request waiver of service of process via electronic service in a separate order for Defendant Ricky Dixon, Secretary of the FDOC.[2]

---

[2] If the FDOC does not waive service of process on behalf of Dixon, Plaintiff may request the Court to order the United States Marshal to perfect service of process. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").

3. Within **60 days** of the date of this Order, Defendants Centurion and Espino must respond to the Amended Complaint.

4. Defendant Centurion's Motion to Dismiss (Doc. 35) and Defendant Espino's Motion to Dismiss (Doc. 44) are **DENIED as moot**.

5. Plaintiff's motion to comply with Florida's presuit conditions for filing a medical malpractice claim (Doc. 48) and Plaintiff's motion for expert testimony and stay of litigation (Doc. 50) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of July 2024.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
C: Timothy Alan Connell, #T11890
   Counsel of record