UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAY 13 2024

Timothy Alan Connell FDOC# T11890
          Plaintiff                    HON. Brian J. Davis
                                 HON. Mag Judge Joel B. Toomey
Vs.                        Case NO - 3:23-CV-152-BJD-JBT
FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY; RICKY DIXON & MARK INCH, OFFICIAL &
~~[struck out]~~, INDIVIDUAL CAPACITY.
~~[struck out]~~,
CENTURION OF FLORIDA, LLC, Sued in official & Individual capacity;
GONZALO ESPINO, M.D., Sued in Individual Capacity; Official capasity
~~[struck out]~~
Office of Health Services "Utilization Management Review Board"
  Sued in official and Individual capacities. etal. Medical Director(s)
John Do.e(s)  Defendant(s)

AMERICANS WITH DISABILITY ACT 42 U.S.C § 12101 et seq.
AMENDED CIVIL RIGHTS COMPLAINT
42 U.S.C.S. §1983 PRISONERS COMPLAINT
JURY TRIAL DEMANDED
42 U.S.C. § 12132 et seq.
"FLORIDA MEDICAL MALPRACTICE ACT ££766.101-.316 Fla. Stat.

I. PLAINTIFF: Timothy Alan Connell FDOC# T11890
     ADDRESS: FLORIDA STATE PRISON
               POST OFFICE BOX 800
               Raiford, Florida 32083

AMENDED SUPPLEMENTAL COMPLAINT
I, Timothy Alan Connell, hereby declares that the following is
true and correct Sworn under penalties of perjury section
28 U.S.C. § 1746,
                    /S/ Timothy Alan Connell # T11890
                          Timothy Alan Connell

JURY TRIAL DEMANDED
1 OF 26

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Timothy Alan Connell,
        Plaintiff

                                CASE NO.: 3:23-CV-00152-BJD-JBT
V.                                      4:22-CV-00432-AM-MJF
                                2022-CA-000796 Second Judicial Circuit
                                                 Leon County, Tallahassee, FL.

FLORIDA DEP'T OF CORRECTIONS SECRETARY RICKY DIXON
CENTURION OF FLORIDA, LLC.,
GONZALAS ESPINO, M.D.,
UTILIZATION MANAGEMENT REVIEW BOARD.; et al.,
        Defendant(s)

## PLAINTIFF'S FIRST AMENDED COMPLAINT
### SUPPLEMENTAL COMPLAINT

§ 1746, F.S. I declare said is true and correct @penalty of purjury

        Timothy A. Connell   FDOC # T11890

I. PARTIES

Plaintiff: Timothy Alan Connell, FDOC # T11890
Address:   FLORIDA STATE PRISON
                Post Office Box 800
                Raiford, Florida 32083

II. Defendant(s)
    1) FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY RICKY DIXON
Address: 501 South Calhoun Street.   Mark S. INCh,
                Tallahassee, Florida 32202
Official Position: "Secretary FDOC"
☑ Official Capacity   ☑ Individual Capacity.
        Sued in Official & Individual Capacities.

2 OF 26

2. Defendant: CENTURION OF FLORIDA, LLC.
   Official Position: Private Contractors Vendors to Provide Medical care.
   Address: 1203 Governors Square Blvd. Suite 600
            Tallahassee, Florida 32301
   Defendants are sued in:
   ☑ Official   ☑ Individual Capacities

3. Defendant: Gonzalas Espino, M.D.,
   Official Postion: Former Site Medical Director FSP
   Address: (Provided under seal in Camera)
   Defendants are sued in Official & Individual Capacities.
   ☑ Official   ☑ Individual Capacities

## II. BASIS for JURISDICTION

Under 42 U.S.C. §1983, You may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [Federal Laws]" 42. U.S.C. §1983. If you are suing under Section 1983, What Federal Constitutional or statutory rights(s) do you claim is/are being violated by state or local official(s)? * See Attached Pages Claims for Belief/Cause of Actions *.

3 OF 26

<u>VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</u>
## <u>JURY TRIAL DEMANDED</u>
### <u>I. Introduction</u>

1. This is a §1983 action filed by Plaintiff Timothy Alan Connell, a state prisoner, alleging violation of his constitutional rights to receive medical care and seeking injunctive relief and money damages. Plaintiff also seeks an injunction and damages pursuant to the Americans with Disabilities Act and the Rehabilitation Act. § 12101-12132 et seq, Plaintiff alleges state Constitutional claims of negligence & malpractice, deliberate indifference.

### <u>II. Jurisdiction</u>

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States; and Federal Statues, treaties, Florida Administrative Code, Florida Constitution;

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the united States.

4. Jurisdiction of this court is invoked pursuant to 42 U.S.C. § 12101 et seq. and 29 U.S.C. § 794 the Federal American with Disabilities Act & Section 504 of The Rehabilitation Act and 42 U.S.C. § 12132, due to plaintiff is disabled with hearing impairment & mentally ill.

5. The Court has supplemental jurisdiction over the Plaintiffs state law claims under 28 U.S.C. §1367 of medical malpractice. § 766 Florida Statutes State Medical Malpractice Negligence Claims, violations of Florida Administrative code Rule chapter 33 et seq, and Florida Constitution, Federal & State Constitutional rights is invoked and petitioner request entitlement to relief.

## STATEMENT OF CLAIMS  CAUSE OF ACTION
### CLAIMS FOR RELIEF

__Count I.__   DOCTOR GONZALO ESPINO, M.D., FLORIDA STATE PRISON SITE
MEDICAL DIRECTOR WAS DELIBERATE INDIFFERENT TO PLAINTIFF
SERIOUS MEDICAL NEEDS IN VIOLATION OF THE FEDERAL EIGHTH Amend.
UNITED STATES CONSTITUTION  CRUEL AND UNUSUAL PUNISHMENT
CLAUSE WHICH HIS ACTS & OMISSIONS CAUSED AND
SUBJECTED PLAINTIFF TO THE UNNECESSARY WANTON INFLICTION
OF PAIN, SHOCKING THE CONCIOUS AND DEPARTING FROM
EVOLVING STANDARDS OF DECENCY THAT MARK THE PROGRESS
OF A MATURING SOCIETY", WHICH VIOLATES CONTEMPORARY
STANDARDS OF DECENCY, WHEN HE RECKLESSLY KNOWS OF
AND DISREGARDS AN EXCESSIVE RISK TO PLAINTIFF HEALTH & SAFETY.

## STATEMENT OF FACTS:

### "Grounds" of his "entitlement to relief"

1. On JULY 29th, 2019 @ 4:00 AM  Plaintiff received · was caused and
subjected to a serious medical condition of a Traumatic-
ruptured- Perforated ear drum while he was Punched in ear.

2. Plaintiff was seen, assessed and evaluated @ Dade C.I.
by a RN Nurse in Emergency Room @ 7-29-2019 @: time
injury assessed by medical 1820, by Chief Health officer, medical
Doctor. F. Papillion, Whom documented Verbatum:
Description of injury:
   (L) TM Puffy Red — No active bleeding seen.
      SEE EXHIBIT ADIA

3. And Further Documented on Chronological Record of Health care @
1840 · S/ Patient Whom had incident with security where
he received a blow upon exame the Tm is puffy Red bleeding
seen, prescribe Amoxicillin for prevention of ear infection
Follow up care.      SEE EXHIBIT ADIB

4. After Antibiotic Cycle Plaintiff felt no improvement, exsperiencing Pain and ringing in ear and signed up for sick call on 8-27-2019 and was seen by A. Kennedy, LPN Dade C.I. whom documented Chief Complaint "My Ⓛ ear drum is busted, I can't hear out of it" see EXHIBIT A01A inwhich plaintiff was refered to Physician L. Ginart, M.D.

5. On 09-04-2019 @ 1200 Plaintiff was seen, assessed and evaluated by C. Ferrer, LPN and L. Ginart, M.D., Dade C.I. whom documented Verbatum:

Ⓢ     36 Y/O male with c/c of left ear pain after altercation where he received a blow, after an Antibiotic cycle he does not feel improvement and ↙ hearing

Ⓞ     General Alert,       ear at normal no swelling, Left ear drum Perforated

Ⓐ     Left ear drum Possible Perforated Post trauma Otalgia

Ⓟ     ENT Referal. See DCX702.
                    SEE EXHIBIT A01C

6. Due to Doctor L. Ginart, M.D. Assessment, Evaluation inwhich upon examination he found Plaintiffs ear perforated and Prescribed a refferal / Consultation to ENT (Ear Nose Throat) Sporialist for evalution by a exspert qualified to exercise sound judgments, and provide treatment.
                    SEE EXHIBIT A01D

7. Befor Plaintiff Could be Seen by (ENT) he was subsequently transfered to FLORIDA STATE prison 'FSP' on 9-25-2019.

8. Upon arrival at 'FSP' Plaintiff was continuously exsperiencing timitus in left ear and Pain and signed up for sick call a couple times and when not seen submitted a "medical Grievance". (SEE EXHIBIT Grievance log #1910-205-160) Filed on october 21, 2019.

9. Plaintiff was summoned to medical Department on or around 10-23-2019. Upon arrival Defendant FLORIDA STATE PRISON SITE medical Director Gonzalo Espino, M.D., was acting aggitated and quickly looked in both ears and sarcastically stated "Nothing is wrong with you, Get out Your done!" "Officer get him out he's done", befor Plaintiff turned around he quickly asked Espino, "Can I ask you some questions?" Defendant Espino, smartly stated "You don't ask questions, I ask all the questions get out your done" "And Stop hasseling the the medical Department and filing grievances nothing is wrong with you.".

10. On or around 10-23-2019 Defendant Espino, M.D., reviewed Plaintiff's medical records of Exhibit A01A, A01B, A01C, And A01D, and had direct knowledge of the documented Assessment of Injuries of ruptured-Perforated Tympanic membrane and disregarded an excessive risk to Plaintiff's health or Safety... when he acted recklessly when upon exam he seen same injury present ignored and falsified documents, records, and reports and fictisously documented "D/C" (Discontinue) he wrote real big on "EXHIBIT A01D" no drum Perforation. Both ear drums intact. He further documented that Plaintiff would squeeze his nose with his fingers and blow air out of his ear.... Which is direct knowledge of risk of harm. Which he infered that Plaintiff's ear drum was perforated due to Obviousness of only way air can be blew out of ear, a hole has to be present.

11. Defendant Gonzalo Espino, M.D., had "subjective" knowledge
    of Plaintiff serious medical condition, and Espino failed
    to act to remedy it by failing to take further steps, Espino
    was "deliberate indifference" to a substantial risk of harm
    to Plaintiff when he was subjectively aware that plaintiff
    faces such a risk and disregards that risk by failing to take
    reasonable measures to abate the risk; e.g., discontinuing E.N.T.
    referral preventing intentionally access to qualified personnel.

12. Defendant Espino, M.D., denied Plaintiff the basic human necessities
    such as medical care when he was subjectively aware and was
    deliberate indifferent to a substantial risk of serious harm to
    Plaintiff serious medical needs violates the cruel and unusual punishments
    clause of the Federal Constitution's Eighth Amendment, when Espino
    was subjectively aware that plaintiff faced such a risk - Espino not
    only being aware of facts from which an inference of such a risk
    could be drawn (such as Exhibits A01A, B, C., D.) chronological records
    of Health Care Records in which one can make an inference that
    plaintiff has a traumatic ear injury, Espino having subjective
    knowledge via medical records, sick calls, grievances filed
    and additionally if allegily Plaintiff squeezed nose with
    fingers and blew 'air' out of his ear than also drawing
    that inference - and disregarded that risk by failing to take
    reasonable measures to abate the risk; a reasonable jury, fact
    finder could conclude that Espino was subjectively aware
    of Plaintiffs perforated ear drum when Espino knew of a substantial
    risk from the very fact that the risk was (obvious); which plaintiff
    has presented evidence via medical records exhibits that a
    substantial risk of harm serious medical condition was present
    and defendant exposed to information concerning the risk (medical condition)
    and thus must have known about the risk; then such evidence
    evidence may be sufficient to permit a trier of fact to find
    that the official had actual knowledge of the risk; the obviousness
    of a risk is not conclusive, and the officials may show

that the obvious escaped them, but Espiro may not escape liability if the evidence shows that they merely refused to verify underlying facts that they strongly suspected to be true or declined to confirm inferences of risk that the strongly suspected to exist, via delaying access to ENT specialist qualified to exercise such judgment whether necessary treatment was needed by Discontinuation.

13. Defendant Espino, M.D., intentionally interfered with treatment once prescribed by; F. Papillion, M.D.; L.Ginart, M.D.; whom both diagnosed tranmatic -ruptured- perforated Tympanic membrane and referred Plaintiff to ENT and Espino, M.D., interfered with specialized care such as ENT personnell qualified to exercise such judgment about plaintiff's ear ailiment. Defendant Espino, M.D., simply lacked medical qualifications upon information/belief; or training; and Espino denied access to medical personnel with the necessary specialized expertise, to provide surgery etc.

14. Defendant Espino, M.D., was "deliberate indifference" by also failure to inquire into essential facts that are necessary to make a professional judgment such as when he discontinued ("D/C") ENT consultation/refferal, and failed and interference with medical judgment by factors unrelated to plaintiff medical needs, such Espino denied to send plaintiff to a facilities and procedures that do not allow for proper diagnosis and treatment

15. Plaintiff continued to exsperience pain, tinnitus and ear became inffected. Plaintiff repeatedly, on numerous, several different occasions signed up for sick call, submitted "medical Grievances" making Defendant Espino aware of facts and Defendant Espino consistontly, redundantly continued to ignore plaintiff's serious medical condition and continued to denire, delay access to ENT specialist for no penological reason which caused unnecessary pain, suffering, infections.

CLAIMS FOR RELIEF - CAUSE OF ACTION

NAME OF EACH DEFENDANT AND HIS JOB TITLE AND DUTIES,
WITH CITATION TO ANY STATUTES, RULES, OR POLICY DIRECTIVES
EXPLAINING THOSE DUTIES.

DEFENDANT(S)

1. FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY: RICKY DIXION;
A Sub Division - Arm of the State is a department of state or
local Government. Secretary Ricky Dixion is the head of the
Department of Corrections (1) and As Secretary FDOC has a
legal duty owed by Defendant FDOC Secretary to Plaintiff
Timothy Alan Connell, FDOC # T11890, duty of Care, Safe
Keeping and to insure - Provide adequate medical care,
Provide funding for any medical treatment, (2) Secretary
Ricky Dixion Breached of that duty by defendant Dixion adoption
of said Policy, Custom, Practice of Final-Policy Making authority
of implementing, Promulgating adoption of "Utilization-
Management Review Board" for Consultations / referals to
Surgery and Specialists Care Such as Ear, Nose, throat
Specialist which Review Board delayed evaluation, treatment,
assesment for (3) Years causing several ear infections,
tinnatis, life - handicap of deafness in left ear as a
direct and Proximate cause of delay- Care - treatment
which Plaintiff is entitled to Said Relief.

2. Defendant CENTURION OF FLORIDA, LLC., are Private Contractors hired
by and through the State of Florida, Sub-division - Arm of
the State (1) and as Private Contractors who Provide medical
care for prisoners Such as plaintiff Timothy Alan Connell owed:
(1) a legal duty owed to Plaintiff which is to provide
adequate - medical Care without sale or delay, (2)
they Breached this duty of medical care by denying Consultations
referals to Ear Specialist by and through "adoption" of

a utilization review mechanism for specialist consultation and surgery approval that utilizes a contractual vendor whose goal, in practice, was to limit care as much as possible. Although, on information and belief, it is known medically that assesement, evaluation, to an (ENT) Ear Specialist was is the prevailing standard of due care owed to plaintiff, inwhich from 09-04-2019 Through 4-25-2022 "several" referal(s)/consultations to (ENT) by and through policy, custom, practice by Defendants Secretary Ricky Dixion and CENTURION OF FLORIDA, LLC. "adoption of a utilization review mechanism for specialist consultation and surgery approval which persistantly, consistantly-denied-disapproved and returned referals/consultations was the direct and proximate cause of pain, suffering, and permanant injuries, pain, suffering, tortue; mental & Emotional injuries, PTSD, Trauma etc.

3.  CENTURION OF Florida, LLC,, adoption of "Utilization Management review Board Mechanism" policy, custom of having ENT consultations/referals reviewed by Board for approval for surgery intervention, Said policy, custom, practice Promulgated was the "Moving force" which caused undue delay, unnecessary wanton infliction of pain, suffering spanning nearly (4) years, by their consistant, long-spread, long standing delay-denials, veturned consultations was the cause of Plaintiff experiencing (X6) 6 different ear infections, tinnitus, and pain, suffering and ultilmately hearing lost.

## A.   FACTUAL ALLEGATIONS SYNOPSIS

1. Centurion of Florida, LLC., ("Centurion") provides medical services, including physicians and other health-care professionals, at Florida state prison and within the Florida department of corrections ("FDOC") under contract with "FDOC", @ Dade C.I. and throughout.

2. Upon information and/or belief, the obligations under this contract are not assignable. Centurion, however, did contract with several doctors including defendant(s) Gonzalas Espino, M.D., FSP Site Medical Director and physician assistant C. Ibe, who had immediate treating responsibility for plaintiff Timothy Alan Connell, FDOC # T11890, additionally, F. Papillion, M.D., @ Dade C.I., L. Ginart, M.D., etal, during the events described in this Amended Complaint, who Defendant 'FDOC' secretary Mark S. Inch; Ricky Dixion in official capacity contracted and supervised the physicians. Whom had final policy making authority under color of state law; whom promulgated said policy, custom of "utilization management."

3. Plaintiff Timothy Alan Connell, FDOC # T11890 while housed in the sole and exclusive custody within the "FDOC"; defendants Mark S. Inch in 2019 — and presently Ricky Dixion took over as secretary FDOC shortly thereafter owed a duty of care to provide and fund 'FSP'-'FDOC' funds to insure/provide plaintiff with proper adequate medical care for his serious medical needs; breached said contract which defendants 'FDOC' "Centurion" promulgated, adopted an utilization management mechanism, contracted with a private vendor to provide specialist care such as (ENT) Ear specialist personnell qualified to exercise prevailing standard of due care, in which said policy, custom was to have referrals/consultations for specialist care and approval for interventive necessary surgery said consultations

Submitted by Physicians L. Ginart, M.D., Dade C.I., 09-04-2019, and FSP physician assistant C. Ibe, Collins, west, etal., Weve persistantly-consistantly, continuesly denied, disapproved returned for Alternative treatment by final - policy makers, Such as John Doe's, "Centurion" and/or "FDOC": Secretary Mark S. Inch; Ricky Dixion spanning from September 2019, until finally approval to ENT on or around 4-25-2022 @ RMC which delay in approval to see ENT Caused plaintiff Timothy Alan Connell, subjected him to the wanton unnecessary infliction of pain, and their decisions of a less effecius course of treatment.

4. Finnally, after several-nearly (4) year delay-denial of consultations/referals to ENT By FDOC & CENTURION plaintiff was allowed to have surgery done on his ear, after surgry surgeon left gauve in ear, and ordered removal of sutures within (14) days to return to ENT specialist Iman Naseri, M.D. plaintiff was again delayed for (4) four months to see ENT to remove gauve and sutures, which cause pain, bleeding, headaches and vertigo issues, dizzy ness. this took place 10-23-23 surgry and he did not see ENT until (4) months later.

5. Again Centurion & FDOC promulgation of policy, custom of approval to ENT via "utilization Review Board was the "moving force behind his delay-denial of removal of sutures and gauve out of ear after surgery which is cursory, incompetent, inadequate care which consistutes deliberate indifference to plaintiff's serious medical needs.

"A Short and Plain Statement of the Claim showing that the Pleader is entitled to relief"

STATEMENT OF CLAIMS • CLAIMS FOR RELIEF • CAUSE OF ACTION

COUNT 1. DEFENDANT CENTURION OF FLORIDA, LLC.,
Deliberate Indifference to Plaintiffs Serious Medical needs by Failure to treat; delay in treatment; via Policy, Custom, Practice of Adoption a "Utilization review Mechanism for specialist Consultation and Surgery approval that used a Contractual vendor whose goal, in practice, was to limit care as much as possible"; their acts & omissions caused and subjected plaintiff Timothy Alan Connell DC# T11890 to the 'unnecessary and wanton infliction of pain'... proscribed by the Eighth Amendment to the Federal UNITED STATES CONSTITUTION, Laws & Treaties of the U.S., which delay; failure to treat derived from corporate policy, custom, practice, and acts & omissions of it's contractual agreement & acts & omissions of it's employees done by and through corporate policy when they continueously and redundantly, and persistantly denied, returned, E.N.T. refferals consultations returning them for no medical and or penological purpose, acting recklessly, wanton, intentional, willfully which subjected and caused 'unnecessary and wanton infliction of pain, suffering, which placed plaintiff in a serious risk zone of harm which did exacerbate already ruptured eardrum, by delay caused several ear infections, tinnitus, pain and suffering, shocking the conscience, departing from prudent professional practices, which were a direct cause of proximate but for caused and subjected plaintiff to a life handicap of hearing loss in direct violation of the 'cruel and unusual punishments clause' of the Eighth Amendment, thus plaintiff request as entitlement to said relief.

14 OF 26

COUNT 2   DELIBERATE INDIFFERENCE TO PLAINTIFFS
SERIOUS MEDICAL NEEDS Violated U.S. Const.
Eighth Amendment Constitutes the unnecessary and
I. wanton infliction of pain."

STATEMENT OF FACT(S):

2. Defendants CENTURION OF FLORIDA, LLC, adoption of; "utilization Management
Review Mechanisem"; policy, custom, practice; usage Board;
which Respondeat superior & Failure to train and approval/
disapproval of return of consultations; delay in treatment; delay undue;
interference by delay was willful, intentional; wanton "negligent —
deliberate indifference" was the moving force behind failure to
provide access to personell such as ENT specialist (the standard
of due care owed to plaintiff was the "actual and proximate
cause of his injuries; said delay in seeing qualified specialist
when can treat, acess; make a sound judgement
to said recommended surgery was delayed (4)
years for no penological purpose — non-medical reasons).
Defendants Centurion" long spread; "long-standing"; persistant;
consistant;" "widespread" was the moving force of
said constitutional violation of failure to treat in
which due delay caussed; failure to treat; was the
"actual and proximate cause" of his injuries, which
plaintiff was infections of his ear (6) times
in which tennitus; infections caused permanat
damage of hearing lost; nerve damage;
plaintiff is now deaf in left ear due to
assault; battery; infections caused by
Defendant E. Espino; M.D. whom discontinued all
treatment once prescribed by Doctors; and the
prevailing standard of due care.

II. **DEFEN**DANT CENTURION OF FLORIDA, LLC., by and through adoption of "Policy, Custom, Practice," of which Defendants FLORIDA DEPARTMENT OF CORRECTIONS & CENTURION promulgated "& adopted" a utilization review mechanism for Specialist Consultation (such as ENT referal(s)) and Surgery approval that used a contractaal vendor whose goal in practice, was to limit-care as much as possible", was the moving force of his denial-delay of Constitutional rights of adequate Medical care Violated.

## STATEMENT OF FACTUAL BASIS

3  Defendants allege in their motion to dismiss Plaintiffs complaint that it should be dismissed for failure to state a claim against Centurion of Florida, LLC., Which is false. Plaintiff has

Plaintiff has sufficiently stated a viable claim of "delibera indifference" of plaintiffs serious medical needs by toltality of gross care Spanning (4) four Years, Failure to treat; failure to act, and "adoption of a utilization review mechanism (exatly what CENTURION has); utilization Management review board CENTURION promulgated for Specialist Consultations such as (ENT) specialists consultation/referals were Constantly denied and returned by Policy, custom, practice of utilization review mechanism for Specialists Consultations) and Surgery approval that used a Contractaal vendor whose goal (by denial of specialist) returning specialists consultations for alternative treatment, same course of treatment, failure to act on report or information, Refendant Centurion policy, custom, practice of adopted utilization review Board for approval to specialist was "the moving force"

16 OF 26

4. Defendants CENTURION are liable under section 1983, because plaintiff specifically alleged facts in his Complaint (Doc.13) such as Defendants CENTURION has a policy, custom and practice of denying ENT Consultations spanning 2¾ years, by their review utilization review mechanism for approval for surgery Specialist care such as [ENT] caused an Unnecessary delay spanning from first referal Submitted: 09-04-2019 @ Dade C.I., plaintiff points out that several specialist ENT Consults were placed from 09-04-2019 unto 04-25-2022 When Plaintiff was finally aproved by Defendants promulgated policy, custom, practice of utilization review board said "policy, an official Policy, or Custom, was "the Moving force of the Constitutional Violation". See: Sulton V. Wright 265 F. supp. 2d 292, 300-01 (S.D.N.Y. 2003) Chief Medical officer of the prison system could be liable Where he "adopted a utilization review mechanism for specialist consultation and surgery approval that used a contractual vender whose goal in practice, was to limit-care as much as possible."

5. In order to hold CENTURION liable under section 1983, Plaintiff MUST allege that "the moving force of the constitutional violation" was an official policy or custom).

6. Plaintiff has alleged Such in his Complaint (DOC.13) facts that plaintiff alleged and has demonstrated and Shown that: (1) plaintiffs constitutional rights were violated by CENTURION's policy, custom of utilization review mechanism board which by continuosly denying referals

7.   Specialist Consultations to ENT submitted to CENTURIONS utilization review board for approval their widespread, long-standing, persistant delays, denials, returned for alternative treatment Plan said acts & omissions caused unnecessary wanton infliction of pain, suffering, several ear infection(s) causing tinnitus and ultimately nerve damage and hearing loss and a permanant life handicap of hearing impaired caused by unnecessary delay of treating his serious medical needs, which due to delay, failure to treat exacerbated medical condition permant damage. Plaintiff asserted in his complaint that he had a serious medical condition; ruptured - perforated Tympanic membrane in which Defendants CENTURION was aware and had actual knowledge through reports, documents, medical records, several sick-calls, Informal, Formal Grievances, NOTICE OF INTENTS filed, Defendants CENTURION was "deliberate indifferent" to plaintiffs serious Medical needs such as access to a qualified expert such as ENT qualified personnell whom could exercise professional Judgment and treatment, evaluations, tests, diagnosis etc. the Consultation(s) referals submitted to Defendants CENTURION utilization review board was continueously denied / disaproved, returned for ATP (alternative treatment plan) by CENTURION's review board policy, custom of review mechanism which was deliberate indifferent to plaintiffs serious medical needs, which by delay caused by Defendants review board policy, custom was the moving force of the constitutional violation which by denials and delays, failure to act,

18 OF 76

Failure to treat caused and subjected plaintiff to the unnecessary wanton infliction of pain, Defendants CENTURION via their promulgated policy, custom of utilization review mechanism constituted deliberate indifference to plaintiffs serious medical needs, plaintiff alleged that said policy, custom adopted by Defendant CENTURION utilization review mechanism by consistant, long-standing -widespread -deeply seattled spanning (3) three years was the proximate cause of the violation of deliberate indifferent to plaintiffs serious medical needs, by said delay caused pain, suffering, infections, tinnitus and ultimately hearing lost. see. Buckner v. Toro, 116 F.3d 450 455 (11th Cir. 1999).

8.  Centurion for adopting said policy, custom can be held liable. ("[T]he Monell policy, or custom, requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provisions of medical care to inmates").

9,  "The policy is a decision that was officially adopted by the Defendant (Centurion) the (government entity) or created by an official of such rank that he or she could be said to be acting on behalf of the government entity]" see. Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489, (11th Cir. 1997) (Citation omitted)

Government liability of Centurion can be shown and demonstrated by their deliberate choice to follow the same course of action of consistantly denying

19 OF 26

ENT specialist consultations made from among various alternatives"
by Defendant Centurion governmental policymakers. see: City of
Canton V. Harris, 489 U.S. 378, 388 (1989).

10. Defendants CENTURION officially adopted policy of adopted
utilization review mechanism which denials, returned
referrals for (3) three years permited a violation of
deliberate indifference to plaintiffs serious medical
needs, said custom or practice of practice that is
so settled and permanent that it took on the force
of law" the denials, returned Consultations to ENT
by Defendants policy, custom was "persistent and
widespread practice" spanning 2019 to 2022. Scott
at F.3d at 489.

11. Plaintiff asserts that Defendant CENTURION adoption
of utilization review mechanism caused a (2)
Year delay to get approved; seen, assessed and
evaluated and surgery repair conducted, the
policy, custom, practice of failure to treat, delay
in seeing qualified personel was the direct causal
link between [its] policy, custom of adopted
utilization review board which (3) year delay
deprived plaintiff of his Constitutional right
to recieve adequate Medical Care for his
serious medical needs, and to be seen, assessed
and evaluated by qualified personnel competent
to exercise sound judgment and treat his condition.
see Snow et. rel. Snow V. City of Citronelle,
420 F.3d 1262, 1271, (11th cir. 2005) (quotation omitted).

A.    DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS CAUSATION & PERSONAL
INVOLVEMENT POLICY & CUSTOM

COUNT III.

·CAUSE OF ACTION·  CLAIMS FOR RELIEF·

1. Defendant Florida Department of Corrections In their Official & Individual capacity Promulgated a Policy & Custom, Practice; of: "adopting a Utilization review Mechanism for Specialist Consultation and Surgery approval that Used a Contractual Vendor such as: Defendant CENTURION OF FLORIDA, LLC; Policy, Custom & Practice of their "UTILIZATION MANAGEMENT REVIEW BOARD" Whose Goal in Practice, was to Limit care as much as Possible", in Which "Several" refferals & Consultations was forwarded to "Utilization Management Regional Medical Directors) Review Board from: 09-04-2019 Untill 4-25-2022 by and through Officials FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY MARK INCH & MR. RICKY DIXION Whom Contracted and entrusted Medical Care to Defendant CENTURION OF FLORIDA, LLC., "FDOC" & "CENTURION" herein after Collectively Set Policy, Write regulations, or give orders May be liable even if they were or not directly involved in enforcing them against Plaintiff.

2. From JULY 29th, 2019 @ 4:00AM Untill 10-23-2023 Plaintiff's refferals and Specialties Consultation(s) was forwarded to SECRETARY FDOC & CENTURION Utilization Management Review Board Whom Continuously, Persistantly, longstanding- Widespread- and Permanently denied, returned for 'ATP': Alternative Treatment Plan for (4) four years+ Which by and through this Prison employees act & omissions Pursuant to Policy, Custom, Practices Pursuant to orders, Policy or regulation, the order-giver or Policymaker may be the only Person who can be liable.

3. A Policy need not be formal or written to serve as the basis for Liability. Evidence of Defendants "FDOC" & "CENTURION" & "Espino", M.D.; Utilization Management Review Board that "implicity authorized, approved, or Knowingly acquiesed" in his or her

Subordinates' actions court support liability.

4. Defendants "Fooc" & "CENTURION" & Espino, M.D. Former Site medical Director's Personal Involvement Can be Shown and held Liable: Via various ways:

(1) the defendant(s) Participated directly in the alleged constitutional violation constituting deliberate indifference to Plaintiffs serious medical needs;

(2) the defendant(s), after being informed of the violation through a report (medical records); Grievances; sick-calls; E-mails, report or appeal(s), failed to remedy the wrong or to take action to abate the deliberate indifference - failure - delay in care.

(3) the defendant(s) created a POLICY, Practice & Custom of "Utilization Management Review Board" under which Fooc & CENTURION, "Adopted a "Utilization review mechanism for Specialist Consultations and Surgery approval that used a contractual vendor whose Goal in Practice, was to limit care as much as Possible via disapproving Consultation(s) for four + years Which by delay- failure to approve Consutations was the "moving force" behind the unnecessary wanton infliction of Pain, Suffering, infections and ultimately Permanant hearing lost. Imrreparable harm, which Policy of "Utilization Management Review Board is unconstitutional which caused delay in receiving necessary treatment, Surgery by 'ENT' Specialist Qualified to exercise professional diagnosis and evaluation & Treatment, Such Policy Satisfies the fault requirement, Such Policy, Custom, Practice Promulgated by Defendant(s) "Fooc", "CENTURION", and ESPINO, M.D., amounted to: "Deliberate indifference".

22 OF 26

(4) the defendant(s) was grossly negligent in supervising subordinates who committed the wrongful acts, or (5);

the defendant(s) "FDOC" & "CENTURION", ESPINO, M.D., Medical Director exhibited deliberate indifference to the rights of Plaintiff by failing to act on information indicating that unconstitutional acts were occurring.

A. DEFENDANT(S) "FDOC" & "CENTURION", ESPINO, M.D. Direct Participation

ADOPTION OF UTILIZATION Review Mechanism causede delay

Utilization management Review Board Mechanism utilized by Defendants FDOC and Centurion collectively policy, Custom of vendor caused delay - failure to treat said policy, Custom of venden Utilization Management which Board consistantly - persistantly denied - delayed referrals to ENT spanning nearly (4) years said custom, policy was the "moving force of law" which caused - Subjected Plaintiff to unnecessary pain, Suffering, ear infections X 6 which was the but for" proximate Cause" which is the Causal link - direct involvement of Defendants Centurion in Individual Official Capacity warranting Damages, see Sulton v. wright.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by Defendant Thomas Woopman Violated ~~adeal~~ plaintiff's rights under the Eighth Amendment to the United States Constitution.

2. Defendant FDOC & CENTURION Acts & omissions and promulgation of "adopting Utilization Management" review board Mechanism" for approval to see ENT specialist Caused and Subjected plaintiff to unnecessary delay by failing to provide adequate medical Care for the plaintiff's Serious Medical needs, Violated plaintiff's and continue to violate the Plaintiff's rights under the Eighth Amendment to the United States Constitution, laws and treaties Of United States.

B. Award Compensatory damages in the following amounts:

1. $5,000,000.00 (Five Million dollars) jointly and Severally against Defendants Florida Dep't of Corrections Mark S. Inch, Rick Dixion for the physical assault and injuries of physical pain Permanent hearing lost and emotional injuries Sustained as a result of the Plaintiffs beating, denial - delay in medical Care.

2. 5,000,000,000.⁰⁰ (Five million dollars) jointly and severally against Doctor Gonzalas Espino, M.D, and whom ever else is leable under law for the Physical and Emotional injuries resulting from their failure to provide adequate Medical care to plaintiff.

3. (Provide Services, equipment suchas hearing aid ADA)

C. Award Punitive Damages in the following amounts:

1. 10 million dollars against FDOC

2. 10 million dollars against CENTURION OF FLORIDA, LLC,

3. 10 million dollars against Doctor Gonzalas Espino, M.D.

D. Grant Such Other relief as it may appear that the plaintiff is entitled.

Date: May 10ᵗʰ, 2024

Respectfully submitted: Timothy Alan Connell
                        Timothy Alan Connell
                        Florida State Prison
                        Post office Box 800
                        Raiford, Florida 32083

I declare or certify, verify or state under penalty of purjury 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed signed on May 10th, 2024.

Timothy Alan Connell
Timothy Alan Connell
Florida State prison
Post office Box 800
Raiford, Florida 32083

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAY 1 3 2024

Timothy Alan Connell, FDOC # T11890
    Plaintiff                 1:21-CV-24136 AMC
           Case No.: 3:23-CV-00152-BJD-JBT
V.          Related Case: 9:22-CV-00432-AM-MJF
        Case No.: State 2nd 2022 CA 000796
               Judicial Tallahassee, Fla.
FLORIDA DEPARTMENT OF CORRECTIONS, ~~Utilization the processes~~
CENTURION OF FLORIDA, LLC.,
Gonzalo Espino., M.P., et al., OFFICE OF Health services;
    Defendant(s)         sued in Individual & OFFICIAL
                           Capacities.
ALL Defendants sued in OFFICIAL & Individual capacity.

<u>REQUEST PERMISSION TO AMEND COMPLAINT</u> Supplemental complaint
Add on. <u>PLAINTIFF REQUEST LEAVE TO AMEND COMPLAINT</u>
       <u>INCORPORATED MEMORANDUM OF LAW IN SUPPORT</u>
28 U.S.C. § 1746 I declare this is true and correct.;

    Plaintiff pro se, Timothy Alan Connell respectfully requests permission
to leave to Amend complaint and to accept Amended complaint
due to errors in correct spelling of names of entities, defendants
added and substracked, accurrate up to date Amended
Complaint needed due to almost 2 years elapsed and there
has been ongoing new developements and to add additional
factual allegations necessary pursuant to pleading require
ments, pre-suit notice of intent etc. presuit requirement(s)
§ 766. Fla Stat. MEMORANDUM OF LAW IN SUPPORT:

    Plaintiff request permission to Amend complaint. The rule
say's "[t]he court should freely give leave when justice
requiring" see Rule 15(a)(2), Fed.R.Civ.P. and the courts
have said that means leave to amend should be granted unless
there is some good reason like " undue delay; bad faith or dilatory

1 OF 4

<u>2 OF</u>

motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the Amendment, futility of amendment. etc." See: Foman V. Davis, 371 U.S. 178, 82-83, 83 S. Ct. 227 (1962); accord, Interroyal Corp., V. Sponseller, 889 F. 2d 108, 112 (6th Cir. 1990); Allen V. Ronan, 764 F. Supp. 738, 740 (D. Conn. 1991) <u>(complaint with conclusory allegations as to civil rights violations and conspiracy was dismissed without prejudice to amend with proper factual allegations)</u>.

Plaintiff contends that he wishes to add defendant Florida Dept of Corrections whom is liable for policy, custom, of adoption of policy of utilization review mechanism which was the moving force of deliberate indifference to plaintiffs serious medical needs; said review board (delayed) access to ENT specialist (2) three years due to corporate promulgated policy, additionally Amendment is necessary to provide further factual allegations due to pleading requirements of specific facts to cross the threshold of plausible and to bring court up to date on surgery, results, findings, recomendations, such as Defendants Utilization Management review mechanism which Contractual ~~rendered~~ Whose goal was to limit-care as much as possible, (chief Health officer whom adopted said "policy, custume", usage, & whom may be held liable is final policy rule making authority those whom has final say in aprovals to referals and consultations in which Defendant's CENTURION OF FLORIDA, LLC, promulgated said policy, custom

Which several [ENT] consults was submitted a
(1) Dade C.I. @ 09-04-2019, Plaintiff ruptured,
left perforated tympantee membrane seen,
evaluated & assesed by L. Ginart, M.D.,
whom upon looking in left ear obbserved
what to appear a ruptured Tympanic membrane
also when injury accurred on 07-29-2019
@ 4:00 Am aproximately when he was phsycally
assulted resulting in ruptured-perforated
left tympantee Manbrane which caused internal
bleeding, upon arrival to Florida State Prison
Plaintiff was not allowed to attend follow up
x14 days @ Dude C.I,

Upon arrival FSP Plaintiff still eksperienced tinnitus,
pain, headaches, ear aches; dizzyness; nevue damage,
numbness in finger tips of left fingers and behind
rib cage on left side,

Plaintiff submited sick-call and initiated the grievance
process inwhich plaintiff submitted "Medical Grievance"
to which Defendant Gonzalo Espino, M.D., was the site
Medical Director FSP upon Doctors visit ER Room,
10-23-2019, Defendant was aggitated hostile towards
plaintiff being Rude quickly looked in both ears and
simply stated "Nothing is wrong with you", get out
he's done officer... and stop hassaling the medical Dep't and
filing grievances? qoute-unquote... plaintiff attempted
to ask Defendant questions concerning his serious
Medical Condition recieved 07-29-2019 @ 4am inwhich
several CENTURION employee @ Dude Correctional Institute
on 07-29-2019 @ 1820-1840 hours in emergency room

Chief Health Officer Department F. Pipillin, m.o., CHO, seen, assessed & evaluated plaintiff post excessive force by officials Dude C.I. -7-29-2019 after delay in care, plaintiff was seen and Doctor found bleeding in ear and upon exam noted no active bleeding seen left tympanter puffy red with swelling seen, prescribed antibiotics amoxicillian for prevention of ear infection. Plaintiff was given a easier less efficious course of treatment, cursory gross care, denying plaintiff access to personnel qualified to exercise professional judgment, prevailing standard of due care owed to plaintiff for his care, custody and control under color of state law failed in his duty Breached said duty owed of medical care which was the but for Proximate Cause of injuries and entitles plaintiff to damages.

## CERTIFICANT OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was furnished to Clerk of court May 10, 2024 Done and Executed Raiford, Fl.

Respectfully C-C

Timothy A. Connell
Florida State Prison
Post Office Box 800
Raiford, Fl. 32083.

4 of 4